# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO ROJAS and JOSEFINO RAMIREZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKO ZANINOVICH, INC., SUNVIEW VINEYARDS OF CALIFORNIA, INC., and DOES 1 to 20 inclusive,<br><br>Defendants. | CIV-F-09-0705 AWI SMS<br><br>ORDER SETTING A HEARING AND BRIEFING SCHEDULE |

Two groups of plaintiffs, both seeking to represent class actions, are suing Sunview Vineyards on largely the same legal grounds. Sunview, in opposition to a motion for discovery, stated: "Allowing discovery to go forward prior to consolidation and/or appointment of lead counsel would prejudice Sunview, allowing burdensome, unnecessary and duplicative discovery. The multitude of plaintiffs' attorneys and law firms involved in Robles and Doe/Rojas would require Sunview to engage in multiple, duplicative and possible contradictory meet and confer conferences that may have to be repeated once lead counsel is appointed. Sunview therefore respectfully requests that the Court deny Plaintiffs' Motion to Compel early discovery. Sunview further requests that the Court affirmatively stay all discovery pending consolidation of Robles and Doe/Rojas and/or appointment of lead counsel." Civ. Case No. 06-0288, Doc. 59, Opposition, at 1:16-23. The court agrees with Sunview that these issues need to be addressed at

this point.

Fed. R. Civ. Proc. 42(a) states, "If actions before the court involve a common question of law or fact, the court may....(2) consolidate the actions." In the Ninth Circuit, consolidation appears to merge the cases for all purposes. See <u>Huene v. United States</u>, 743 F.2d 703, 705 (9th Cir. 1984). The court seeks the input of the parties as to how consolidation should proceed. Specifically, should the two complaints coexist or should they be merged into a new complaint? The fact that the two groups of plaintiffs are represented by different attorneys will greatly complicate discovery. It is abundantly clear that the plaintiffs will soon seek class certification. Forcing Sunview to respond to two sets of likely duplicative requests is inefficient and problematic. The court seeks the parties' views and legal briefing on how this problem should be resolved. Some possibilities are the appointment of interim class counsel per Fed. R. Civ. Proc. 23(g)(3); straightforward appointment of permanent class counsel per the guidelines of Fed. R. Civ. Proc. 23(g)(2) even in advance of a formal motion for class certification; or an agreement between the plaintiffs' attorneys to join forces in prosecuting the case. To be clear, the court is seeking the parties' views and briefing on how the litigation should be organized. The court will not appoint any lead counsel or oust any attorneys at the hearing on June 29, 2009; briefing by any party on which attorney should represent the class would be unwelcome at this point. The various plaintiffs' attorneys will be given an opportunity to make their case at a later time, contingent on how consolidation and discovery coordination are resolved.

The three parties are invited to file a brief on these issues by 4 PM on May 29, 2009. They are also invited to file a response to other parties' filings by 4 PM on June 17, 2009. On Monday June 29, 2009 at 2:30 PM, the court will hold a hearing on these matters. All discovery is suspended pending the hearing.

IT IS SO ORDERED.

**Dated:**   **May 4, 2009**            /s/ Anthony W. Ishii
                                                       CHIEF UNITED STATES DISTRICT JUDGE