IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO ROJAS, JOSEFINO RAMIREZ, CATALINA ROBLES; JUAN MONTES; BENITO ESPINO; GUILLERMINA PEREZ on behalf of themselves, and all current and former employees, and on behalf of a class of similarly situated employees,<br><br>                    Plaintiffs,<br><br>vs.<br><br>MARKO ZANINOVICH, INC., SUNVIEW VINEYARDS OF CALIFORNIA, INC., et al.,<br><br>                    Defendants.<br>_____ | 1:09-cv-00705-AWI-SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Class Discovery Deadline: 2/14/11<br><br>Merit Discovery Deadline: 5/27/11<br><br>Expert Disclosure Deadline: 2/11/11<br><br>Expert Discovery Deadline: 4/1/11<br><br>Class Certification Filing Deadline: 4/15/11<br><br>Non-Dispositive Motion Filing Deadline: 5/27/11<br><br>Dispositive Motion Filing Deadline: 6/10/11<br><br>Settlement Conference Date: *not applicable at this time*<br><br>Pre-Trial Conference Date: 8/19/11, 8:30am, Ctrm. 2/**AWI**<br><br>Trial Date: 10/4/11, 8:30am, Ctrm. 2/**AWI** (JT ~ 15-20 days) |

    1.    Date of Scheduling Conference:

          February 9, 2010.

2.   Appearances of Counsel:

Stanley S. Mallison, Esq., and Hector R. Martinez, Esq., of Mallison & Martinez, as well as Nicole M. Duckett, Esq., of Milberg, Weiss, Bershad & Schulman, LLP, appeared telephonically on behalf of plaintiffs.

Shannon B. Nakabayashi, Esq., of Morgan, Lewis & Bockius, LLP, appeared telephonically on behalf of defendants.

3.   The Pleadings:

A.   Summary of the Pleadings.

Plaintiffs' Contentions

This is a Class Action pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23 to vindicate rights afforded the Class by the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1801 et seq., the California Labor Code, and California Business and Professions Code §§ 17200, et seq.

This action is brought on behalf of plaintiffs and a Class comprising of non-exempt agricultural workers employed or formerly employed by defendant at defendant's worksites located in and around Kern County.  Plaintiffs also bring an enforcement cause of action pursuant to the California Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698, et seq. ("PAGA"), on behalf of the State of California, on behalf of themselves and other aggrieved employees.

Plaintiffs' PAGA cause of action is a non-class representative action.  This action seeks recovery of wages and penalties due and owing to plaintiffs, the Class, and the State of California under Federal and/or California laws.  At least four

years prior to the filing of this action (formerly *Doe v. D.M. Camp & Sons, et al.*, 1:05-cv-01417-AWI-SMS) and to the present, defendant systematically maintained and enforced against its non-exempt employees, including plaintiffs and Class Members, among others, the following unlawful practices in violation of Federal and California wage and hour laws, including:

a. forcing employees to work pre-shift and post-shift "off the clock" time without compensation;

b. forcing employees to work a second shift of home-work without compensation and without split shift pay or, in the alternative, failing to pay for travel time and incurred expenses;

c. forcing employees to purchase and/or maintain tools and equipment;

d. failing to pay minimum wages;

e. failing to pay double the minimum wage for employees who provide or are required to purchase their own tools;

f. requiring non-exempt employees to work at least five hours without a meal period, and failing to pay such employees one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided;

g. failing to provide employees with accurate itemized wage statements;

h. failing to maintain accurate time-keeping records.

<u>Defendants' Contentions</u>

Defendants generally deny the allegations in plaintiffs' consolidated complaint, and deny that plaintiffs have been injured in any way or in any amount whatsoever.  Defendants'

policies and practices at all times complied and currently comply with all applicable state and federal wage and hour laws and regulations.  Defendants further object to plaintiffs' characterization of this matter as a "class" or "representative" action; assert that class certification is not appropriate, and that the Court should not approve the maintenance of any representative action, and should find that this matter may not proceed as a representative action; and, assert that defendant, Marko Zaninovich, Inc., is not a proper defendant and should be dismissed as it did not employ any of the punitive class members.

