IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO ROJAS, et al,<br><br>             Plaintiffs,<br><br>      v.<br><br>MARKO ZANINOVICH, et al.,<br><br>             Defendants.<br>_____ | Case No.: 1:09-cv-00705 AWI JLT<br><br>ORDER GRANTING STIPULATION TO<br>AMEND SCHEDULING ORDER<br><br>(Doc. 32) |

Before the Court is the parties' stipulation to amend the scheduling order. (Doc. 32) They seek an extension of dates related to expert discovery and the motion for class certification. Id. at 1-2. For the reasons discussed below, the Court **GRANTS** the stipulation to amend the scheduling order.

**I.   The Scheduling Order**

The Court conducted the scheduling conference on March 26, 2010. (Doc. 27) As the parties admit in their stipulation, expert discovery was ordered to be completed on April 1, 2011. Id. at 6. Likewise, they admit that expert disclosure was to occur by February 11, 2011. Id. In the scheduling order, the Court admonished the parties,

> The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall include all information required thereunder**.
> Failure to designate experts in compliance with this Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

Id. Likewise, the Court's order warned,

> The foregoing Order represents the best estimate of the Court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this Order cannot be met, counsel are ORDERED to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

(Doc. 27 at 12)

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608.

In their stipulation the parties report that Plaintiffs have failed to provide expert reports for their four designated experts. (Doc. 32 at 2) As a result, these expert depositions have not yet been taken. Id. This failure is complicated further by the fact that the deadline for Plaintiffs to file their motion for class certification is April 15, 2011. Id. According to the parties, these expert depositions are needed to address the motion for class certification. Id.

In the stipulation, Plaintiffs do not explain their failure to comply with the Scheduling Order. Furthermore, the parties do not outline facts upon which the Court could conclude that they have

exercised diligence in completing the discovery as ordered by the Court and, more notably, do not explain why they waited until after the expert discovery deadline had passed at a time when the class certification deadline is looming, to raise this situation with the Court.[1,2]

Moreover, the proposed amendments to the scheduling order fail to consider the impact on subsequent case dates. For example, if the Court adopts the proposed date for filing the class certification motion–May 16, 2011–there would be insufficient time for the Court to hear and decide the motion before the deadline for filing dispositive motions, on June 10, 2011. Not only would this place a burden on the parties in preparing and opposing any such motion, it would require the Court to consider dispositive motions that would not fully appreciate the matter's correct legal posture. Therefore, the Court declines to amend the discovery period as stipulated.

Given the defects in the stipulation highlighted here, ordinarily the Court would reject it. However, it appears that granting additional time would be valuable to the Court to allow the proper consideration of this case. In doing so, the parties are cautioned that they must comply with the amended schedule and use all diligence to ensure that this occurs. **Moreover, the parties and counsel are admonished that no further amendments to the scheduling order will be permitted absent a showing of exceptional good cause that is supported by facts rather than mere conclusions.**

## ORDER

Based upon the foregoing, the Court **GRANTS** the stipulation and **ORDERS:**

1. Plaintiffs will produce full and complete reports that satisfy all of the requirements of Rule 26 <u>for each of their expert witnesses</u> *to be received by Defendants* not later than April 18, 2011. Plaintiffs' SHALL produce the expert reports via overnight mail unless Defendants agree to a different method of delivery;

---

[1] Though not intended as a criticism, the Court notes also that the stipulation does not explain why Defendants have forborne Plaintiffs' failure to comply with the Scheduling Order and Rule 26, rather than moving to strike Plaintiffs' experts.

[2] In *Hardy v. County of El Dorado*, the Court rejected a motion to extend the discovery cut-off, filed three days before the discovery cut-off, for a lack of diligence. The Court held, "Indeed, requesting the Court to modify the Scheduling Order to extend the discovery cut-off date three days before the deadline does not constitute diligence." *Id.*, 2008 U.S. Dist. LEXIS 75925, at *4 (E.D. Cal. Aug. 29, 2008).

3

2. Plaintiffs SHALL make their expert witnesses available for deposition during the weeks of April 25 and/or May 2, 2011, but in no event shall these deponents be produced later than May 6, 2011;

3. Expert discovery SHALL conclude no later than May 6, 2011;

4. The Motion for Class Certification SHALL be filed no later than May 16, 2011;

5. Defendant's Opposition to Plaintiffs' Motion for Class Certification SHALL be filed no later than June 13, 2011;

6. Plaintiffs' Reply to the Opposition to the Motion for Class Certification, if any, SHALL be filed no later than June 27, 2011;

7. Furthermore, the Scheduling Order SHALL be amended as follows:

   a. Dispositive motions filing deadline:   9/23/2011
   b. Dispositive motions hearing deadline:  11/7/2011
   c. Pretrial conference:                   1/4/2012, 8:30 a.m., Ctrm. 2
   d. Jury Trial:                            3/6/2012, , 8:30 a.m., Ctrm. 2

IT IS SO ORDERED.

Dated:   **April 7, 2011**                              /s/ Jennifer L. Thurston
                                                   UNITED STATES MAGISTRATE JUDGE