IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO ROJAS, et al, | ) Case No.: 1:09-cv-00705 AWI JLT |
| Plaintiffs, | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART STIPULATION TO |
| v. | ) AMEND SCHEDULING ORDER |
| MARKO ZANINOVICH, et al., | ) (Doc. 34) |
| Defendants. | ) |

**I.      Background**

On April 6, 2011, through a stipulation, the parties sought amendment of the scheduling order. (Doc. 32)  At that time, the parties sought: (1) an extension of time for Plaintiffs to produce their experts' reports related to class certification issues, (2) an order requiring Plaintiffs to produce these same experts for deposition on specified dates, (3) an extension of the deadline to "complete expert discovery" to May 6, 2011, (4) an extension to May 16, 2011 for Plaintiffs to file their motion for class certification, and (5) an order setting the dates for filing opposition to the class certification motion and any reply thereto.

When ruling on this stipulation, the Court observed that "the parties do not outline facts upon which the Court could conclude that they have exercised diligence in completing the discovery as ordered by the Court and, more notably, do not explain why they waited until after the expert discovery deadline had passed at a time when the class certification deadline is looming, to raise this

situation with the Court." (Doc. 33 at 2-3) Nevertheless, the Court granted the request to amend the scheduling order. Notably, the Court accepted the parties' requested date to complete "expert discovery" by May 6, 2011. Id. at 4. In the conclusion of the order, the Court noted,

> Given the defects in the stipulation highlighted here, ordinarily the Court would reject it. However, it appears that granting additional time would be valuable to the Court to allow the proper consideration of this case. In doing so, the parties are cautioned that they must comply with the amended schedule and use all diligence to ensure that this occurs. **Moreover, the parties and counsel are admonished that no further amendments to the scheduling order will be permitted absent a showing of exceptional good cause that is supported by facts rather than mere conclusions.**

Id. at 3.

## II.  Current Stipulation

After the Court issued its order regarding the April 6, 2011 stipulation, the parties filed another stipulation on April 18, 2011. (Doc. 34) In this new stipulation, the parties report that in their earlier stipulation they failed to request an extension of time to disclose rebuttal experts[1], that they intended the amendment to the scheduling order to address only experts related to the class certification motion, and that they need an extension of time to complete merits-related discovery.

## III.  Discussion

### A.  Rebuttal Class-related expert discovery

The parties explain that they seek additional time to conduct rebuttal expert discovery related to class certification. (Doc. 34 at 2) The parties stipulate that in making this request, they do not seek any modification of the briefing schedule set by the Court related to the class certification motion. Id. Thus, the parties have stipulated and implicitly concede that they will not complete expert discovery before the filing of the class certification motion. The Court accepts this stipulation and concession. Based thereon and based upon the fact that this request does not impact the schedule set forth on April 7, the request is **GRANTED**.

### B.  Merits-related expert discovery

In the scheduling order issued on March 26, 2010, the Court did not contemplate that expert

---

[1] The Court is somewhat perplexed. The original stipulation specifically sought an extension of "expert discovery." The stipulation reads, "The deadline for the Parties to complete expert discovery shall be continued until May 6, 2011." (Doc. 32 at 2) The Court understood this in its plain meaning that the parties were not contemplating additional class-related expert discovery of any kind, after May 6, 2011. The parties fail to explain their change in position.

2

discovery would be conducted in phases. Instead, the order outlines one disclosure date for "all expert witnesses" and one deadline by which "all expert discovery" would be completed. (Doc. 27 at 6.) Notably, the joint statement prepared for the scheduling conference took a similar tack and set forth only one set of expert disclosure dates. (Doc. 25 at 8)

However, it appears that the parties have agreed informally to conduct expert discovery related to the class certification issues first. (Doc. 34 at 2) Though the parties offer no explanation for this change in methodology, and the Court does not condone this omission, the Court understands that doing this could ease discovery costs. Thus, because the current case schedule set forth on April 7, 2011 is not impacted by this change, the request is **GRANTED**.

### B.     Merits-related discovery

In its April 7, 2011 order, the Court reminded the parties that to modify a scheduling conference order, they are required to demonstrate good cause for the amendment. (Doc. 33 at 2) The parties' April 6, 2011 stipulation failed to meet this burden. Id. at 2-3. As a result, the Court was forced to admonish counsel that it would not again consider a requested amendment to the scheduling order that failed to demonstrate good cause. Id. at 3. Nevertheless, here the parties request an extension of the merits-discovery deadline without providing *any* detail about discovery efforts made thus far, what discovery is still needed to be completed or why it cannot be completed within the time remaining. The parties do not explain why they need more than five months to complete this discovery despite that it has been ongoing for more than a year. (Doc. 27) Finally, the proposed deadline for merits discovery is nearly one month after the deadline for filing dispositive motions and only three weeks before the last day to hear that motion. This is not workable.

In light of the fact that the stipulation fails to demonstrate good cause to amend the scheduling order for merits-related discovery, the request is **DENIED.**

### ORDER

Based upon the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** the stipulation and **ORDERS:**

1. The stipulation regarding rebuttal expert discovery related to class certification issues is **GRANTED;**

1              a.      Defendants **SHALL** disclose any rebuttal experts, related to the class
2                      certification issues, no later than June 1, 2011.  In doing so, Defendants
3                      **SHALL** produce full and complete reports that satisfy all of the requirements
4                      of Rule 26 <u>for each of their rebuttal expert witnesses</u>;
5              b.      Defendants **SHALL** produce their rebuttal expert witnesses, related to class
6                      certification issues, for deposition no later than June 10, 2011;
7              c.      All rebuttal expert discovery related to class certification SHALL conclude no
8                      later than June 10, 2011;
9       2.     The stipulation regarding expert discovery related to merits issues is **GRANTED**;
10             a.      The parties SHALL disclose all merits-related experts no later than September
11                     2, 2011. In doing so, the parties **SHALL** produce full and complete reports
12                     that satisfy all of the requirements of Rule 26 <u>for each of their expert</u>
13                     <u>witnesses</u>;
14             b.      The parties SHALL disclose any rebuttal merits-related expert witnesses no
15                     later than October 3, 2011. In doing so, the parties **SHALL** produce full and
16                     complete reports that satisfy all of the requirements of Rule 26 <u>for each of</u>
17                     <u>their rebuttal expert witnesses</u>;
18      3.     The request to modify the scheduling order related to merits discovery is **DENIED**;
19      4.     Based upon the parties' stipulation, they are authorized to serve their briefs related to
20             the class certification motion, via e-mail provided that the briefs are transmitted no
21             later than 6:00 p.m. on the day they are due.
22
23  IT IS SO ORDERED.
24  Dated:   **April 21, 2011**                              /s/ Jennifer L. Thurston
                                                     UNITED STATES MAGISTRATE JUDGE
25
26
27
28

4