# EXHIBIT 1

## DECLARATION OF GUILLERMINA PEREZ ARREOLA

I, Guillermina Perez Arreola, declare as follows:

1.      I am making this sworn declaration in support of my claims and the claims of my co-workers against Sunview and in support of my qualifications to serve as class representative. I make this declaration based on my own personal knowledge. If called as a witness, I could and would competently testify as to the truth of the matters set forth herein.

2.      I worked as a seasonal field worker in the grapes for Sunview in the years 2001, 2002, 2003, and 2004. I worked in crew number 260. In 2001-2003 my crew boss was Roberto Valdez. In 2004 Mr. Valdez was replaced by Eduardo Para, who became the new crew boss. My husband, my brother, and my brother's wife all worked in crew number 260. I was paid by Sunview on an hourly basis and also provided a modest per box bonus in the harvest. My field work job at Sunview included picking grapes in the "harvest" and doing "pre-harvest" work. My "pre-harvest" work for Sunview included cleaning, tipping, picking up the sides, debudding, and cutting with the scissors. I worked for Sunview in the Arvin, Delano, and Mettler areas, and further out as well.

3.      In the harvest at Sunview we typically worked in three worker teams. A team would consist of a picker, a wheelbarrow operator, and a packer. In my team, I picked clusters of grapes. My husband worked the wheelbarrow, bringing trays of picked grapes to the packing table. The packer worked at the packing table. We would assist each other as needed.

4.      As a class representative I understand I am representing all of my co-workers. I understand it is my duty is to serve the interests of all members of this class, and not just my own personal interests. I have no conflicts of interest that would

975975.1

1  interfere with my duty to serve the entire class. I understand the alleged remedial period
2  in this class action lawsuit extends from November 2001 through the present. I
3  understand this class action lawsuit involves all field workers employed by Sunview for
4  any amount of time during the remedial period. I have spent significant time working
5  with the attorneys in this case. I have provided requested information and documents,
6  and have had my deposition taken. I am willing to spend future time with the attorneys
7  to do what may be required of me on behalf of the class of workers.

8

9      5.      While employed by Sunview, myself and the members of crew 260 daily
10  performed off-the-clock work in the "harvest' before the official start time of our shifts.
11  We were not compensated for this unrecorded work time. In the 2001, 2002, and 2003
12  "harvest" seasons we were required by crew boss Roberto Valdez to arrive at the jobsite
13  30 minutes before the official start time. When we got to the jobsite, we prepared the
14  work area by gathering boxes and bags from where they were stacked and bringing them
15  close to the packing table. Other preparation work included setting up the packing tables
16  and placing labels on boxes. All of this preparation work was accomplished by all
17  members of the crew before the official start time. Additionally, we were daily required
18  by the foreman to attend school before the official start time. We knew we were not paid
19  for this pre-shift work time because our pay check receipts did not show this time in the
20  hours of work there listed.

21

22      6.      While I worked at Sunview, myself and members of my crew were
23  required to bring home plastic picking trays in order to clean them. Twelve picking
24  trays were assigned to each packing table (i.e. four trays for each team member). I
25  would daily clean mine and my husband's picking trays (i.e. eight trays) at home. It
26  took me 20 minutes every workday to clean the picking trays at home. Myself and my
27  crew members were not paid by Sunview for the time spent washing the plastic picking
28  trays at home.

7.     In 2004 there was a change in practices in crew number 260, after Eduardo Parra became the crew boss. Under the new crew boss, we were no longer required to perform any work before the official start time. Further, school would start at or just prior to the official start time under crew boss Eduardo Perra. Futher, at this time Sunview began facilitating tray cleaning in the fields during the workday, so that nobody took their trays home any longer.

8.     While employed by Sunview, myself and the crew members were required to purchase tools needed for the job on our own without reimbursement. I bought my own picking scissors ("snips") and gloves. I bought about eight (8) pair of picking scissors during the years I worked with Sunview. I bought my own gloves. Gloves were needed to accomplish the tipping and the picking. Everybody in the crew wore gloves. Everybody in the crew bought their own gloves. Everybody in the crew bought their own snips. These items were never provided by Sunview. We were never reimbursed for these items.

9.     Sunview failed to pay myself and the crew members minimum wage. For example, when the minimum was $6.75 per hour, our hourly pay was only $6.50 per hour.

10.     This declaration was read to me in Spanish language and I affirm its contents are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Arvin, California, on ___–13–11___, 2011.