B.   Orders Re: Amendment of Pleadings.

No amendments are proposed at this time.

4.   Factual Summary:

A.   Admitted Facts which are deemed proven without further proceedings.

(1)   None summarized in the Joint Scheduling Report (Doc. 25) as required by the court's Order Setting Mandatory Scheduling Conference (Doc. 3), and, specifically, No. 3 of Exhibit "A" attached thereto.

B.   Contested Facts.

(1)   None summarized in the Joint Scheduling Report (Doc. 25) as required by the court's Order Setting Mandatory Scheduling Conference (Doc. 3), and, specifically, No. 3 of Exhibit "A" attached thereto.

5.   Legal Issues:

A.   Uncontested.

(1)   None summarized in the Joint Scheduling Report (Doc. 25) as required by the court's Order Setting Mandatory

Scheduling Conference (Doc. 3), and, specifically, No. 4 of Exhibit "A" attached thereto.

        B.   Contested.

        (1)  None summarized in the Joint Scheduling Report (Doc. 25) as required by the court's Order Setting Mandatory Scheduling Conference (Doc. 3), and, specifically, No. 4 of Exhibit "A" attached thereto.

    6.   Consent to Magistrate Judge Jurisdiction:

This case will not be assigned for all purposes, including trial, to the Honorable Sandra M. Snyder, United States Magistrate Judge, as the parties do not so consent at this time.

    7.   Discovery Plan and Cut-Off Dates:

        A.   Pursuant to F.R.Civ.P.26(b), and except as the court may order after a showing of good cause, the "(p)arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any other party."

        B.   Unless otherwise stipulated between the parties or ordered by the court pursuant to F.R.Civ.P.26(b)(2), discovery shall be limited as follows:

        (1)  <u>Depositions</u>:

        a.  Each side may take no more than ten (10) depositions.

        b.  A deposition shall be limited to one (1) day of seven (7) hours.  F.R.Civ.P.30(d).

        (2)  <u>Interrogatories</u>:

        a.  "(A)ny party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . ."  F.R.Civ.P.33(a).

1          C.   Pursuant to F.R.Civ.P.26(e), the parties shall

2    supplement their disclosures and amend their responses to discovery

3    requests in a timely manner.

4          D.   The parties are ordered to complete all class

5    discovery on or before February 14, 2011, all merit discovery on or

6    before May 27, 2011[1], and all expert discovery on or before April

7    1, 2011.

8          E.   The parties are directed to disclose all expert

9    witnesses, in writing, on or before February 11, 2011.  The written

10   designation of experts shall **be made pursuant to F.R.Civ.P. Rule**

11   **26(a)(2), (A) and (B), and shall include all information required**

12   **thereunder**.  Failure to designate experts in compliance with this

13   Order may result in the court excluding the testimony or other

14   evidence offered through such experts that are not disclosed

15   pursuant to this Order.

16           The provisions of Fed.R.Civ.P. 26(b)(4) and (5)

17   shall apply to all discovery relating to experts and their

18   opinions.  Experts must be fully prepared to be examined on all

19   subjects and opinions included in the designation.  Failure to

20   comply will result in the imposition of sanctions, which may

21   include striking the expert designation and preclusion of expert

22   testimony.

23       8.   Pre-Trial Motion Schedule:

24         All Non-Dispositive Pre-Trial Motions, including any

25   discovery motions, shall be filed on or before May 27, 2011, and

26   _____

27       [1] The Court is mindful of a dispute between the parties regarding conducting merit discovery along with class certification discovery.  Counsel have agreed to meet and confer in earnest before bringing this

28   dispute to the Court, either informally or by noticed motion.

are (customarily) heard on Fridays at 9:30 a.m. in Courtroom No. 7 on the Sixth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge. **NOTE**: It is the policy of Judge Snyder's chambers that a hearing date first be cleared with Courtroom Deputy Harriet Herman at (559) 499-5692 prior to the filing of any non-dispositive motions and supporting documents. Judge Snyder's chambers also requires prompt courtesy copies in excess of 25/50 pages in compliance with **Local Rule 133(f)**. **Counsel must also comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar**.[2]

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144. However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.