X _____
Guillermina Perez Arreola

Declaration of Translation

Yo declaro, bajo pena de perjurio de las leyes de los Estados Unidos, que esta declaración se me leyó en voz alta en Español y afirmo que el contenido es verídico y correcto. Ejecutado en Arvin, California.

X _____   Fecha 5-13-11 _____

I declare under penalty of perjury under the laws of the United States that I am able to translate between English and Spanish and that I accurately translated and read the foregoing declaration to the declarant in Spanish and that she affirmed that the contents of the declaration were true and correct. Executed in Arvin, California.

_____   Fecha: _____5 -13 -11_____
TIANA   O'KONEK

## DECLARATION OF BENITO ESPINO GOMEZ

I, Benito Espino Gomez, declare as follows:

1.     I am making this sworn declaration in support of my claims and the claims of my co-workers, and in support of my qualifications to serve as class representative. I make this declaration based on my own personal knowledge. If called as a witness, I could and would competently testify as to the truth of the matters set forth herein.

2.     I worked as a seasonal field worker in the grapes for Sunview between January 2004 and May 2005. I worked in crew number 270, except in the pruning season. In the pruning season I worked with foreman Carlos, a different crew. I cannot read either English or Spanish written language. Two of my sons worked in crew number 270 when I was there. My sister and her husband also worked there, and both presently work in crew number 270. Prior to working at Sunview I worked about eight (8) years as a seasonal field worker in the grapes, primarily in the north Kern County area. I was paid by Sunview on an hourly basis and also a modest per box bonus in the harvest. My field worker job at Sunview included picking grapes in the "harvest" and doing "pre-harvest" work. In the "pre-harvest" my work included pruning, debudding (removal of shoots), deleafing, and tipping in the grapes.

3.     The pruning season at Sunview begins in January and goes to February. The Spring seasons at Sunview (debudding, tipping, deleafing) begin in April. The harvest season ran from July to December in 2004.

4.     As a class representative I understand that my duty is to serve the interests of all members of the class, and not just my own personal interests. I have no conflicts of interest that would interfere with my duty to serve the entire class. I understand the alleged remedial period in this class action lawsuit extends from November 2001 through

975975.1

1  the present.  I understand this class action lawsuit involves all field workers employed by

2  Sunview for any amount of time during the remedial period.   I have spent significant

3  time working with the attorneys in this case.  I have provided requested information and

4  documents, and have had my deposition taken.   I am willing to spend future time with

5  the attorneys to do what may be required of me on behalf of the class of workers.

6

7      5.     While employed by Sunview, myself and the members of crew 270 daily

8  performed off-the-clock work in the "harvest' before the official start time of our shifts.

9  We were not compensated for this unrecorded work time.  In the "harvest" we were

10  required to arrive at the jobsite 15 minutes before the official start time.  When we got to

11  the jobsite, we engaged in preparing the materials, getting the boxes nearby the packing

12  tables, preparing bags, putting labels, and picking, all before the official start time.

13

14      6.     While employed by Sunview, myself and the members of my crew daily

15  performed 15 minutes of off-the-clock work in the "harvest" after the official stop time.

16  We were not compensated for this unrecorded work time.  The crew boss would call time

17  ("Lets Go!") but workers would still have eight (8) or nine (9) picking trays to finish the

18  packing at each table.  The crew members would stay to help the packer pack, clean the

19  table, and pick up the trash around the work area.  Myself and my crew members were

20  not paid for the time spent finishing our work after the fixed stop time in the "harvest."

21

22      7.     While I worked at Sunview, myself and members of my crew were

23  required to bring home plastic picking trays in order to clean them.  Twelve picking

24  trays were assigned to each packing table.  It took me one half of an hour to clean my

25  picking trays at home, which I did once a week during the "harvest."   Myself and my

26  crew members were not paid by Sunview for the time we spent washing plastic picking

27  trays at home.

28

975975.1                                    2

8.     While employed by Sunview, I was required to purchase tools I needed for the job on my own without reimbursement.   Pruning scissors were necessary to do that work.  Gloves were necessary to do debudding and deleafing work by hand.  Picking scissors were needed in the tipping and harvest work.  During each of the two pruning seasons I worked at Sunview, I bought two pruning scissors (four total) at $30.00 each. During the "harvest" season I worked at Sunview, I bought three picking scissors at $9.00 each.  I used one pair of gloves each work day and bought my own in packages of five.

9.     This declaration was read to me in Spanish language and I affirm its contents are true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at Delano, California, on ____14____, 2011.

_Benito ESPino_
Benito Espino Gomez

1  Declaration of Translation

2  Yo declaro, bajo pena de perjurio de las leyes de los Estados Unidos, que esta declaración se me

3  leyó en voz alta en Español y afirmo que el contenido es verídico y correcto.  Ejecutado en

4  _Delano_ , California.