Counsel may appear, and argue non-dispositive motions, telephonically, provided a (written) request to so appear is presented to Magistrate Judge Snyder's Courtroom Deputy Harriet Herman (559-499-5692) no later than five (5) court days prior to the noticed hearing date. **ALL Out-of-town counsel are strongly encouraged to appear telephonically via a single conference call to chambers**. If two or more attorneys request to appear telephonically, then it shall be the obligation and responsibility

---

[2] Local Rule 251(a) ~ **revised 12/1/09** ~ requires a joint statement re discovery disagreement be filed seven (7) days before the scheduled hearing date (i.e., the Friday before the customary Friday hearing). Any motion(s) will be dropped from calendar IF the statement is not filed OR timely filed AND courtesy copies of any and all motions, including the 251 stipulation, declarations, and exhibits, properly tabbed, fastened, and clearly identified as a "Courtesy Copy (to avoid inadvertent, duplicative, and/or erroneous filing by court staff), exceeding twenty-five (25) pages pursuant to Local Rule 133(f), are not delivered to the Clerk's Office at 9:00 a.m. on the fourth (4th) FULL day (or Monday) prior to the (customary) hearing (on Friday).

of the moving party(ies) to make prior arrangements for the single conference call with an AT&T operator, IF counsel do not have conference call capabilities on their telephone systems, and to initiate the call to the court.

Class certification motion(s) shall be filed on or before April 15, 2011, and are heard on Mondays at 1:30 p.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.  In scheduling such motions, counsel shall comply with **Local Rules 230 and 260**.

All Dispositive Pre-Trial Motions shall be filed on or before June 10, 2011, and are heard on Mondays at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.  In scheduling such motions, counsel shall comply with **Local Rules 230 and 260**.

### Motions for Summary Judgment or Summary Adjudication

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: (1) avoid filing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit in whole or in part; (3) discuss whether issues can be resolved without the necessity of briefing; (4) narrow the issues for review by the Court; (5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; (6) arrive at a joint statement of undisputed facts.

//

8

1    The moving party shall initiate the meeting and provide a
2    draft of the joint statement of undisputed facts.  In addition to
3    the requirements of Local Rule 260, the moving party shall file a
4    joint statement of undisputed facts.

5    In the notice of motion, the moving party shall certify
6    that the parties have met and conferred as ordered above or set
7    forth a statement of good cause for the failure to meet and confer.

8    9.   Pre-Trial Conference Date:

9    August 19, 2011 at 8:30 a.m. in Courtroom No. 2 on the
10   Eighth Floor before the Honorable Anthony W. Ishii, United States
11   District Judge.

12   Ten (10) days prior to the Pretrial Conference, the
13   parties shall exchange the disclosures required pursuant to
14   F.R.Civ.P. 26(a)(3).

15   The parties are ordered to file a **JOINT Pretrial**
16   **Statement pursuant to Local Rule 281(a)(2)**.  The parties are
17   further ordered to submit a digital copy of their Joint Pretrial
18   Statement in WordPerfect X3[3] format to Judge Ishii's chambers by
19   e-mail to AWIOrders@caed.uscourts.gov.

20   Counsels' attention is directed to **Rules 281 and 282 of**
21   **the Local Rules** of Practice for the Eastern District of California
22   as to the obligations of counsel in preparing for the Pre-Trial
23   Conference.  **The Court will insist upon strict compliance with**
24   **those Rules**.

25   //

26   /

27
28
[3] If WordPerfect X3 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

9

10.   Trial Date:

October 4, 2011 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

A.   This is a jury trial.

B.   Counsels' Estimate of Trial Time:

15-20 days.

C.   Counsels' attention is directed to **Rule 285 of the Local Rules** of Practice for the Eastern District of California.