5

6

7

8

9  Benito Espino _____   Fecha:  5 - 14 - 11

10

11

12

13  I declare under penalty of perjury under the laws of the United States that I am able to translate

14  between English and Spanish and that I accurately translated and read the foregoing declaration

15

16  to the declarant in Spanish and that he affirmed that the contents of the declaration were true and

17  correct.  Executed in _Delano_ , California.

18

19

20

21  _Tiana Okonek_ _____   Fecha:  5-14-11

22  TIANA  OKONEK

23

24

25

26

27

28

1           **<u>DECLARATION OF JUAN GUSTAVO MONTES</u>**

2

3      I, Juan Gustavo Montes, declare as follows:

4

5      1.     I am making this sworn declaration in support of my claims and the claims of my

6  co-workers, and in support of my qualifications to serve as class representative.  I make this

7  declaration based on my own personal knowledge.  If called as a witness, I could and would

8  competently testify as to the truth of the matters set forth herein.

9

10     2.     I have worked for about twenty (20) years as a seasonal field worker in the grapes

11  for Sunview.  I have always worked in crew number 150.  Since 2001, I have worked under four

12  different crew bosses, including Graciela Murillo, Nicolasa de Real, Consuela Guzman, and

13  Ambrosia Cruz.  My field worker job classification has included picking and packing in the grape

14  "harvest" and "pre-harvest" work.  In the "harvest" I picked and packed grapes.  In the "pre-

15  harvest" my work for Sunview included pruning (two seasons), debudding, deleafing, and

16  tipping in the grapes.

17

18     3.     As a class representative I understand that my duty is to serve the interests

19  of all members of the class, and not just my own personal interests.  I have no conflicts

20  of interest that would interfere with my duty to serve the entire class.  I understand the

21  alleged remedial period in this class action lawsuit extends from November 2001 through

22  the present.  I understand this class action lawsuit involves all field workers employed by

23  Sunview for any amount of time during the remedial period.  I have spent significant

24  time working with the attorneys in this case.  I have provided requested information and

25  documents, and have had my deposition taken.  I am willing to spend future time with

26  the attorneys to do what may be required of me on behalf of the class of workers.

27

28     4.     While employed by Sunview, myself and the members of crew 150

975975.1

1   regularly performed off-the-clock work in the "harvest' before the official start time of

2   our shifts. We were not compensated for this unrecorded time. In the "harvest" we were

3   daily required to arrive at the jobsite approximately 15 minutes before the official time to

4   start work. When we got to the jobsite, we had to prepare the work area before the

5   official start time by doing things such as bringing needed materials to the packing table

6   area; setting up the packing table, wheelbarrows, picking trays, and scale; and placing

7   labels on boxes used to pack the grapes. We also routinely had to attend schooling

8   ("escuelita") before the official start time in the "harvest." During escuelita the crew

9   boss would address work issues and give instructions on how to pick and pack. Myself

10  and my crew members have not been paid for the time spent before the official start time

11  preparing for the work day and attending "escuelita" in the "harvest" seasons I worked

12  for Sunview.

13

14        5.      After the lawsuit, between 2005 and 2007, workers in the "harvest" were

15  not permitted by the crew boss to perform tasks before the official start time in crew

16  number 150. Afterward, people started going back to the old system of coming to

17  perform preparation work 15 minutes before the official start time. The old system

18  quickly returned. It was the same (off-the-clock work) system that was in place when I

19  started working for Sunview about twenty (20) years ago.

20

21        6.      While employed by Employer I sometimes performed off-the-clock work in

22  the "harvest" after the official stop time of my shifts for which I was not compensated.

23  The crew boss would instruct the crew to keep several picking trays of grapes full at the

24  table, so that after quitting time was called we had to remain late to finish that work.

25  Myself and my crew members have not been paid for the time spent finishing our work

26  after the fixed stop time.

27

28        7.      Until approximately 2005, myself and members of my crew were required

975975.1                                         2

1  to bring home our picking trays and scales after every work shift during the "harvest."

2  Five plastic picking trays were assigned by the crew boss to each member of crew

3  number 150.  We would have to wash our picking trays twice a week at home using soap

4  and water.  This washing took me about 30 minutes twice a week during the harvests,

5  totally about one hour per workweek.  Myself and my crew members have not been paid

6  for the time we spent washing plastic picking trays at home.