11.   Settlement Conference:

Should the parties desire a Settlement Conference, they will jointly request one of the Court, and one will be arranged.

12.   Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial:

Defendant believes that discovery should be bifurcated, with the first phase limited to evaluation of plaintiffs' individual claims and class certification issues, and proposes that merits-based discovery regarding non-plaintiff punitive class members be allowed only if a class is certified.

13.   Related Matters Pending:

| CASE NAME | CASE NUMBER | DATE FILED |
| --- | --- | --- |
| Rodriguez v. D.M. Camp & Sons | 1:09-cv-00700-AWI-SMS | 4/20/09 |
| Soto v. Castlerock Farming | 1:09-cv-00701-AWI-SMS | 4/20/09 |
| Munoz v. Giumarra Vineyards | 1:09-cv-00703-AWI-SMS | 4/20/09 |
| Morales v. Stevco, Inc. | 1:09-cv-00704-AWI-SMS | 4/20/09 |
| Rojas v. Marko Zaninovich | 1:09-cv-00705-AWI-SMS | 4/20/09 |
| Rosales v. El Rancho Farms | 1:09-cv-00707-AWI-SMS | 4/20/09 |

//

14.   Compliance with Federal Procedure:

The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.   To aid the Court in the efficient administration of this case, all counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California, and to keep abreast of any amendments thereto (**revised December 1, 2009**).   The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing caseload. Sanctions will be imposed for failure to follow the Rules as provided in both the Fed.R.Civ.P. and the Local Rules.

15.   Compliance with Electronic Filing Requirement:

On January 3, 2005, the United States District Court for the Eastern District of California became an electronic case management/filing district (CM/ECF).   Unless excused by the Court, or by Local Rule, attorneys shall file all documents electronically as of January 3, 2005 in all actions pending before the court. While Pro Se Litigants are exempt from this requirement, the court will scan in all documents filed by pro se litigants, and the official court record in all cases will be electronic.   Attorneys are required to file electronically in pro se cases.   More information regarding the Court's implementation of CM/ECF can be found on the court's web site at www.caed.uscourts.gov, including the Court's Local Rules effective January 3, 2005, and amended December 1, 2009, the CM/ECF Final Procedures, and the CM/ECF User's Manual.

//

1    While the Clerk's Office will not refuse to file a
2 proffered paper document, the Clerk's Office will scan it and, if
3 improperly filed, notify the Court that the document was filed in
4 an improper format.  An order to show cause (OSC) may be issued in
5 appropriate cases regarding an attorney's disregard for the
6 requirement to utilize electronic filing, or other violations of
7 these electronic filing procedures.  See L.R. 110, L.R. 133(d)(3).

8    All counsel must be registered for CM/ECF.  On-line
9 registration is available at www.caed.uscourts.gov.  Once
10 registered, counsel will receive a login and password in
11 approximately one (1) week.  Counsel must be registered to file
12 documents on-line.  See L.R. 135(g).  Counsel are responsible for
13 knowing the rules governing electronic filing in the Eastern
14 District.  Please review the Court's Local Rules effective January
15 3, 2005, and amended December 1, 2009, available on the Court's web
16 site.

17    16.  Effect of this Order:

18    The foregoing Order represents the best estimate of the
19 Court and counsel as to the agenda most suitable to bring this case
20 to resolution.  The trial date reserved is specifically reserved
21 for this case.  If the parties determine at any time that the
22 schedule outlined in this Order cannot be met, counsel are ORDERED
23 to notify the Court *immediately* so that adjustments may be made,
24 either by stipulation or by subsequent status conference.

25    Stipulations extending the deadlines contained herein
26 will not be considered unless accompanied by affidavits or
27 declarations and, where appropriate, attached exhibits which
28 establish good cause for granting the relief requested.

1      **FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE**
2  **IMPOSITION OF SANCTIONS.**
3
4  IT IS SO ORDERED.
5  **Dated:      March 24, 2010**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28