7

8      8.      While employed by Sunview, I purchased tools I needed for the job on my

9  own without reimbursement.   I bought one pair of scissors each year ($8.00 a pair) for

10  use in the "tipping" and "harvests"  I bought one pair of gloves each week during all of

11  the "harvest" seasons ($1.35 each week).  I bought one pair of work glasses each year

12  ($3.00 each).  These work glasses were needed in the "pre-harvest" seasons to protect the

13  eyes from dust that falls from the vines, chemicals like sulfur, which make the eyes burn

14  a lot.  Sunview would distribute to the crew one set of picking scissors each year at the

15  beginning of the "harvest" but that pair never lasted the entire season without breaking

16  open, and myself and most members of my crew bought at least one pair of scissors each

17  year without reimbursement by Sunview.

18

19      9.      This declaration was read to me in Spanish language and I affirm its

20  contents are true and correct.

21

22      I declare under penalty of perjury under the laws of the United States of America that the

23  foregoing is true and correct.  Executed at _Delano_____, California, on

24  _May 14_, 2011.

25

26  _Juan G Montes_

27  Juan Gustavo Montes

28

Declaration of Translation

Yo declaro, bajo pena de perjurio de las leyes de los Estados Unidos, que esta declaración se me

leyó en voz alta en Español y afirmo que el contenido es verídico y correcto.  Ejecutado en

D̲elano, California.

_Juan G. Montes._   Fecha: _05-14-2011_

JUAN G. MONTES

I declare under penalty of perjury under the laws of the United States that I am able to translate

between English and Spanish and that I accurately translated and read the foregoing declaration

to the declarant in Spanish and that he affirmed that the contents of the declaration were true and

correct.  Executed in _Delano_, California.

_____   Fecha: _05/14/2011_

AIDA L. SOTELO

975975.1                                                   4

KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY SBN – 38022
ERIC B. KINGSLEY SBN – 185123
eric@kingsleykingsley.com
STEVE L. HERNANDEZ SBN-229065
shernandez@kingsleykingsley.com
16133 VENTURA BL., SUITE 1200
ENCINO, CA 91436
(818)990-8300; FAX (818) 990-2903

STAN S. MALLISON (Bar No. 184191)
   StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
   HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar. No. 242340)
   MPalau@TheMMLawFirm.com
JESSICA JUAREZ (Bar No. 269600)
   JJuarez@TheMMLawFirm.com
JOSEPH D. SUTTON (Bar No. 269951)
   JSutton@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101


ATTORNEYS FOR PLAINTIFFS
[ADDITIONAL PLAINTIFFS COUNSEL, NEXT PAGE]

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO ROJAS, JOSEPHINO RAMIREZ, CATALINA ROBLES, JUAN MONTES; BENITO ESPINO, GUILLERMINA PEREZ; ON BEHALF OF THEMSELVES AND A CLASS OF OTHERS SIMILARLY SITUATED,<br><br>      Plaintiffs,<br><br>    v.<br><br>MARKO ZANINOVICH, INC. AND SUNVIEW VINEYARDS OF CALIFORNIA, INC.; ET AL.,<br><br>      Defendants. | CASE NO. 1:09-cv-00705<br><br>DECLARATION OF JOSEFINO RAMIREZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

1

1

2   Additional Counsel:
    BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
3   ADELSTEIN & DICKINSON
    IRA L. GOTTLIEB (STATE BAR NO. 103236)
4   E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
    DAVID S. ADELSTEIN (STATE BAR NO. 105250)
5   500 NORTH CENTRAL AVENUE, SUITE 800
    GLENDALE, CA 91203
6   (818) 973-3200; FAX (818)973-3201

7   LAW OFFICES OF MARCOS CAMACHO
    MARCOS CAMACHO (SBN  123501)
8   THOMAS PATRICK LYNCH (SBN 159277)
    MARIO G. MARTINEZ (SBN 200721)
9   1227 California Avenue
    Bakersfield, CA 93304
10  Telephone (661) 324-8100
    Facsimile (661) 324-8103
11  Email: mcamacho@mclawmail.com

12  MCNICHOLAS & MCNICHOLAS, LLP
    PATRICK MCNICHOLAS SBN-125868
13  MATTHEW S. MCNICHOLAS SBN-190249
    10866 WILSHIRE BL., SUITE 1400
14  LOS ANGELES, CA 90024-4338
    (310) 474-1582; FAX (310)475-7871
15  EMAIL: MSM@MCNICHOLASLAW.COM

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SANTIAGO ROJAS ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1

2

3

4

I, Josefino Ramirez, declare the following:

    1.    I am a resident of Arvin, California. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would competently testify as to the truth of the matters set forth herein.

    2.    I worked at Sunview from approximately 2000 to 2006. During my employment with Sunview, I worked in the harvest season in the picking and packing of the grapes, and I also worked during the pre-harvest season doing work like tying, pruning, tipping and de-leafing.

    3.    The foreman that I worked with was Leobardo Vera, and my supervisor was America.

    4.    I worked in the crew with approximately 40 workers during the non-harvest season and approximately 80 workers during the harvesting season.

    5.    During harvest, per the orders of the foreman, I had to arrive to work. approximately 15 to 20 minutes prior to the official start time in order to prepare the equipment and work area.

    6.    For example, when I arrived, I had to carry the trays and scale and take them from the car to the field. I also had to prepare the table, bags and boxes that we would use to pack and place the labels on the boxes. I was never paid for any pre-shift work.

    7.    Daily, or almost daily, we had to attend "school." During "school" the foreman would give us instructions on how to do the work, such as how to pack or pick the different types of grapes. The foreman would also use this time to scold workers who did not meet their production quota the previous day.

27

28

8.     During the pre-harvest season, I was also instructed to arrive approximately 15-20 minutes prior to the official start time in order to prepare my tools and work area.. I was not paid for this time.

9.     Typically, I was unable to take my rest and meal break.

10.    In addition, every worker was required to take home approximately six trays used for picking the grapes. Workers were required to load the trays in their cars, drive them home, clean the trays with soap and water and transport the trays back to work the following morning. These trays were required to be clean and ready for the next day's production on a daily basis. I was never paid for the use of my vehicle (including mileage and gas), nor for my time spent transporting and cleaning the trays (including the water and soap used).

11.    On behalf of myself and the class members, I have spent significant time and energy working with the attorneys in this case. I have provided requested information and documents during the discovery process, and had my deposition taken on March 30, 2011 by Sunview's attorneys. I am willing to spend future time and energy with the attorneys to do what may be required of me to advance this action for the benefit of the class. I do not believe that my interests are in conflict with the class. Rather, I share a common goal with the other class members, which is to recuperate unpaid wages for time worked at Sunview. Therefore, I am confident that I will be an adequate class representative of the class, along with any other representative the court may want to assign.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 15th day of May in Cardenas, Baja California.

_Josefino Ramirez_
Josefino Ramirez

**Declaration of Translation**

I declare under penalty of perjury under the laws of the United States, that this declaration was read to me, and I affirm that the contents are true and correct. Executed this 15th day of May, 2011 in Cardenas, Baja California.

_Josefino Ramirez B_

Josefino Ramirez

I declare under penalty of perjury under the laws of the United States, that I am able to speak in Mixteco and that I accurately read the foregoing declaration to the declarant in Mixteco and that he affirmed that the contents of the declaration were true and correct. Executed this 15th day of May, 2011 in Arvin, California.

_Paulino Cruz_

Paulino Cruz

## DECLARATION OF CATALINA ROBLES

I, Catalina Robles, declare as follows:

1.      I am making this sworn declaration in support of my claims and the claims of my co-workers against Sunview, and in support of my qualifications to serve as class representative. I make this declaration based on my own personal knowledge.   If called as a witness, I could and would competently testify as to the truth of the matters set forth herein.

2.      I worked as a seasonal field worker in the grapes for Sunview between 1985 and 2005. I worked in crew number 150. I was hired by crew boss Rosemary Martinez. I was paid by Sunview on an hourly basis. I was also paid a modest per box bonus in the harvest.   My job at Sunview included picking grapes in the "harvest" and doing "pre-harvest" work.   My "pre-harvest" work for Sunview included pruning, training, deleafing, and tipping.

3.      In the harvest at Sunview, a field crew is typically organized into three worker teams.  A team generally consists of a picker, a wheelbarrow operator, and a packer.  The seasons of work vary with weather conditions, but are generally as follows. Pruning takes place in January.  Spring work (training, deleafing, tipping) takes place from March or April into June.  The harvest begins in July and goes into November.

4.      As a class representative I understand I am representing all of my co-workers.  I understand it is my duty is to serve the interests of all members of this class, and not just my own personal interests.  I have no conflicts of interest that would interfere with my duty to serve the entire class.  I understand the alleged remedial period in this class action lawsuit extends from November 2001 through the present.  I understand this class action lawsuit involves all field workers employed by Sunview for any amount of time during the remedial period.   I have spent significant time working

975975.1

1  with the attorneys in this case.  I have provided requested information and documents,

2  and have had my deposition taken.   I am willing to spend future time with the attorneys

3  to do what may be required of me on behalf of this class of workers.

4

5       5.      While employed by Sunview, myself and the members of crew number 150

6  daily performed off-the-clock work in the "harvest' before the official start time of our

7  shifts.  We were not compensated for this unrecorded work time.  We were required by

8  all of the crew bosses to arrive and work at the jobsite 15-30 minutes before the official

9  start time.  When we got to the jobsite, we prepared the work area by moving the packing

10 tables and gathering needed materials so that once the hour arrived we would be ready to

11 start.  All of this preparation work was accomplished by all members of the crew before

12 the official start time.  We knew we were not paid for this unrecorded pre-shift work time

13 because our pay check receipts did not show this time in the listed hours of work.

14

15      6.      While I worked at Sunview, myself and members of my crew were not

16 permitted to leave our plastic picking trays at the jobsite.  We were required by the crew

17 bosses to bring the plastic picking trays and scales home.  We were required to clean the

18 plastic picking trays at home, using our own soap and bleach.   Workers in crew 150

19 were reprimanded if they brought trays to work which were not clean.  Twelve (12)

20 plastic picking trays were assigned to each packing table (i.e. four trays for each team

21 member).  It took me approximately 30 minutes to wash my plastic picking trays at

22 home.   Myself and my crew members were not paid by Sunview for the time spent

23 washing the plastic picking trays at home.  We knew we were not paid for this

24 unrecorded work at home because our pay check receipts did not show this time under

25 the hours of work.

26

27      7.      In 2003 or 2004 there was a change in practice in crew number 150.

28 Sunview no longer required workers to take the plastic picking trays home for cleaning.

975975.1                                    2

1  Sunview brought in water tanks to allow picking tray cleaning in the fields during the
2  workday. We were paid for this time. Sunview then went to a system of using a trailer
3  to transport and store the picking trays, which were then being cleaned away from the
4  jobsite. Under this system, however, off-the-clock and uncompensated work during the
5  harvest included picking up picking trays from the trailer in the morning and placing the
6  picking trays back on the trailer at the end of the work day.

7

8      8.      While employed by Sunview, myself and the crew members were required
9  to purchase tools needed for the job without reimbursement. Sunview provided one set
10  of picking scissors at the beginning of the harvest, in exchange for an old set of picking
11  scissors. Workers who turned in their old set were given a new set.  Those new picking
12  scissors would last at most about one month. Then, we'd have to buy our own
13  replacement scissors. I would ask for another set but was told by the crew bosses there
14  were no more. The set I turned in the next year was a set that I purchased with my own
15  money. I had to buy two sets of picking scissors with my own money during each of the
16  approximately 20 harvest seasons I worked for Sunview.  The same was true for all of
17  my co-workers in the harvest. At the beginning of the pruning season, Sunview issued
18  one set of pruning shears to each member of the crew. My pruning shears began to wear
19  out as I sharpened the blade. I would return the worn out pruning shears to the crew boss
20  and ask for a replacement but would be told by the crew bosses no more were available.
21  Each pruning season, therefore, I had to buy one set of pruning shears at a cost of about
22  $35.00. The same was true for all of my co-workers in the pruning.  Additional
23  necessary items I and my co-workers were required to buy included gloves, goggles, and
24  replacement sharpening stones. We were never reimbursed for any of the items we
25  bought with our own money to accomplish the work for Sunview.

26

27      9.      While employed by Sunview, myself and the members of crew number 150
28  performed off-the-clock work in the "harvest' after the official stop time of our shifts.

1  We were not compensated for this unrecorded work time.  After quitting time, each of us
2  had to wait until everybody finished packing and then pick up the table, taking the pans
3  to the car or trailer and also picking up trash.   That would take 15-20 minutes after the
4  official quitting time.   This unrecorded post-shift work was accomplished by all
5  members of the crew.  We knew we were not paid for this unrecorded post-shift work
6  time because our pay check receipts did not show this time in the listed hours of work.
7
8          10.     Sunview failed to pay myself and the crew members minimum wage.  For
9  example, when the minimum was $6.75 per hour, our hourly pay was only $6.50 per
10  hour.
11
12          11.     This declaration was read to me in Spanish language and I affirm its
13  contents are true and correct.
14
15          I declare under penalty of perjury under the laws of the United States of America that the
16  foregoing is true and correct.  Executed at _Delano_, California, on _14/5_____, 2011.
17
18  _Catalina R. Robles_
19  Catalina Robles
20
21
22
23
24
25
26
27
28

1  Declaration of Translation

2

3  Yo declaro, bajo pena de perjurio de las leyes de los Estados Unidos, que esta declaración se me

4  leyó en voz alta en Español y afirmo que el contenido es verídico y correcto.  Ejecutado en

5  Delano _____, California.

6

7

8

9  _Catalina R. Rahler_   Fecha: _05-14-2011_

10

11

12

13  I declare under penalty of perjury under the laws of the United States that I am able to translate

14  between English and Spanish and that I accurately translated and read the foregoing declaration

15

16  to the declarant in Spanish and that she affirmed that the contents of the declaration were true

17  and correct.  Executed in _Delano_____, California.

18

19

20

21  _____   Fecha: _5-14-2011_

22  AIDA L. SOTELO

23

24

25

26

27

28

975975.1                                        5

1  KINGSLEY & KINGSLEY, APC
   GEORGE R. KINGSLEY SBN – 38022
   ERIC B. KINGSLEY SBN – 185123
2  eric@kingsleykingsley.com
   STEVE L. HERNANDEZ SBN-229065
3  shernandez@kingsleykingsley.com
   16133 VENTURA BL., SUITE 1200
4  ENCINO, CA 91436
   (818)990-8300; FAX (818) 990-2903
5
   STAN S. MALLISON (Bar No. 184191)
6     StanM@TheMMLawFirm.com
   HECTOR R. MARTINEZ (Bar No. 206336)
7     HectorM@TheMMLawFirm.com
   MARCO A. PALAU (Bar. No. 242340)
8     MPalau@TheMMLawFirm.com
   JESSICA JUAREZ (Bar No. 269600)
9     JJuarez@TheMMLawFirm.com
   JOSEPH D. SUTTON (Bar No. 269951)
10    JSutton@TheMMLawFirm.com
   MALLISON & MARTINEZ
11 1939 Harrison Street, Suite 730
   Oakland, California 94612-3547
12 Telephone: (510) 832-9999
   Facsimile: (510) 832-1101
13

14 ATTORNEYS FOR PLAINTIFFS
   [ADDITIONAL PLAINTIFFS COUNSEL, NEXT PAGE]
15

16                  UNITED STATES DISTRICT COURT

17                  EASTERN DISTRICT OF CALIFORNIA

18

19 SANTIAGO ROJAS, JOSEPHINO          | CASE NO. 1:09-cv-00705
   RAMIREZ, CATALINA ROBLES, JUAN     |
20 MONTES; BENITO ESPINO,             |
   GUILLERMINA PEREZ; ON BEHALF OF    | DECLARATION OF SANTIAGO ROJAS IN
21 THEMSELVES AND A CLASS OF          | SUPPORT OF PLAINTIFFS' MOTION FOR
   OTHERS SIMILARLY SITUATED,         | CLASS CERTIFICATION
22                                    |
23            Plaintiffs,             |
                                      |
24        v.                          |
                                      |
25 MARKO ZANINOVICH, INC. AND         |
   SUNVIEW VINEYARDS OF CALIFORNIA,   |
26 INC.; ET AL.,                      |
                                      |
27            Defendants.             |
28

                                          1
   DECLARATION OF SANTIAGO ROJAS ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Additional Counsel:
1 │ BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
ADELSTEIN & DICKINSON
2 │ IRA L. GOTTLIEB (STATE BAR NO. 103236)
E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
3 │ DAVID S. ADELSTEIN (STATE BAR NO. 105250)
500 NORTH CENTRAL AVENUE, SUITE 800
4 │ GLENDALE, CA 91203
(818) 973-3200; FAX (818)973-3201
5
LAW OFFICES OF MARCOS CAMACHO
6 │ MARCOS CAMACHO (SBN  123501)
THOMAS PATRICK LYNCH (SBN 159277)
7 │ MARIO G. MARTINEZ (SBN 200721)
1227 California Avenue
8 │ Bakersfield, CA 93304
Telephone (661) 324-8100
9 │ Facsimile (661) 324-8103
Email: mcamacho@mclawmail.com
10
MCNICHOLAS & MCNICHOLAS, LLP
11 │ PATRICK MCNICHOLAS SBN-125868
MATTHEW S. MCNICHOLAS SBN-190249
12 │ 10866 WILSHIRE BL., SUITE 1400
LOS ANGELES, CA 90024-4338
13 │ (310) 474-1582; FAX (310)475-7871
EMAIL: MSM@MCNICHOLASLAW.COM
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

DECLARATION OF SANTIAGO ROJAS ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Santiago Rojas, declare the following:

    1.    I am a resident of Arvin, California. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would competently testify as to the truth of the matters set forth herein.

    2.    I worked at Sunview from approximately 2000 to 2006. During my employment with Sunview, I worked in the harvest season (July to November) picking and packing grapes, and I also worked during the pre-harvest season (March to June), tying, pruning, tipping and de-leafing.

    3.    I believe I worked with crew # 850, together with approximately 30 workers during the non-harvest season and approximately 65 workers during the harvest season.

    4.    Supervisors I had during my employment were: América, Mario and Emilio. Foremen of my crew that I remember are Eduardo, Sergio and Marcos. Salustrio was the 2nd in command.

    5.    Sunview paid me on an hourly rate and also on a piece rate. But Sunview did not pay me at least the minimum wage for all the hours I worked. I was not paid at all for the pre-shift and post-shift work I did routinely, and before approximately 2004 my hourly rate of pay was below the California minimum wage.

    6.    During harvest, per the orders of the foreman, I had to arrive to work approximately 15 to 30 minutes prior to the start time in order to prepare the equipment and work area and attend "school," where the foreman would give us instructions. For example, when I arrived, I had to carry the trays and scale and take them from the car to the field. I also had to prepare the table, bags and boxes that we would use to pack, and place labels on the boxes. Daily, or almost daily, we had to attend "school." During "school" the foreman would give us instructions on how to do the work, such as how to

1 | pack the different types of grapes. The foreman would also use this time to scold
2 | workers who did not meet their production quota the previous day. I was never paid for
3 | any time I spent doing work before the start time.

4 |     7.    During the pre-harvest season, I was also instructed to arrive approximately
5 | 15-30 minutes prior to the official start of my shift in order to be ready to start my shift,
6 | prepare the equipment to be used and many days attend "escuela." I was never paid for
7 | any pre-shift work I did prior to the start time.

8 |     8.    At the end of the shift the foreman would inform us that the shift was over
9 | by yelling out to us in the field. Generally though, we had to keep working in order to
10 | keep up with the production quotas. Approximately three or four days of the week
11 | during the harvest I had to work in the field after the foreman would yell out to us that
12 | our shift had ended. At that time we often had grapes that had been picked and needed to
13 | be packed. We were not permitted to leave the grapes out on the field when the foreman
14 | would tell us our shift was over. The supervisors and foreman would require us to finish
15 | the job. Because I needed the job, I did what I was told. This post-shift work always went
16 | unpaid.

17 |     9.    In addition to this post-shift work on the field, every worker was required
18 | to take home approximately five trays used for picking the grapes. Workers were
19 | required to load the trays in their cars, drive them home, clean the trays (wash with soap
20 | and water), and transport the trays back to work the following morning. These trays
21 | were required to be clean and ready for the next day's production on a daily basis. I was
22 | never paid for the use of my vehicle (including mileage and gas), nor for my time spent
23 | transporting and cleaning the trays (including the water and soap).

24 |     10.    In order to carry out my work, I had to buy my own scissors, gloves and
25 | scissor holster. Sunview provided only 1 scissor and did not provide replacement. I was
26 | never reimbursed for these expenses.

27 |
28 |

11.     On behalf of myself and the class members, I have spent significant time working with the attorneys in this case. I have provided responses and requested information and documents in response to requests from Sunview, and I had my deposition taken on February 4, 2011 by Sunview's attorneys.  I am willing to spend future time and energy with the attorneys to do what may be required of me to advance this action for the benefit of the class. I do not believe that my interests are in conflict with the class.  Rather, I share a common goal with the other class members, which is to recover unpaid wages for the workers and myself.  Therefore, I am confident that I will be an adequate class representative of the class, along with any other representative the court may want to assign.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 15th day of May in Arvin, California.

Santiago Rojas

DECLARATION OF SANTIAGO ROJAS ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  **Declaration of Translation**

2  I declare under penalty of perjury under the laws of the United States, that this declaration was

3  read to out loud, and I affirm that I understood the contents, and that they  are true and correct.

4  Executed this 15th day of May, 2011 in Arvin, California.

5

6

7                                                        _Santiago E Rojas_

8                                                         Santiago Rojas

9

10  I declare the following under penalty of perjury under the laws of the United States  I am fluent in

11  English and Mixteco. On May 15, 2011 I orally translated the above declaration from English to

12  Mixteco to Santiago Rojas to the best of my abilities. Mr. Rojas affirmed that the contents of the

13  declaration were true and correct.  Executed this 15th day of May, 2011 in Arvin, California.

14

15

16                                                        _Paulino Cruz_

17                                                         Paulino Cruz

18

19

20

21

22

23

24

25

26

27

28