# EXHIBIT 2

KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY SBN – 38022
ERIC B. KINGSLEY SBN – 185123
eric@kingsleykingsley.com
STEVE L. HERNANDEZ SBN-229065
shernandez@kingsleykingsley.com
16133 VENTURA BL., SUITE 1200
ENCINO, CA 91436
(818)990-8300; FAX (818) 990-2903

STAN S. MALLISON (Bar No. 184191)
    StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
    HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar. No. 242340)
    MPalau@TheMMLawFirm.com
JESSICA JUAREZ (Bar No. 269600)
    JJuarez@TheMMLawFirm.com
JOSEPH D. SUTTON (Bar No. 269951)
    JSutton@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

ATTORNEYS FOR PLAINTIFFS
[ADDITIONAL PLAINTIFFS COUNSEL, NEXT PAGE]

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO ROJAS, JOSEPHINO RAMIREZ, CATALINA ROBLES, JUAN MONTES; BENITO ESPINO, GUILLERMINA PEREZ; ON BEHALF OF THEMSELVES AND A CLASS OF OTHERS SIMILARLY SITUATED,<br><br>                Plaintiffs,<br><br>      v.<br><br>MARKO ZANINOVICH, INC. AND SUNVIEW VINEYARDS OF CALIFORNIA, INC.; ET AL.,<br><br>                Defendants. | CASE NO. 1:09-cv-00705<br><br>DECLARATION OF JUSTINA BAUTISTA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

1

1

2    Additional Counsel:
     BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
3    ADELSTEIN & DICKINSON
     IRA L. GOTTLIEB (STATE BAR NO. 103236)
4    E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
     DAVID S. ADELSTEIN (STATE BAR NO. 105250)
5    500 NORTH CENTRAL AVENUE, SUITE 800
     GLENDALE, CA 91203
6    (818) 973-3200; FAX (818)973-3201

7    LAW OFFICES OF MARCOS CAMACHO
     MARCOS CAMACHO (SBN  123501)
8    THOMAS PATRICK LYNCH (SBN 159277)
     MARIO G. MARTINEZ (SBN 200721)
9    1227 California Avenue
     Bakersfield, CA 93304
10   Telephone (661) 324-8100
     Facsimile (661) 324-8103
11   Email: mcamacho@mclawmail.com

12   MCNICHOLAS & MCNICHOLAS, LLP
     PATRICK MCNICHOLAS SBN-125868
13   MATTHEW S. MCNICHOLAS SBN-190249
     10866 WILSHIRE BL., SUITE 1400
14   LOS ANGELES, CA 90024-4338
     (310) 474-1582; FAX (310)475-7871
15   EMAIL: MSM@MCNICHOLASLAW.COM

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DECLARATION OF JUSTINA BAUTISTA ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Justina Bautista, declare the following:

1.     I am a resident of Arvin, California. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would competently testify as to the truth of the matters set forth herein.

2.     I worked at Sunview from approximately 2000 to 2007. During my employment with Sunview, I worked in the harvest season (July to November) picking grapes, and I also worked during the pre-harvest season (April to June) on pruning, tipping, de-leafing, and de-bunching.

3.     I believe I worked with crew # 850, together with approximately 30 workers during the non-harvest season and approximately 65 workers during the harvesting season. The foremen of my crew that I remember are Eduardo, Sergio and Marcos. The second in command "el segundo" was Salustrio

4.     I was not paid the minimum hourly wage.

5.     During harvest, per the orders of the foreman, I had to arrive to work approximately 15 to 30 minutes prior to the official start time in order to prepare the equipment and work area. For example, when I arrived, I had to carry the trays and take them from the car to the field. I also help prepare the table, bags and boxes that we would use to pack and place the labels on the boxes. I was never paid for my for any pre-shift work I did prior to the official start time.

6.     Daily, or almost daily, we had to attend "school." During "school" the foreman would give us instructions on how to do the work, such as how to pack the different types of grapes. The foreman would also use this time to scold workers who had not met their production quota the previous day.

7.     During the pre-harvest season, I was also instructed to arrive approximately 15-30 minutes prior to the official start of my shift in order to be ready to start my shift.

prepare the equipment to be used. I was never paid for any pre-shift work I did prior to the official start time.

8.    During the day, my rest breaks and meal breaks were usually late, or entirely missed. . Even then, I would eat quickly in 10 or 15 minute and resume work in the 30 minute break. I missed breaks because foreman requested me to produce more boxes.

9.    At the end of the shift we had to work without pay. The foreman would inform us that the shift was over by yelling out to us in the field. Approximately three or four days of the week, I had to work in the field after the foreman would yell out to us that our shift had ended. At that time we often had grapes that had been picked and needed to be packed. We were not permitted to leave the grapes out on the field when the foreman would tell us our shift was over. The supervisors and foreman would require us to finish the job. Because I needed the job, I did what I was told. This post-shift work always went unpaid.

10.    In addition to this post-shift work on the field, every worker was required to take home approximately five trays used for picking the grapes. Workers were required to load the trays in their cars, drive them home, clean the trays (wash with water and soap), and transport the trays back to work the following morning. These trays were required to be clean and ready for the next day's production on a daily basis. I was never paid for the use of my vehicle (including mileage and gas), nor for my time spent transporting and cleaning the trays (including the water and soap).

11.    In order to carry out my work, I had to buy my own scissors, gloves and scissor holders. Sunview only provided one scissor for picking grape. I was never reimbursed for these expenses.

12.    On various occasions, I would show up to work when it rained or was very foggy. When this would happen, I had to wait there – per the foreman's order – waiting until Sunview made the decision for us to work there or to send us home. On various

4
DECLARATION OF JUSTINA BAUTISTA ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  occasions I was sent home, without working.  I was never reimbursed for my time

2  showing up and waiting.

3

4      I declare under penalty of perjury under the laws of the United States of America

5  that the foregoing is true and correct.  Executed on this 15th day of May in Arvin,

6  California.

7

8                              _Justina Bautista_

9                              Justina Bautista

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  **Declaration of Translation**

28

5

DECLARATION OF JUSTINA BAUTISTA ISO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  I declare under penalty of perjury under the laws of the United States, that this declaration was

2  read to me out loud, and I affirm that I understood the contents are true and correct.  Executed this

3  15th day of May, 2011 in Arvin, California.

4

5

6                                   _Justina Bautista_

7                                         Justina Bautista

8

9  I declare the following under penalty of perjury under the laws of the United States. I am fluent in

10  English and Mixteco. On May 15, 2011 I orally translated the above declaration from English to

11  Mixteco to Justina Bautista to the best of my abilities. Mrs. Bautista affirmed that the contents of

12  the declaration were true and correct.  Executed this 15th day of May, 2011 in Arvin, California.

13

14

15                                   _Paulino Cruz_

16                                        Paulino Cruz

17

18

19

20

21

22

23

24

25

26

27

28

1  KINGSLEY & KINGSLEY, APC
   GEORGE R. KINGSLEY SBN – 38022
2  ERIC B. KINGSLEY SBN – 185123
   eric@kingsleykingsley.com
3  STEVE L. HERNANDEZ SBN-229065
   shernandez@kingsleykingsley.com
4  16133 VENTURA BL., SUITE 1200
   ENCINO, CA 91436
5  (818)990-8300; FAX (818) 990-2903

6  STAN S. MALLISON (Bar No. 184191)
       StanM@TheMMLawFirm.com
7  HECTOR R. MARTINEZ (Bar No. 206336)
       HectorM@TheMMLawFirm.com
8  MARCO A. PALAU (Bar. No. 242340)
       MPalau@TheMMLawFirm.com
9  JESSICA JUAREZ (Bar No. 269600)
       JJuarez@TheMMLawFirm.com
10 MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
11 Oakland, California 94612-3547
   Telephone: (510) 832-9999
12 Facsimile: (510) 832-1101

13
   ATTORNEYS FOR PLAINTIFFS
14 [ADDITIONAL PLAINTIFF COUNSEL, NEXT PAGE]

15                    UNITED STATES DISTRICT COURT

16                    EASTERN DISTRICT OF CALIFORNIA

17

18 SANTIAGO ROJAS, JOSEPHINO          CASE NO. 1:09-CV-00705-AWI-SMS
19 RAMIREZ, CATALINA ROBLES, JUAN
   MONTES; BENITO ESPINO,
20 GUILLERMINA PEREZ; ON BEHALF OF
   THEMSELVES AND A CLASS OF          DECLARATION OF MARTHA BAUTISTA
21 OTHERS SIMILARLY SITUATED,         IN SUPPORT OF PLAINTIFFS' MOTION
                                      FOR CLASS CERTIFICATION
22           Plaintiffs,

23        v.

24 MARKO ZANINOVICH, INC. AND
   SUNVIEW VINEYARDS OF CALIFORNIA,
25 INC.; ET AL.,

26           Defendants.

27

28                                    1
   DECLARATION OF MARTHA BAUTISTA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION
                                    CERTIFICATION

Additional Counsel:
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
ADELSTEIN & DICKINSON
IRA L. GOTTLIEB (STATE BAR NO. 103236)
E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
DAVID S. ADELSTEIN (STATE BAR NO. 105250)
500 NORTH CENTRAL AVENUE, SUITE 800
GLENDALE, CA 91203
(818) 973-3200; FAX (818)973-3201

LAW OFFICES OF MARCOS CAMACHO
MARCOS CAMACHO (SBN  123501)
THOMAS PATRICK LYNCH (SBN 159277)
MARIO G. MARTINEZ (SBN 200721)
1227 California Avenue
Bakersfield, CA 93304
Telephone (661) 324-8100
Facsimile (661) 324-8103
Email: mcamacho@mclawmail.com

MCNICHOLAS & MCNICHOLAS, LLP
PATRICK MCNICHOLAS SBN-125868
MATTHEW S. MCNICHOLAS SBN-190249
10866 WILSHIRE BL., SUITE 1400
LOS ANGELES, CA 90024-4338
(310) 474-1582; FAX (310)475-7871
EMAIL: MSM@MCNICHOLASLAW.COM

I, Martha Bautista, declare as follows:

1.      I have personal knowledge of the facts that I state as follows, and if I were called to testify about them in court, I would competently do so.

2.      I am employed with Sunview Vineyards since December, 2001 to the present.  I worked in crew number 240.  My first foreman was Chavelo Rivera.  At this time I work for foreman Salvador Tamallo.  During the harvesting season, I work as a grape packer.  During the season before harvesting, the work I do includes tipping, picking and de-leafing.  I also work pruning.

3.      During the harvesting season, my crew had to arrive at work approximately 15 to 20 minutes before the official start time.  The foremen would tell us we had to arrive early in order

DECLARATION OF MARTHA BAUTISTA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION
CERTIFICATION

1   to get the materials ready, including tables, trays, boxes and wheelbarrows. During harvesting, we

2   had to attend school before the beginning of the official start time. School was the time during

3   which the foreman would talk to the entire crew about work and it is where they would reprimand

4   certain workers for delays in work of for doing their work incorrectly. We were not paid for this

5   time before start time that we had to spend preparing the work areas and attending school. We

6   also had school at work during harvesting and it was done before the start time for work. School

7   during the season before harvesting lasts from 5 to 10 minutes. Since approximately 2 or 3 years

8   ago, they don't force us to do this work before the official work start time.

9

10      4.      During each harvesting season, we had to continue packing grapes and cleaning up

11  our workplaces after the foreman had notified us that the official shift had ended. In general, I had

12  to stay 5-10 minutes after the shift 2 to 4 times each week in order to finish my work. The

13  company did not pay for the time we worked after the end of the official shift in the harvesting

14  season. This practice stopped 2 or 3 years ago.

15

16      5.      During the harvesting seasons, we had to wash the trays at home. The foreman

17  would tell us that we had to wash the trays regularly and that we could not work with dirty trays.

18  The foreman would also tell us that we were responsible for the trays and the scales and if they got

19  lost, broke or stolen. Every day I had to take home 7 or 8 trays to wash. This work would take

20  approximately 15 minutes to complete. We were not paid for the time we spent washing the trays,

21  nor were we reimbursed for the soap or chlorine to complete this work. I would even pay a

22  coworker to take my wheelbarrow to his home, so that they wouldn't steal the wheelbarrow,

23  always paying him 5 dollars, about 2 to 4 times per week. We had to do it because the foremen

24  told us that we were responsible for the wheelbarrows if they got lost or stolen.

25

26  6.      Afterward, like 3 years ago, the company began bringing trucks to the field so that workers

27  could leave their trays and scales there. We don't have to take those materials home anymore.

28

3

DECLARATION OF MARTHA BAUTISTA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION
CERTIFICATION

1      9.    Sunview never provided us with the necessary tools to perform my work.  The

2  company would give us a pair of scissors to each worker, but when those scissors broke or wore

3  down, we had to purchase our own scissors. The company did provide gloves at the beginning of

4  the season, but when they wore down, we had to purchase more.  I would buy gloves

5  approximately 2 to 3 times per week, spending 5 to 7 dollars each week. I would buy one or two

6

7  pairs of scissors per season and would spend 5 to 8 dollars per pair of scissors.

8

9      I declare and affirm, under penalty of perjury under the laws of the United States, that the

10  foregoing is true and correct.

11      Signed this May 11, 2011 in Delano, California.

12

13

14

15          By:

16             MARTHA BAUTISTA

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MARTHA BAUTISTA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION

1

## Declaration of Reading

2   I declare, under penalty of perjury under the laws of the United States, that this declaration was

3   read to me aloud and that the content is true and correct.  Executed in _____, California.

4

5   _____   Date:_____

6

7

8   I declare under penalty of perjury under the laws of the United States that I am able to read in

9   Spanish and that I accurately read the foregoing declaration to the declarant in Spanish and that he

10  affirmed that the contents of the declaration were true and correct.  Executed in _____,

11  California.

12

13

14  _____Date:_____

15

16

17

18

19

20

21

22

23

24

25

26

27

28
DECLARATION OF MARTHA BAUTISTA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION
CERTIFICATION

# CERTIFICATION

I, HEREBY CERTIFY THAT I AM FLUENT IN BOTH THE ENGLISH AND THE SPANISH LANGUAGES AND THAT I HAVE TRANSLATED FROM SPANISH INTO ENGLISH TO THE BEST OF MY ABILITY THE FOLLOWING DOCUMENT:

- Declaration of Martha Bautista, a Declaration in Support of Plaintiffs' Motion for Class Certification, Case No. 1:09-cv-00705.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this May 16, 2011 in the City of San Rafael, County of Marin, California.

CONCHITA B. LOZANO
May 16, 2011
CERTIFIED COURT INTERPRETER TRANSLATOR
FOR THE STATE OF CALIFORNIA (#300552) AND THE
U.S. DISTRICT COURTS (#98-066)

1  KINGSLEY & KINGSLEY, APC
   GEORGE R. KINGSLEY SBN – 38022
2  ERIC B. KINGSLEY SBN – 185123
   eric@kingsleykingsley.com
3  STEVE L. HERNANDEZ SBN-229065
   shernandez@kingsleykingsley.com
4  16133 VENTURA BL., SUITE 1200
   ENCINO, CA 91436
5  (818)990-8300; FAX (818) 990-2903

6  STAN S. MALLISON (Bar No. 184191)
       StanM@TheMMLawFirm.com
7  HECTOR R. MARTINEZ (Bar No. 206336)
       HectorM@TheMMLawFirm.com
8  MARCO A. PALAU (Bar. No. 242340)
       MPalau@TheMMLawFirm.com
9  JESSICA JUAREZ (Bar. No. 269600)
       JJuarez@TheMMLawFirm.com
10 MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
11 Oakland, California 94612-3547
   Telephone: (510) 832-9999
12 Facsimile: (510) 832-1101

13

   ATTORNEYS FOR PLAINTIFFS
14 [ADDITIONAL PLAINTIFF COUNSEL, NEXT PAGE]

15                 **UNITED STATES DISTRICT COURT**

16                 **EASTERN DISTRICT OF CALIFORNIA**

17

18
   SANTIAGO ROJAS, JOSEPHINO          | CASE NO. 1:09-cv-00705
19 RAMIREZ, CATALINA ROBLES, JUAN
   MONTES; BENITO ESPINO,
20 GUILLERMINA PEREZ; ON BEHALF OF    | DECLARATION OF MARTHA BAUTISTA
   THEMSELVES AND A CLASS OF          | IN SUPPORT OF PLAINTIFFS' MOTION
21 OTHERS SIMILARLY SITUATED,         | FOR CLASS CERTIFICATION

22          Plaintiffs,

23      v.

24 MARKO ZANINOVICH, INC. AND
   SUNVIEW VINEYARDS OF CALIFORNIA,
25 INC.; ET AL.,

26          Defendants.

27

28
                                    1
   DECLARATION OF MARTHA BAUTISTA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
                                CERTIFICATION

Additional Counsel:
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
ADELSTEIN & DICKINSON
IRA L. GOTTLIEB (STATE BAR NO. 103236)
E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
DAVID S. ADELSTEIN (STATE BAR NO. 105250)
500 NORTH CENTRAL AVENUE, SUITE 800
GLENDALE, CA 91203
(818) 973-3200; FAX (818)973-3201

LAW OFFICES OF MARCOS CAMACHO
MARCOS CAMACHO (SBN  123501)
THOMAS PATRICK LYNCH (SBN 159277)
MARIO G. MARTINEZ (SBN 200721)
1227 California Avenue
Bakersfield, CA 93304
Telephone (661) 324-8100
Facsimile (661) 324-8103
Email: mcamacho@mclawmail.com

MCNICHOLAS & MCNICHOLAS, LLP
PATRICK MCNICHOLAS SBN-125868
MATTHEW S. MCNICHOLAS SBN-190249
10866 WILSHIRE BL., SUITE 1400
LOS ANGELES, CA 90024-4338
(310) 474-1582; FAX (310)475-7871
EMAIL: MSM@MCNICHOLASLAW.COM

Yo, Martha Bautista, declaro lo siguiente:

1.     Tengo conocimiento personal de los hechos que relato a continuación, y si fuera llamada a dar testimonio sobre ellos en corte, lo haría competentemente.

2.     Estoy empleada con Sunview Vineyards desde diciembre 2000 hasta el presente. Trabaje en  la cuadrilla número 240.    Mi primer mayordomo fue Chavelo Rivera.   En este momento trabajo para el mayordomo Salvador Tamallo.  Durante la temporada de cosecha, trabajo como empacadora de uvas.  Durante la temporada antes de la cosecha el trabajo que hago incluye tipiar, piscar y desojar.  También trabajo en la poda.

3.     Durante la temporada de la cosecha, mi cuadrilla tenía que llegar a trabajar aproximadamente 15 a 20 minutos antes de la hora oficial de entrada.   Los mayordomos nos decían que teníamos que llegar temprano para preparar los materiales, incluyendo las mesas,

2

1   bandejas, cajas y carretillas.  Durante la cosecha, teníamos que atender a la escuelita  antes del

2   comienzo de la hora de la entrada oficial.   Escuelita era el tiempo en que el mayordomo habla con

3   toda la cuadrilla sobre el trabajo y es donde se reganaban a ciertos trabajadores por el atraso en sus

4   trabajos o por hacer sus trabajos incorrectamente.  No nos pagaban por este tiempo antes de la

5   hora de entrada que teníamos que pasar preparando las áreas de trabajo y atendiendo a la escuelita.

6

7   También teníamos escuela en los trabajos antes de la cosechas y se hacía antes de la hora de

8   entrada de trabajo.  La escuela en la temporada antes de la cosecha dura de 5 a 10 minutos.  Hace

9   aproximadamente 2 o 3 años ya no se nos obliga hacer el trabajo antes de la hora oficial de entrada

10  al trabajo.

11       4.      Durante cada temporada de cosecha, teníamos que seguir empacando las uvas y

12  limpiando nuestros sitios de trabajo después de que el mayordomo nos avisaba que ya se había

13  terminado el turno oficial.  Por lo general, tenía que quedarme 5-10 minutos después del turno 2 a

14  4 veces cada semana para poder terminar mi trabajo.  La compañía no pagaba por el tiempo que

15  trabajábamos después del término del turno oficial en la temporada de la cosecha. Esta práctica ya

16

17  paro hace 2 o 3 anos.

18       5.      Durante las temporadas de la cosecha, teníamos que lavar las bandejas en las casa.

19  El mayordomo nos decía que teníamos que lavar las bandejas regularmente y que no podíamos

20  trabajar con bandejas sucias.  El mayordomo también nos decía que éramos responsables por las

21  bandejas y la pesa y si fueran perdidas, quebradas o robadas.  Cada día tenía que llevarme 7 a 8

22  bandejas para lavarlas.  Este trabajo duraba aproximadamente 15 minutos para completarse.  No se

23  nos pagó por el tiempo que durábamos lavando las bandejas, ni tampoco se nos reembolso por el

24  jabón o cloro para completar este trabajo.  Incluso, para que no nos robaran las carretillas, yo le

25  pagaba a un compañero de trabajo que me llevara mi carretilla a su casa, siempre pagándole 5

26  dólares, de 2 a 4 veces por semana.  Teníamos que hacer eso porque los mayordomos dijeron que

27  nosotros éramos responsable por las carretillas si se perdían o robaban.

28

3

DECLARATION OF CECILIA MOJARRO IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

6.      Después, hace como 3 años, la compañía empezó a traer camionetas en el campo para que los trabajadores pudieran dejar sus bandejas y pesas allí.   Ya no tenemos que llevarnos los materiales a la casa.

7.      Sunview nunca nos proporciono todas las herramientas necesarias para realizar mi trabajo.  La compañía nos daba unas tijeras a cada trabajador, pero cuando estas tijeras se quebraban o se desgastaban, teníamos que comprar tijeras propias.  La compañía si proveía guantes al principio de la temporada, pero cuando ya se gastaban teníamos que comprar más.  Aproximadamente compraba guantes  2 a 3 veces por semana, gastándome 5 a 7 dólares cada semana.   Yo compraba una o dos tijeras por temporada y gastaba de 5 a 8 dólares por tijera.

Declaro y afirmo, bajo pena de perjurio bajo las leyes de los Estados Unidos, que lo anterior es correcto y verdadero.

Ejecutado en Mayo __7__, 2011 en Delano, California.

Por: _____
MARTHA BAUTISTA

<hr>

4

DECLARATION OF CECILIA MOJARRO IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY SBN – 38022
ERIC B. KINGSLEY SBN – 185123
eric@kingsleykingsley.com
STEVE L. HERNANDEZ SBN-229065
shernandez@kingsleykingsley.com
16133 VENTURA BL., SUITE 1200
ENCINO, CA 91436
(818)990-8300; FAX (818) 990-2903

STAN S. MALLISON (Bar No. 184191)
    StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
    HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar. No. 242340)
    MPalau@TheMMLawFirm.com
JESSICA JUAREZ (Bar No. 269600)
    JJuarez@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101


ATTORNEYS FOR PLAINTIFFS
[ADDITIONAL PLAINTIFF COUNSEL, NEXT PAGE]

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO ROJAS, JOSEPHINO RAMIREZ, CATALINA ROBLES, JUAN MONTES; BENITO ESPINO, GUILLERMINA PEREZ; ON BEHALF OF THEMSELVES AND A CLASS OF OTHERS SIMILARLY SITUATED, | CASE NO. 1:09-CV-00705-AWI-SMS |
| Plaintiffs, | DECLARATION OF JOSE H. CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |
| v. | |
| MARKO ZANINOVICH, INC. AND SUNVIEW VINEYARDS OF CALIFORNIA, INC.; ET AL., | |
| Defendants. | |

1  Additional Counsel:
   BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
2  ADELSTEIN & DICKINSON
   IRA L. GOTTLIEB (STATE BAR NO. 103236)
3  E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
   DAVID S. ADELSTEIN (STATE BAR NO. 105250)
4  500 NORTH CENTRAL AVENUE, SUITE 800
   GLENDALE, CA 91203
5  (818) 973-3200; FAX (818)973-3201

6  LAW OFFICES OF MARCOS CAMACHO
   MARCOS CAMACHO (SBN  123501)
7  THOMAS PATRICK LYNCH (SBN 159277)
   MARIO G. MARTINEZ (SBN 200721)
8  1227 California Avenue
   Bakersfield, CA 93304
9  Telephone (661) 324-8100
   Facsimile (661) 324-8103
10 Email: mcamacho@mclawmail.com

11 MCNICHOLAS & MCNICHOLAS, LLP
   PATRICK MCNICHOLAS SBN-125868
12 MATTHEW S. MCNICHOLAS SBN-190249
   10866 WILSHIRE BL., SUITE 1400
13 LOS ANGELES, CA 90024-4338
   (310) 474-1582; FAX (310)475-7871
14 EMAIL: MSM@MCNICHOLASLAW.COM

15

16

17     I, Jose H. Campos, declare as follows:

18         1.     I have personal knowledge of the facts that I state as follows, and if I were called to

19 testify about them in court, I would competently do so.

20         2.     I am an employee of Sunview Vineyards.  I started working at Sunview in April,

21 1974 approximately.

22         3.     During my employment with Sunview I have worked the grape harvest and I also

23 performed pruning work and other things during the seasons that were not harvesting seasons.  I

24 was/am a member of crew number 100, along with approximately 80 workers.  In my years with

25 Sunview there were several foremen for my crew.

26

27

28
                                    2
   ────────────────────────────────────────────────────────────
   DECLARATION OF JOSE H. CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION
                              CERTIFICATION

4.      During harvesting season, I work with two more persons in my group. The group consists of two persons that are generally picking and one that packs.

5.      During harvesting and at other times they would pay me per hour and per piece. For example, the last harvest I worked they would pay me approximately $8.00 per hour, plus $.40 per box of packed grapes.

6.      At other times, when I did pruning and other things, they would pay me per piece and per hour.

7.      During the harvest, I had to arrive at work approximately 15 minutes before the start time to prepare the equipment and the work area.

8.      For example, when I arrived, I had to carry the trays and the scales and take them from the car to the field. I also had to prepare the table, bags and boxes we used to pack. Besides that, they would force us to attend a meeting they called "school" daily.

9.      At the school, they would give us work instructions. For example, they would tell us how and when we had to pick and pack that day-to say, they would give us the assignment for that day-and they also used the school to reprimand us. For example, if some production goal had not been accomplished, they would reprimand us at the school and they would say we had to work faster. That time worked preparing our materials and attending school was not paid to us. This changed approximately 3 years ago.

10.     At the end of the shift, we also had to do work without being compensated.

11.     The foreman would give notice that the shift had ended. Sometimes we would go on working to fulfill the day's task and to put the table, the equipment and the grape boxes in order. We worked approximately between 5 to 15 minutes 2 to 3 times per week after the shift ended. That time was not paid to us.

12.     This practice stopped approximately 3 years ago.

3

DECLARATION OF JOSE H. CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION

13.     Besides this work that was done after the shift on the field, during harvesting, each worker had to take along approximately 5 trays to wash them.  This way, they would be ready for the harvesting the following day.

14.     I and many workers I know from Sunview used to wash the trays at our homes.  This was a rule of the job.

15.     The time we spent moving trays from the field to the house and back was not paid, nor the time we took washing the trays.  I was not reimbursed either for the cost of water and detergent that I would use to wash the trays, not the use of my own car to move the trays.  I would spend one and a half hour washing my trays every day.  The trays do not have to be washed anymore since approximately 3 years ago.

16.     Four or five years ago, it was mandatory to show up to work even if it was raining or it was foggy.  When this happened, the foreman would make us wait until Sunview made the decision to let us work or send us home.  I was never paid for waiting time.  This occurred from time to time.

I declare and affirm, under penalty of perjury, that the foregoing is true and correct.  Signed this May 7, 2011 in Delano, California.

_____
Jose H. Campos

DECLARATION OF JOSE H. CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION

**Declaration of Reading**

I declare, under penalty of perjury under the laws of the United States, that this declaration was read to me aloud and that the content is true and correct. Executed in _____, California.

_____ Date:_____

I declare under penalty of perjury under the laws of the United States that I am able to read in Spanish and that I accurately read the foregoing declaration to the declarant in Spanish and that he affirmed that the contents of the declaration were true and correct. Executed in _____, California.

_____Date:_____

DECLARATION OF JOSE H. CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION

# CERTIFICATION

I, HEREBY CERTIFY THAT I AM FLUENT IN BOTH THE ENGLISH AND THE SPANISH LANGUAGES AND THAT I HAVE TRANSLATED FROM SPANISH INTO ENGLISH TO THE BEST OF MY ABILITY THE FOLLOWING DOCUMENT:

- Declaration of Jose H. Campos, a Declaration in Support of Plaintiffs' Motion for Class Certification, Case No. 1:09-cv-00705.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this May 16, 2011 in the City of San Rafael, County of Marin, California.

CONCHITA B. LOZANO
May 16, 2011
CERTIFIED COURT INTERPRETER TRANSLATOR
FOR THE STATE OF CALIFORNIA (#300552) AND THE
U.S. DISTRICT COURTS (#98-066)

1   KINGSLEY & KINGSLEY, APC
    GEORGE R. KINGSLEY SBN – 38022
2   ERIC B. KINGSLEY SBN -- 185123
    eric@kingsleykingsley.com
3   STEVE L. HERNANDEZ SBN-229065
    shernandez@kingsleykingsley.com
4   16133 VENTURA BL., SUITE 1200
    ENCINO, CA 91436
5   (818)990-8300; FAX (818) 990-2903

6   STAN S. MALLISON (Bar No. 184191)
       StanM@TheMMLawFirm.com
7   HECTOR R. MARTINEZ (Bar No. 206336)
       HectorM@TheMMLawFirm.com
8   MARCO A. PALAU (Bar. No. 242340)
       MPalau@TheMMLawFirm.com
9   JESSICA JUAREZ (Bar No. 269600)
       JJuarez@TheMMLawFirm.com
10  MALLISON & MARTINEZ
    1939 Harrison Street, Suite 730
11  Oakland, California 94612-3547
    Telephone: (510) 832-9999
12  Facsimile: (510) 832-1101

13
    ATTORNEYS FOR PLAINTIFFS
14  [ADDITIONAL PLAINTIFF COUNSEL, NEXT PAGE]

15                  UNITED STATES DISTRICT COURT

16                  EASTERN DISTRICT OF CALIFORNIA

17

18
    SANTIAGO ROJAS, JOSEPHINO          CASE NO. 1:09-cv-00705
19  RAMIREZ, CATALINA ROBLES, JUAN
    MONTES; BENITO ESPINO,
20  GUILLERMINA PEREZ; ON BEHALF OF    DECLARATION OF JOSE H. CAMPOS IN
    THEMSELVES AND A CLASS OF          SUPPORT OF PLAINTIFFS' MOTION FOR
21  OTHERS SIMILARLY SITUATED,         CLASS CERTIFICATION

22            Plaintiffs,

23        v.

24  MARKO ZANINOVICH, INC. AND
    SUNVIEW VINEYARDS OF CALIFORNIA,
25  INC.; ET AL.,

26            Defendants.

27

28
                                      1
    ─────────────────────────────────────────────────────────────
    DECLARATION OF JOSE H. CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
                              CERTIFICATION

1 | Additional Counsel:
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
2 | ADELSTEIN & DICKINSON
IRA L. GOTTLIEB (STATE BAR NO. 103236)
3 | E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
DAVID S. ADELSTEIN (STATE BAR NO. 105250)
4 | 500 NORTH CENTRAL AVENUE, SUITE 800
GLENDALE, CA 91203
5 | (818) 973-3200; FAX (818)973-3201

6 | LAW OFFICES OF MARCOS CAMACHO
MARCOS CAMACHO (SBN  123501)
7 | THOMAS PATRICK LYNCH (SBN 159277)
MARIO G. MARTINEZ (SBN 200721)
8 | 1227 California Avenue
Bakersfield, CA 93304
9 | Telephone (661) 324-8100
Facsimile (661) 324-8103
10 | Email: mcamacho@mclawmail.com

11 | MCNICHOLAS & MCNICHOLAS, LLP
PATRICK MCNICHOLAS SBN-125868
12 | MATTHEW S. MCNICHOLAS SBN-190249
10866 WILSHIRE BL., SUITE 1400
13 | LOS ANGELES, CA 90024-4338
(310) 474-1582; FAX (310)475-7871
14 | EMAIL: MSM@MCNICHOLASLAW.COM

15

16

Yo, Jose H. Campos, declaro lo siguiente:

17

     1.     Tengo conocimiento personal de los hechos que relato a continuación, y si fuera

18

llamado a dar testimonio sobre ellos en corte, lo haría competentemente.

19

     2.     Soy empleado de Sunview Vineyards. Empecé a trabajar en Sunview en Abril de

20

1974, aproximadamente.

21

     3.     Durante mi empleo con Sunview he trabajado en la cosecha de uva y también

22

realicé trabajo de poda y otros en temporadas que no eran de cosecha. Fui/soy miembro de la

23

cuadrilla número 100, junto con aproximadamente 80 trabajadores. En mis años con Sunview eran

24

various mayordomos de mi cuadrilla.

25

     4.     En la temporada de cosecha yo trabajo con dos personas más en mi grupo. El grupo

26

consiste de dos personas que se dedican generalmente a la pisca y una que empaca.

27

28

5.      Durante la cosecha y otras épocas me pagaban por hora y por pieza. Por ejemplo, en la última cosecha que trabajé me pagaban aproximadamente $8.00 por hora, mas $.40 por cada caja de uva empacada.

6.      En otras épocas, cuando realizaba labor de poda y otros me pagaban por pieza y por hora.

7.      Durante la cosecha tenía que llegar al trabajo aproximadamente 15 minutos antes de la hora de entrada para preparar el equipo y el área de trabajo.

8.      Por ejemplo, cuando llegaba tenía que cargar las bandejas y básculas y llevarlas del carro al campo. También tenía que preparar la mesa, bolsas y cajas que utilizábamos para empacar. Además, diario nos obligaban a asistir a una reunión que llamaban "escuela."

9.      En la escuela nos daban instrucciones de trabajo. Por ejemplo, nos decían como y cuanto teníamos que piscar y empacar ese día—es decir, nos daban la tarea de ese día—y también usaban la escuela para regañarnos. Por ejemplo, si alguna meta de producción no se había logrado, en la escuela nos regañaban y decían que teníamos que trabajar más rápido. Este tiempo trabajado en preparar nuestros materiales y asistir la escuela no se nos pagaba. Esto cambio aproximadamente 3 anos.

10.     Al final del turno también teníamos que hacer trabajo sin ser recompensados.

11.     El mayordomo daba el aviso de que el turno había concluido. A veces seguíamos trabajando para cumplir con la tarea del día y para ordenar la mesa, el equipo y las cajas de uva. Trabajamos aproximadamente entre 5 a 15 minutos 2 a 3 veces por semana después de que se terminaba el turno. Este tiempo no se nos pagaba.

12.     Esta practica paro hace aproximadamente 3 anos.

13.     Además de este trabajo que se hacía después del turno en el campo, durante la cosecha cada trabajador se tenía que llevar aproximadamente 5 bandejas consigo para lavarlas. De esta manera, estarían listas para la cosecha el siguiente día.

14.     Yo y muchos de los trabajadores de Sunview que conozco lavábamos las bandejas en nuestras casas. Este eran una regla de trabajo.

1    15.    El tiempo que demorábamos transportando las bandejas del campo hasta la casa y

2  de regreso no se pagaba, ni el tiempo que demorábamos lavando las bandejas. Tampoco se me

3  reembolsó el costo del agua y detergente que usaba para lavar las bandejas, ni el uso de auto

4  propio para el transporte de las bandejas.  Duraba entre una hora o una hora y media lavando mis

5  bandejas todos los días.  Ya no se tienen que lavar las bandejas hace aproximadamente 3 anos.

6    16.    Cuatro o cinco años atrás, era obligatorio presentarse al trabajo aunque estuviera

7  lloviendo o hubiera neblina. Cuando ocurría eso, el mayordomo no hacía esperar hasta que

8  Sunview tomara la decisión de dejarnos trabajar o mandarnos a la casa. Nunca se me pagó por el

9  tiempo que esperaba. Esto ocurrió de vez en cuando.

10

11    Declaro y afirmo, bajo pena de perjurio, que lo anterior es correcto y verdadero. Firmada

12  este 7 de mayo del 2011 en Delano, California.

13

14                                                    *Jose H Campos*

15                                                    Jose H. Campos

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JOSE H. CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

1  KINGSLEY & KINGSLEY, APC
   GEORGE R. KINGSLEY SBN – 38022
2  ERIC B. KINGSLEY SBN – 185123
   eric@kingsleykingsley.com
3  STEVE L. HERNANDEZ SBN-229065
   shernandez@kingsleykingsley.com
4  16133 VENTURA BL., SUITE 1200
   ENCINO, CA 91436
5  (818)990-8300; FAX (818) 990-2903

6  STAN S. MALLISON (Bar No. 184191)
      StanM@TheMMLawFirm.com
7  HECTOR R. MARTINEZ (Bar No. 206336)
      HectorM@TheMMLawFirm.com
8  MARCO A. PALAU (Bar. No. 242340)
      MPalau@TheMMLawFirm.com
9  JESSICA JUAREZ (Bar No. 269600)
      JJuarez@TheMMLawFirm.com
10 MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
11 Oakland, California 94612-3547
   Telephone: (510) 832-9999
12 Facsimile: (510) 832-1101

13
   ATTORNEYS FOR PLAINTIFFS
14 [ADDITIONAL PLAINTIFF COUNSEL, NEXT PAGE]

15                    UNITED STATES DISTRICT COURT

16                    EASTERN DISTRICT OF CALIFORNIA

17

18 SANTIAGO ROJAS, JOSEPHINO          CASE NO. 1:09-CV-00705-AWI-SMS
19 RAMIREZ, CATALINA ROBLES, JUAN
   MONTES; BENITO ESPINO,
20 GUILLERMINA PEREZ; ON BEHALF OF
   THEMSELVES AND A CLASS OF          DECLARATION OF MARIA DE JESUS M.
21 OTHERS SIMILARLY SITUATED,         CAMPOS IN SUPPORT OF PLAINTIFFS'
                                      MOTION FOR CLASS CERTIFICATION
22        Plaintiffs,

23        v.

24 MARKO ZANINOVICH, INC. AND
   SUNVIEW VINEYARDS OF CALIFORNIA,
25 INC.; ET AL.,

26        Defendants.

27

28
                                      1
   DECLARATION OF MARIA DE JESUS M. CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
                              ACTION CERTIFICATION

Additional Counsel:
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
ADELSTEIN & DICKINSON
IRA L. GOTTLIEB (STATE BAR NO. 103236)
E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
DAVID S. ADELSTEIN (STATE BAR NO. 105250)
500 NORTH CENTRAL AVENUE, SUITE 800
GLENDALE, CA 91203
(818) 973-3200; FAX (818)973-3201

LAW OFFICES OF MARCOS CAMACHO
MARCOS CAMACHO (SBN  123501)
THOMAS PATRICK LYNCH (SBN 159277)
MARIO G. MARTINEZ (SBN 200721)
1227 California Avenue
Bakersfield, CA 93304
Telephone (661) 324-8100
Facsimile (661) 324-8103
Email: mcamacho@mclawmail.com

MCNICHOLAS & MCNICHOLAS, LLP
PATRICK MCNICHOLAS SBN-125868
MATTHEW S. MCNICHOLAS SBN-190249
10866 WILSHIRE BL., SUITE 1400
LOS ANGELES, CA 90024-4338
(310) 474-1582; FAX (310)475-7871
EMAIL: MSM@MCNICHOLASLAW.COM

I, Maria de Jesus M. Campos, declare as follows:

1.      I have personal knowledge of the facts that I state as follows, and if I were called to testify about them in court, I would competently do so.

2.      I am an employee of Sunview Vineyards.  I started working at Sunview in April, 1974 approximately.

3.      During my employment with Sunview I have worked the grape harvest and I also performed pruning work and others during the seasons that were not harvesting seasons.  I was/am a member of crew number 100, along with approximately 80 workers.  In my years with Sunview there were several foremen for my crew.

2

DECLARATION OF MARIA DE JESUS M. CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION

4.      During harvesting season, I work with two more persons in my group. The group consists of two persons that are generally picking and one that packs.

5.      During harvesting and at other times they would pay me per hour and per piece. For example, the last harvest I worked they would pay me approximately $8.00 per hour, plus $.40 per box of packed grapes.

6.      At other times, when I did pruning and other things, they would pay me per piece and per hour.

7.      During the harvest, I had to arrive at work approximately 15 minutes before the start time to prepare the equipment and the work area.

8.      For example, when I arrived, I had to carry the trays and the scales and take them from the car to the field. I also had to prepare the table, bags and boxes we used to pack. Besides that, they would force us to attend a meeting they called "school" daily.

9.      At the school, they would give us work instructions. For example, they would tell us how and when we had to pick and pack that day-to say, they would give us the assignment for that day-and they also used the school to reprimand us. For example, if some production goal had not been accomplished, they would reprimand us at the school and they would say we had to work faster. That time worked preparing our materials and attending school was not paid to us. This changed approximately 3 years ago.

10.     At the end of the shift, we also had to do work without being compensated.

11.     The foreman would give notice that the shift had ended. Sometimes we would go on working to fulfill the day's task and to put the table, the equipment and the grape boxes in order. We worked approximately between 5-15 minutes 2 or 3 times per week after the shift was over. That time was not paid to us.

12.     This practice stopped approximately 3 years ago.

3

13.    Besides this work that was done after the shift on the field, during harvesting, each worker had to take along approximately 5 trays to wash them. This way, they would be ready for the harvesting the following day.

14.    I and many workers I know from Sunview used to wash the trays at our homes. This was a rule of the job.

15.    The time we spent moving trays from the field to the house and back was not paid, nor the time we took washing the trays. I was not reimbursed either for the cost of water and detergent that I would use to wash the trays, not the use of my own car to move the trays. My husband would take one and a half hour washing trays every day. We don't have to wash trays anymore since approximately 3 years ago.

16.    Four or five years ago, it was mandatory to show up to work even if it was raining or it was foggy. When this happened, the foreman would make us wait until Sunview made the decision to let us work or send us home. I was never paid for waiting time. This occurred from time to time.

I declare and affirm, under penalty of perjury, that the foregoing is true and correct. Signed this May 7, 2011 in Delano, California.

_____
Maria de Jesus M. Campos

DECLARATION OF MARIA DE JESUS M. CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION

**<u>Declaration of Reading</u>**

I declare, under penalty of perjury under the laws of the United States, that this declaration was read to me aloud and that the content is true and correct. Executed in _____, California.

_____   Date:_____

I declare under penalty of perjury under the laws of the United States that I am able to read in Spanish and that I accurately read the foregoing declaration to the declarant in Spanish and that he affirmed that the contents of the declaration were true and correct. Executed in _____, California.

_____ Date:_____

DECLARATION OF MARIA DE JESUS M. CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION

# CERTIFICATION

I, HEREBY CERTIFY THAT I AM FLUENT IN BOTH THE ENGLISH AND THE SPANISH LANGUAGES AND THAT I HAVE TRANSLATED FROM SPANISH INTO ENGLISH TO THE BEST OF MY ABILITY THE FOLLOWING DOCUMENT:

- Declaration of Maria de Jesus M. Campos, a Declaration in Support of Plaintiffs' Motion for Class Certification, Case No. 1:09-cv-00705.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this May 16, 2011 in the City of San Rafael, County of Marin, California.

CONCHITA B. LOZANO
May 16, 2011
CERTIFIED COURT INTERPRETER TRANSLATOR
FOR THE STATE OF CALIFORNIA (#300552) AND THE
U.S. DISTRICT COURTS (#98-066)

1  KINGSLEY & KINGSLEY, APC
   GEORGE R. KINGSLEY SBN – 38022
2  ERIC B. KINGSLEY SBN – 185123
   eric@kingsleykingsley.com
3  STEVE L. HERNANDEZ SBN-229065
   shernandez@kingsleykingsley.com
4  16133 VENTURA BL., SUITE 1200
   ENCINO, CA 91436
5  (818)990-8300; FAX (818) 990-2903

6  STAN S. MALLISON (Bar No. 184191)
      StanM@TheMMLawFirm.com
7  HECTOR R. MARTINEZ (Bar No. 206336)
      HectorM@TheMMLawFirm.com
8  MARCO A. PALAU (Bar. No. 242340)
      MPalau@TheMMLawFirm.com
9  JESSICA JUAREZ (Bar No. 269600)
      JJuarez@TheMMLawFirm.com
10 MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
11 Oakland, California 94612-3547
   Telephone: (510) 832-9999
12 Facsimile: (510) 832-1101

13
   ATTORNEYS FOR PLAINTIFFS
14 [ADDITIONAL PLAINTIFF COUNSEL, NEXT PAGE]

15              UNITED STATES DISTRICT COURT

16             EASTERN DISTRICT OF CALIFORNIA

17

18 SANTIAGO ROJAS, JOSEPHINO            CASE NO. 1:09-cv-00705
19 RAMIREZ, CATALINA ROBLES, JUAN
   MONTES; BENITO ESPINO,
20 GUILLERMINA PEREZ; ON BEHALF OF      DECLARATION OF MARIA DE JESUS M.
   THEMSELVES AND A CLASS OF            CAMPOS IN SUPPORT OF PLAINTIFFS'
21 OTHERS SIMILARLY SITUATED,           MOTION FOR CLASS CERTIFICATION

22            Plaintiffs,

23       v.

24 MARKO ZANINOVICH, INC. AND
   SUNVIEW VINEYARDS OF CALIFORNIA,
25 INC.; ET AL.,

26            Defendants.

27

28
                                    1
   DECLARATION OF MARIA DE JESUS M. CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
                                CERTIFICATION

1  Additional Counsel:
   BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
2  ADELSTEIN & DICKINSON
   IRA L. GOTTLIEB (STATE BAR NO. 103236)
3  E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
   DAVID S. ADELSTEIN (STATE BAR NO. 105250)
4  500 NORTH CENTRAL AVENUE, SUITE 800
   GLENDALE, CA 91203
5  (818) 973-3200; FAX (818)973-3201

6  LAW OFFICES OF MARCOS CAMACHO
   MARCOS CAMACHO (SBN  123501)
7  THOMAS PATRICK LYNCH (SBN 159277)
   MARIO G. MARTINEZ (SBN 200721)
8  1227 California Avenue
   Bakersfield, CA 93304
9  Telephone (661) 324-8100
   Facsimile (661) 324-8103
10 Email: mcamacho@mclawmail.com

11 MCNICHOLAS & MCNICHOLAS, LLP
   PATRICK MCNICHOLAS SBN-125868
12 MATTHEW S. MCNICHOLAS SBN-190249
   10866 WILSHIRE BL., SUITE 1400
13 LOS ANGELES, CA 90024-4338
   (310) 474-1582; FAX (310)475-7871
14 EMAIL: MSM@MCNICHOLASLAW.COM

15

16

   Yo, Jose H. Campos, declaro lo siguiente:
17
        1.      Tengo conocimiento personal de los hechos que relato a continuación, y si fuera
18
   llamado a dar testimonio sobre ellos en corte, lo haría competentemente.
19
        2.      Soy empleado de Sunview Vineyards. Empecé a trabajar en Sunview en Abril de
20
   1974, aproximadamente.
21
        3.      Durante mi empleo con Sunview he trabajado en la cosecha de uva y también
22
   realicé trabajo de poda y otros en temporadas que no eran de cosecha. Fui/soy miembro de la
23
   cuadrilla número 100, junto con aproximadamente 80 trabajadores. En mis años con Sunview eran
24
   varios mayordomos de mi cuadrilla.
25
        4.      En la temporada de cosecha yo trabajo con dos personas más en mi grupo. El grupo
26
   consiste de dos personas que se dedican generalmente a la pisca y una que empaca.
27

28

---

2

DECLARATION OF MARIA DE JESUS CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

5.      Durante la cosecha y otras épocas me pagaban por hora y por pieza. Por ejemplo, en la última cosecha que trabajé me pagaban aproximadamente $8.00 por hora, mas $.40 por cada caja de uva empacada.

6.      En otras épocas, cuando realizaba labor de poda y otros me pagaban por pieza y por hora.

7.      Durante la cosecha tenía que llegar al trabajo aproximadamente 15 minutos antes de la hora de entrada para preparar el equipo y el área de trabajo.

8.      Por ejemplo, cuando llegaba tenía que cargar las bandejas y básculas y llevarlas del carro al campo.  También tenía que preparar la mesa, bolsas y cajas que utilizábamos para empacar. Además, diario nos obligaban a asistir a una reunión que llamaban "escuela."

9.      En la escuela nos daban instrucciones de trabajo. Por ejemplo, nos decían como y cuanto teníamos que piscar y empacar ese día—es decir, nos daban la tarea de ese día—y también usaban la escuela para regañarnos. Por ejemplo, si alguna meta de producción no se había logrado, en la escuela nos regañaban y decían que teníamos que trabajar más rápido.  Este tiempo trabajado en preparar nuestros materiales y asistir la escuela no se nos pagaba.  Esto cambio aproximadamente 3 anos.

10.      Al final del turno también teníamos que hacer trabajo sin ser recompensados.

11.      El mayordomo daba el aviso de que el turno había concluido. A veces seguíamos trabajando para cumplir con la tarea del día y para ordenar la mesa, el equipo y las cajas de uva. Trabajamos aproximadamente entre 5 a 15 minutos 2 a 3 veces por semana después de que se terminaba el turno.  Este tiempo no se nos pagaba.

12.      Esta practica paro hace aproximadamente 3 anos.

13.      Además de este trabajo que se hacía después del turno en el campo, durante la cosecha cada trabajador se tenía que llevar aproximadamente 5 bandejas consigo para lavarlas. De esta manera, estarían listas para la cosecha el siguiente día.

14.      Yo y muchos de los trabajadores de Sunview que conozco lavábamos las bandejas en nuestras casas. Este eran una regla de trabajo.

3
DECLARATION OF MARIA DE JESUS CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

15.     El tiempo que demorábamos transportando las bandejas del campo hasta la casa y de regreso no se pagaba, ni el tiempo que demorábamos lavando las bandejas. Tampoco se me reembolsó el costo del agua y detergente que usaba para lavar las bandejas, ni el uso de auto propio para el transporte de las bandejas.  Mi esposo duraba entre una hora u hora y media lavando bandejas todos los días.  Ya no tenemos que lavar las bandejas hace aproximadamente 3 anos.

16.     Cuatro o cinco años atrás, era obligatorio presentarse al trabajo aunque estuviera lloviendo o hubiera neblina. Cuando ocurría eso, el mayordomo no hacía esperar hasta que Sunview tomara la decisión de dejarnos trabajar o mandarnos a la casa. Nunca se me pagó por el tiempo que esperaba. Esto ocurrió de vez en cuando.

Declaro y afirmo, bajo pena de perjurio, que lo anterior es correcto y verdadero. Firmada este 7 de mayo del 2011 en Delano, California.

Maria de Jesus M. Campos

DECLARATION OF MARIA DE JESUS CAMPOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  KINGSLEY & KINGSLEY, APC
   GEORGE R. KINGSLEY SBN – 38022
2  ERIC B. KINGSLEY SBN – 185123
   eric@kingsleykingsley.com
3  STEVE L. HERNANDEZ SBN-229065
   shernandez@kingsleykingsley.com
4  16133 VENTURA BL., SUITE 1200
   ENCINO, CA 91436
5  (818)990-8300; FAX (818) 990-2903

6  STAN S. MALLISON (Bar No. 184191)
      StanM@TheMMLawFirm.com
7  HECTOR R. MARTINEZ (Bar No. 206336)
      HectorM@TheMMLawFirm.com
8  MARCO A. PALAU (Bar. No. 242340)
      MPalau@TheMMLawFirm.com
9  JESSICA JUAREZ (Bar No. 269600)
      JJuarez@TheMMLawFirm.com
10 MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
11 Oakland, California 94612-3547
   Telephone: (510) 832-9999
12 Facsimile: (510) 832-1101

13
   ATTORNEYS FOR PLAINTIFFS
14 [ADDITIONAL PLAINTIFF COUNSEL, NEXT PAGE]

15              UNITED STATES DISTRICT COURT

16             EASTERN DISTRICT OF CALIFORNIA

17

18
   SANTIAGO ROJAS, JOSEPHINO          CASE NO. 1:09-CV-00705-AWI-SMS
19 RAMIREZ, CATALINA ROBLES, JUAN
   MONTES; BENITO ESPINO,
20 GUILLERMINA PEREZ; ON BEHALF OF
   THEMSELVES AND A CLASS OF          DECLARATION OF MARTINA CEBALLOS
21 OTHERS SIMILARLY SITUATED,         IN SUPPORT OF PLAINTIFFS' MOTION
                                      FOR CLASS CERTIFICATION
22             Plaintiffs,

23        v.

24 MARKO ZANINOVICH, INC. AND
   SUNVIEW VINEYARDS OF CALIFORNIA,
25 INC.; ET AL.,

26             Defendants.

27

28
                                      1
   DECLARATION OF MARTINA CEBALLOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION
                                 CERTIFICATION

1  Additional Counsel:
   BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
2  ADELSTEIN & DICKINSON
   IRA L. GOTTLIEB (STATE BAR NO. 103236)
3  E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
   DAVID S. ADELSTEIN (STATE BAR NO. 105250)
4  500 NORTH CENTRAL AVENUE, SUITE 800
   GLENDALE, CA 91203
5  (818) 973-3200; FAX (818)973-3201

6  LAW OFFICES OF MARCOS CAMACHO
   MARCOS CAMACHO (SBN  123501)
7  THOMAS PATRICK LYNCH (SBN 159277)
   MARIO G. MARTINEZ (SBN 200721)
8  1227 California Avenue
   Bakersfield, CA 93304
9  Telephone (661) 324-8100
   Facsimile (661) 324-8103
10 Email: mcamacho@mclawmail.com

11 MCNICHOLAS & MCNICHOLAS, LLP
   PATRICK MCNICHOLAS SBN-125868
12 MATTHEW S. MCNICHOLAS SBN-190249
   10866 WILSHIRE BL., SUITE 1400
13 LOS ANGELES, CA 90024-4338
   (310) 474-1582; FAX (310)475-7871
14 EMAIL: MSM@MCNICHOLASLAW.COM

15

16

    I, Martina Ceballos, declare as follows:
17
        1.      I have personal knowledge of the facts that I state as follows, and if I were called to
18
   testify about them in court, I would competently do so.
19
20      2.      I was an employee of Sunview Vineyards from January, 2002 until the middle of

21 2008.  I worked in crew number 300.  My foremen were Lino Martinez and Fidencio Medrano.

22 During picking season, I worked as a grape packer.  I also worked the season before the picking, at

23 that time I worked tipping, de-leafing and de-budding.  I even worked thinning but in crew 140.

24      3.      Copies of my check stubs for the years 2002-2005 are attached.  On some check

25 stubs it shows that they were still paying me $6.50 the hours, when the amount of minimum salary

26 had already changed to $6.75.

27

28
                                            2
   ─────────────────────────────────────────────────────────────
   DECLARATION OF MARTINA CEBALLOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION
                                    CERTIFICATION

4.      During the picking season, we had to arrive early in order to prepare the materials, including the tables, trays and boxes. I had to place labels (they indicated the amount of pounds of grapes) on the grape boxes and that would usually take longer. The preparation we did daily to be able to start working would usually take us 15-20 minutes. During picking, we had to attend school 15-20 minutes daily before the beginning of the official start time. School was the time when the foreman talked to the entire crew about work, about the things we were doing incorrectly. I believe they did it in order to pressure us more at work. They did not pay us for this time before the start time that we had to spend preparing the work areas and attending school.

5.      During the picking seasons, we had to wash the trays at home. The foreman would tell us that we had to wash the trays daily and that we could not work with dirty trays. The foreman would also tell us that we were responsible for the trays and the scale if they got lost, broken or stolen. I had to take home approximately 4 trays every day. This work would take approximately 30 minutes to complete. We were not paid for the time we spent washing trays, not were we reimbursed for the soap or chlorine to complete this work. Approximately 2 years ago before I stopped working at the company, this practice changed. Since then, we had to leave the trays at work in a trailer the company had. I don't know who washed the trays at that time.

6.      During the season before the picking, I had to arrive approximately 10-15 minutes early to attend school.

I declare and affirm, under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

DECLARATION OF MARTINA CEBALLOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION

1    Executed this May 7, 2011 in Delano, California.

2

3

4

5                                        By: _____

6                                            MARTINA CEBALLOS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                    .

26

27

28
                                        4

**Declaration of Reading**

I declare, under penalty of perjury under the laws of the United States, that this declaration was read to me aloud and that the content is true and correct. Executed in _____, California.

_____   Date:_____

I declare under penalty of perjury under the laws of the United States that I am able to read in Spanish and that I accurately read the foregoing declaration to the declarant in Spanish and that he affirmed that the contents of the declaration were true and correct.  Executed in _____, California.

_____Date:_____

DECLARATION OF MARTINA CEBALLOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS ACTION CERTIFICATION

219982 Average Rate Earned Per Hour This Pay Period ** 339.60

| CREW | | NAME | | | | | SOC. SECURITY NO. | PAY PERIOD |
|------|------|------|------|------|------|------|------|------|
| 30 | CEBALLOS | MARTINA | | | | | 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 | 12/15/05 TO 12/21/05 |

| PAY CODE | PAY TYPE | HOURS OR PIECES | RATE | EARNINGS | MISCELLANEOUS DEDUCTIONS | | |
|------|------|------|------|------|------|------|------|
| | | | | | CODE | DESCRIPTION | AMOUNT |
| 21 | PCS-REG | 283.00 | .3000 | 84.90 | | | |
| 400 | VAC. PA | .25 | | | | | |

Cantidad Promedio Ganada Por Hora Por Este Periodo de Paga **339.60

| HRS THS YEAR | GROSS | FED. INC. TAX | F.I.C.A. | S.I.T. | S.D.I. | MISC. | NET PAY |
|------|------|------|------|------|------|------|------|
| 1283 | 84.90 | | 6.49 | | .76 | | 77.65 |

SUNVIEW VINEYARDS OF CALIFORNIA, INC.
31381 POND ROAD, SUITE 4
MC FARLAND, CA 93250-9795

EARNINGS STATEMENT
77-05559356

PAYROLL ACCOUNT
DETACH BEFORE CASHING CHECK

THE COMPANY HAS CONTRIBUTED OR SPENT THE FOLLOWING ON YOUR BEHALF

| SOCIAL SECURITY | UNEMPLOY. INS. | W/C INS. | HEALTH INSURANCE | SENIORITY HRS. |
|------|------|------|------|------|
| 6.49 | | 4.07 | | 2,520 |

285729  Average Rate Earned Per Hour This Pay Period **  8.12 **

| CREW |  | NAME |  | SOC. SECURITY NO. | PAY PERIOD |
|------|--|------|--|-------------------|------------|
| 30 | CEBALLOS | MARTINA |  | 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 | 11/15/04 TO 11/18/04 |

| PAY CODE | PAY TYPE | HOURS OR PIECES | RATE | EARNINGS | CODE | MISCELLANEOUS DEDUCTIONS DESCRIPTION | AMOUNT |
|----------|----------|-----------------|------|----------|------|--------------------------------------|--------|
| 11 | HRS-REG | 31.75 | 6.7500 | 214.32 |  |  |  |
| 21 | PCS-REG | 109.00 | .4000 | 43.60 |  |  |  |

Cantidad Promedio Ganada por Hora Por Este Periodo de Paga **  8.12 **

| HRS PHS YEAR | GROSS | FED. INC. TAX | F.I.C.A. | S.I.T. | S.D.I. | MISC. | NET PAY |
|--------------|-------|---------------|----------|--------|--------|-------|---------|
| 721 | 257.92 |  | 19.73 |  | 3.04 |  | 235.15 |

SUNVIEW VINEYARDS OF CALIFORNIA, INC.
31381 POND ROAD, SUITE 4
MC FARLAND, CA 93850-9795

EARNINGS STATEMENT

PAYROLL ACCOUNT

THE COMPANY HAS CONTRIBUTED OR SPENT THE FOLLOWING ON YOUR BEHALF   77-0559356

DETACH BEFORE CASHING CHECK

| SOCIAL SECURITY | UNEMPLOYMENT | W/C INS. | HEALTH INSURANCE | VISION | SENIORITY HRS. |
|-----------------|--------------|----------|------------------|--------|----------------|
| 19.73 | 13.92 | 12.38 | 100.00 | 9.60 | 3.242 |

363808

| CREW | NAME | | | | SOC. SECURITY NO. | PAY PERIOD |
|---|---|---|---|---|---|---|
| 30 | CEBALLOS       MARTINA | | | | 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 | 12/05/05 TO 12/07/05 |

| PAY CODE | PAY TYPE | HOURS OR PIECES | RATE | EARNINGS | MISCELLANEOUS DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| | | | | | CODE | DESCRIPTION | AMOUNT |
| 11 | HRS-REG | 25.00 | 7.0000 | 175.00 | | | |
| 21 | PCS-REG | 301.00 | .3000 | 90.30 | | | |
| 21 | PCS-REG | 68.00 | .4000 | 27.20 | | | |
| 400 | VAC. PA | .25 | | | | | |

| HRS THIS YEAR | GROSS | FED. INC. TAX | F.I.C.A. | S.I.T. | S.D.I. | MISC. | NET PAY |
|---|---|---|---|---|---|---|---|
| 1300 | 292.50 | | 22.38 | | 3.16 | | 266.96 |

SUNVIEW VINEYARDS OF CALIFORNIA. INC.
31381 POND ROAD, SUITE 4
MC FARLAND, CA 93250-9785

EARNINGS STATEMENT
77-0559356

PAYROLL ACCOUNT

DETACH BEFORE CASHING CHECK

THE COMPANY HAS CONTRIBUTED OR SPENT THE FOLLOWING ON YOUR BEHALF

| SOCIAL SECURITY | UNEMPLOY. INS. | W/C INS. | HEALTH INSURANCE | | SENIORITY HRS. |
|---|---|---|---|---|---|
| 22.38 | | 14.04 | | | 4,542 |

| NAME | | | | SOC. SECURITY NO. | PAY PERIOD | |
|---|---|---|---|---|---|---|
| CEBALLOS MARTINA | | | | 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 | 11/11/02 TO 11/17/02 | |

| PAY TYPE | HOURS OR PIECES | RATE | EARNINGS | MISCELLANEOUS DEDUCTIONS | | |
|---|---|---|---|---|---|---|
| | | | | CODE | DESCRIPTION | AMOUNT |
| HRS-REG | 37.50 | 6.5000 | 243.75 | | | |
| PCS-REG | 100.00 | .4000 | 40.00 | | | |

ntidad Promedio Ganada Por Hora Por Este Periodo de Paga ** 7.57 **

| THIS YEAR | GROSS | FED. INC. TAX | F.I.C.A. | S.I.T. | S.D.I. | MISC. | NET PAY |
|---|---|---|---|---|---|---|---|
| 1159 | 283.75 | | 21.70 | | 2.55 | | 259.50 |

SUNVIEW VINEYARDS OF CALIFORNIA, INC.
31381 POND ROAD, SUITE 4
MC FARLAND, CA 93250-9795

EARNINGS STATEMENT
77-0559356

PAYROLL ACCOUNT

DETACH BEFORE CASHING CHECK

HE COMPANY HAS CONTRIBUTED OR SPENT THE FOLLOWING ON YOUR BEHALF

| IAL SECURITY | UNEMPLOY. INS. | W/C INS. | HEALTH INSURANCE | | SENIORITY HRS. |
|---|---|---|---|---|---|
| 21.70 | | 13.62 | | | 1,159 |

# CERTIFICATION

I, HEREBY CERTIFY THAT I AM FLUENT IN BOTH THE ENGLISH AND THE SPANISH LANGUAGES AND THAT I HAVE TRANSLATED FROM SPANISH INTO ENGLISH TO THE BEST OF MY ABILITY THE FOLLOWING DOCUMENT:

- Declaration of Martina Ceballos, a Declaration in Support of Plaintiffs' Motion for Class Certification, Case No. 1:09-cv-00705.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this May 16, 2011 in the City of San Rafael, County of Marin, California.

CONCHITA B. LOZANO
May 16, 2011
CERTIFIED COURT INTERPRETER TRANSLATOR
FOR THE STATE OF CALIFORNIA (#300552) AND THE
U.S. DISTRICT COURTS (#98-066)

1   KINGSLEY & KINGSLEY, APC
    GEORGE R. KINGSLEY SBN – 38022
2   ERIC B. KINGSLEY SBN -- 185123
    eric@kingsleykingsley.com
3   STEVE L. HERNANDEZ SBN-229065
    shernandez@kingsleykingsley.com
4   16133 VENTURA BL., SUITE 1200
    ENCINO, CA 91436
5   (818)990-8300; FAX (818) 990-2903

6   STAN S. MALLISON (Bar No. 184191)
      StanM@TheMMLawFirm.com
7   HECTOR R. MARTINEZ (Bar No. 206336)
      HectorM@TheMMLawFirm.com
8   MARCO A. PALAU (Bar. No. 242340)
      MPalau@TheMMLawFirm.com
9   JESSICA JUAREZ (Bar No. 269600)
      JJuarez@TheMMLawFirm.com
10  MALLISON & MARTINEZ
    1939 Harrison Street, Suite 730
11  Oakland, California 94612-3547
    Telephone: (510) 832-9999
12  Facsimile: (510) 832-1101

13
    ATTORNEYS FOR PLAINTIFFS
14  [ADDITIONAL PLAINTIFF COUNSEL, NEXT PAGE]

15                  UNITED STATES DISTRICT COURT

16                  EASTERN DISTRICT OF CALIFORNIA

17

18
    SANTIAGO ROJAS, JOSEPHINO          CASE NO. 1:09-cv-00705
19  RAMIREZ, CATALINA ROBLES, JUAN
    MONTES; BENITO ESPINO,
20  GUILLERMINA PEREZ; ON BEHALF OF    DECLARATION OF MARTINA CEBALLOS
    THEMSELVES AND A CLASS OF          IN SUPPORT OF PLAINTIFFS' MOTION
21  OTHERS SIMILARLY SITUATED,         FOR CLASS CERTIFICATION

22             Plaintiffs,

23         v.

24  MARKO ZANINOVICH, INC. AND
    SUNVIEW VINEYARDS OF CALIFORNIA,
25  INC.; ET AL.,

26             Defendants.

27

28

Additional Counsel:
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
ADELSTEIN & DICKINSON
IRA L. GOTTLIEB (STATE BAR NO. 103236)
E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
DAVID S. ADELSTEIN (STATE BAR NO. 105250)
500 NORTH CENTRAL AVENUE, SUITE 800
GLENDALE, CA 91203
(818) 973-3200; FAX (818)973-3201

LAW OFFICES OF MARCOS CAMACHO
MARCOS CAMACHO (SBN 123501)
THOMAS PATRICK LYNCH (SBN 159277)
MARIO G. MARTINEZ (SBN 200721)
1227 California Avenue
Bakersfield, CA 93304
Telephone (661) 324-8100
Facsimile (661) 324-8103
Email: mcamacho@mclawmail.com

MCNICHOLAS & MCNICHOLAS, LLP
PATRICK MCNICHOLAS SBN-125868
MATTHEW S. MCNICHOLAS SBN-190249
10866 WILSHIRE BL., SUITE 1400
LOS ANGELES, CA 90024-4338
(310) 474-1582; FAX (310)475-7871
EMAIL: MSM@MCNICHOLASLAW.COM

Yo, Martina Ceballos, declaro lo siguiente:

1.    Tengo conocimiento personal de los hechos que relato a continuación, y si fuera llamada a dar testimonio sobre ellos en corte, lo haría competentemente.

2.    Fui empleada de Sunview Vineyards desde enero 2002 hasta mediados del 2008.  Trabaje en la cuadrilla número 300.  Mis mayordomos fueron Lino Martinez y Fidencio Medrano.  Durante la temporada de pisca, trabaje de empacadora de uvas.  También trabaje en la temporada antes de la pisca, en ese entonces trabajaba en el tipeo, el deshoje y el desbrote.  Incluso, trabaje en la poda, pero en la cuadrilla 140.

DECLARATION OF MARTINA CEBALLOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

3.     Adjunto con lo presente, se encuentran copias de mis talones de cheques, de los años 2002-2005.   En unos de esos talones de cheque se muestra que todavía me pagaban $6.50 la hora, cuando ya se había cambiado la cantidad del sueldo mínimo a $6.75.

4.     Durante la temporada de la pisca, teníamos que llegar temprano para preparar los materiales, incluyendo las mesas, las bandejas, y las cajas.   Tenía que poner etiquetas (señalaban la cantidad de liras de uvas) a las cajas de uvas, eso usualmente tomaba el más tiempo.   La preparación que hacíamos diario para poder empezar a trabajar nos duraba 15-20 minutos.   Durante la pisca, teníamos que atender a la escuelita 15-20 minutos diariamente antes del comienzo de la hora de la entrada oficial.   Escuelita era el tiempo en que el mayordomo hablaba con toda la cuadrilla sobre el trabajo, sobre todas las cosas que estábamos haciendo incorrectamente.   Yo creo que lo hacían para ponerlos mas presión en el trabajo.   No nos pagaban por este tiempo antes de la hora de entrada que teníamos que pasar preparando las áreas de trabajo y atendiendo a la escuelita.

5.     Durante las temporadas de la pisca, teníamos que lavar las bandejas en la casa.   El mayordomo nos decía que teníamos que lavar las bandejas diariamente y que no podíamos trabajar con bandejas sucias.   El mayordomo también nos decía que éramos responsables por las bandejas y la pesa si fuesen perdidas, quebradas o robadas.   Tenía que llevarme aproximadamente 4 bandejas a mi casa todos los días.   Este trabajo duraba aproximadamente 30 minutos para completarse.   No se nos pagó

3

1   por el tiempo que durábamos lavando las bandejas, ni tampoco se nos reembolso por

2

3   el jabón o cloro para completar este trabajo.  Aproximadamente 2 años antes de que

4   deje de trabajar en la compañía, esta práctica cambio.  Desde ese entonces, teníamos

5   que dejar las bandejas en el trabajo en una tráiler que tenia la compañía.  No sé

6   quien lavaba las bandejas en esa época.

7

8       6.    Durante la temporada antes de la pisca, tenía que llegar

9   aproximadamente de 10-15 temprano para atender a la escuelita.

10

11       Declaro y afirmo, bajo pena de perjurio bajo las leyes de los Estados Unidos,

12   que lo anterior es correcto y verdadero.

13       Ejecutado el 7 de mayo, 2011 en Delano, California.

14

15

16                       Por:

17                          Martina Ceballos
                                MARTINA CEBALLOS

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MARTINA CEBALLOS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

219982 Average Rate Earned Per Hour This Pay Period ** 339.60

| CREW | NAME | | | | | SOC. SECURITY NO. | PAY PERIOD |
|---|---|---|---|---|---|---|---|
| 30 | CEBALLOS MARTINA | | | | | 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 | 12/15/00 TO 12/21/00 |

| PAY CODE | PAY TYPE | HOURS OR PIECES | RATE | EARNINGS | | MISCELLANEOUS DEDUCTIONS | |
|---|---|---|---|---|---|---|---|
| | | | | | CODE | DESCRIPTION | AMOUNT |
| 21 | PCS-REG | 283.00 | .3000 | 84.90 | | | |
| 400 | VAC. PA. | .25 | | | | | |

Cantidad Promedio Ganada Por Hora Por Este Periodo de Paga **339.60

| PRS THIS YEAR | GROSS | FED. INC. TAX | F.I.C.A. | S.I.T. | S.D.I. | MISC. | NET PAY |
|---|---|---|---|---|---|---|---|
| 1283 | 84.90 | | 6.49 | | .76 | | 77.65 |

SUNVIEW VINEYARDS OF CALIFORNIA, INC.
31381 POND ROAD, SUITE 4
MC FARLAND, CA 93250-9795

EARNINGS STATEMENT
77-0559356

PAYROLL ACCOUNT

DETACH BEFORE CASHING CHECK

THE COMPANY HAS CONTRIBUTED OR SPENT THE FOLLOWING ON YOUR BEHALF

| SOCIAL SECURITY | UNEMPLOY. INS. | W/C INS. | HEALTH INSURANCE | SENIORITY HRS. |
|---|---|---|---|---|
| 6.49 | | 4.07 | | 2,520 |

285729   Average Rate Earned Per Hour This Pay Period **   8.12 **

| CREW | | NAME | | | | SOC. SECURITY NO. | PAY PERIOD |
|---|---|---|---|---|---|---|---|
| 30 | | CEBALLOS   MARINA | | | | 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 | 11/15/04 To 11/18/04 |

| PAY CODE | PAY TYPE | HOURS OR PIECES | RATE | EARNINGS | | CODE | MISCELLANEOUS DEDUCTIONS |
|---|---|---|---|---|---|---|---|
| | | | | | | | DESCRIPTION   AMOUNT |
| 11 | HRS-REG | 31.75 | 6.7500 | 214.32 | | | |
| 21 | PCS-REG | 109.00 | .4000 | 43.60 | | | |

Cantidad Promedio Ganada Por Hora Por Este Periodo de Paga **   8.12 **

| HRS THIS YEAR | GROSS | FED. INC. TAX | F.I.C.A. | S.I.T. | S.I.I. | SDI. | MISC. | NET PAY |
|---|---|---|---|---|---|---|---|---|
| 721 | 257.92 | | 19.73 | | | 3.04 | | 235.15 |

SUNVIEW VINEYARDS OF CALIFORNIA, INC.
31381 POND ROAD, SUITE 4
MC FARLAND, CA 93250-9795

EARNINGS STATEMENT   77-0559356

PAYROLL ACCOUNT

DETACH BEFORE CASHING CHECK

THE COMPANY HAS CONTRIBUTED OR SPENT THE FOLLOWING ON YOUR BEHALF

| SOCIAL SECURITY | UNEMPLOYMENT | WORKMAN'S COMP | HEALTH INSURANCE | VISION | SENIORITY HRS. |
|---|---|---|---|---|---|
| 19.73 | 13.92 | 12.38 | 100.00 | 9.60 | 3,242 |

363808

| CREW | NAME | | | | SOC. SECURITY NO. | PAY PERIOD |
|---|---|---|---|---|---|---|
| 30 | CEBALLOS    MARTINA | | | | 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 | 12/05/05 TO 12/07/05 |

| PAY CODE | PAY TYPE | HOURS OR PIECES | RATE | EARNINGS | MISCELLANEOUS DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| | | | | | CODE | DESCRIPTION | AMOUNT |
| 11 | HRS-REG | 25.00 | 7.0000 | 175.00 | | | |
| 21 | PCS-REG | 301.00 | .3000 | 90.30 | | | |
| 21 | PCS-REG | 68.00 | .4000 | 27.20 | | | |
| 400 | VAC. PA | .25 | | | | | |

| HRS THIS YEAR | GROSS | FED. INC. TAX | F.I.C.A. | S.I.T. | S.D.I. | MISC. | NET PAY |
|---|---|---|---|---|---|---|---|
| 1300 | 292.50 | | 22.38 | | 3.16 | | 266.96 |

SUNVIEW VINEYARDS OF CALIFORNIA, INC.
31381 POND ROAD, SUITE 4
MC FARLAND, CA 93250-9795

EARNINGS STATEMENT
77-0559356

PAYROLL ACCOUNT

DETACH BEFORE CASHING CHECK

THE COMPANY HAS CONTRIBUTED OR SPENT THE FOLLOWING ON YOUR BEHALF

| SOCIAL SECURITY | UNEMPLOY. INS. | W/C INS. | HEALTH INSURANCE | SENIORITY HRS. |
|---|---|---|---|---|
| 22.38 | | 14.04 | | 4,542 |

Case 1:90-cv-00993-OWW-SMS Document 42-2 Filed 05/16/11   Page 55 of 77

| EW | NAME | | | | SOC. SECURITY NO. | PAY PERIOD | |
|---|---|---|---|---|---|---|---|
| ) | CEBALLOS     MARTINA | | | | 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 TO | 11/11/02 11/17/02 | |

| Y DE | PAY TYPE | HOURS OR PIECES | RATE | EARNINGS | MISCELLANEOUS DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|
| | | | | | CODE | DESCRIPTION | AMOUNT |
| i | HRS-REG | 37.50 | 6.5000 | 243.75 | | | |
| i | PCS-REG | 100.00 | .4000 | 40.00 | | | |

ntidad Promedio Ganada Por Hora Por Este Periodo de Paga **   7.57 **

| | THIS YEAR | GROSS | FED. INC. TAX | F.I.C.A. | S.I.T. | S.D.I. | MISC. | NET PAY |
|---|---|---|---|---|---|---|---|---|
| | 1159 | 283.75 | | 21.70 | | 2.55 | | 259.50 |

SUNVIEW VINEYARDS OF CALIFORNIA, INC.
31381 POND ROAD, SUITE 4
MC FARLAND, CA 93250-9785

EARNINGS STATEMENT
77-0559356

PAYROLL ACCOUNT

DETACH BEFORE CASHING CHECK

HE COMPANY HAS CONTRIBUTED OR SPENT THE FOLLOWING ON YOUR BEHALF

| AL SECURITY | UNEMPLOY. INS | | W/C INS. | | HEALTH INSURANCE | | SENIORITY HRS. |
|---|---|---|---|---|---|---|---|
| 21.70 | | | 13.62 | | | | 1,159 |

1  KINGSLEY & KINGSLEY, APC
   GEORGE R. KINGSLEY SBN – 38022
2  ERIC B. KINGSLEY SBN – 185123
   eric@kingsleykingsley.com
3  STEVE L. HERNANDEZ SBN-229065
   shernandez@kingsleykingsley.com
4  16133 VENTURA BL., SUITE 1200
   ENCINO, CA 91436
5  (818)990-8300; FAX (818) 990-2903

6  STAN S. MALLISON (Bar No. 184191)
      StanM@TheMMLawFirm.com
7  HECTOR R. MARTINEZ (Bar No. 206336)
      HectorM@TheMMLawFirm.com
8  MARCO A. PALAU (Bar. No. 242340)
      MPalau@TheMMLawFirm.com
9  JESSICA JUAREZ (Bar No. 269600)
      JJuarez@TheMMLawFirm.com
10 MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
11 Oakland, California 94612-3547
   Telephone: (510) 832-9999
12 Facsimile: (510) 832-1101

13
   ATTORNEYS FOR PLAINTIFFS
14 [ADDITIONAL PLAINTIFF COUNSEL, NEXT PAGE]

15                    UNITED STATES DISTRICT COURT

16                    EASTERN DISTRICT OF CALIFORNIA

17

18 SANTIAGO ROJAS, JOSEPHINO            1:09-CV-00705-AWI-SMS
19 RAMIREZ, CATALINA ROBLES, JUAN
   MONTES; BENITO ESPINO,
20 GUILLERMINA PEREZ; ON BEHALF OF
   THEMSELVES AND A CLASS OF
21 OTHERS SIMILARLY SITUATED,           DECLARATION OF BREYDA CHAVEZ IN
                                        SUPPORT OF PLAINTIFFS' MOTION FOR
22          Plaintiffs,                 CLASS CERTIFICATION

23       v.

24 MARKO ZANINOVICH, INC. AND
   SUNVIEW VINEYARDS OF CALIFORNIA,
25 INC.; ET AL.,

26          Defendants.

27

28                                    1
   ────────────────────────────────────────────────────────
   DECLARATION OF BREYDA CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
                            CERTIFICATION

Additional Counsel:
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
ADELSTEIN & DICKINSON
IRA L. GOTTLIEB (STATE BAR NO. 103236)
E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
DAVID S. ADELSTEIN (STATE BAR NO. 105250)
500 NORTH CENTRAL AVENUE, SUITE 800
GLENDALE, CA 91203
(818) 973-3200; FAX (818)973-3201

LAW OFFICES OF MARCOS CAMACHO
MARCOS CAMACHO (SBN 123501)
THOMAS PATRICK LYNCH (SBN 159277)
MARIO G. MARTINEZ (SBN 200721)
1227 California Avenue
Bakersfield, CA 93304
Telephone (661) 324-8100
Facsimile (661) 324-8103
Email: mcamacho@mclawmail.com

MCNICHOLAS & MCNICHOLAS, LLP
PATRICK MCNICHOLAS SBN-125868
MATTHEW S. MCNICHOLAS SBN-190249
10866 WILSHIRE BL., SUITE 1400
LOS ANGELES, CA 90024-4338
(310) 474-1582; FAX (310)475-7871
EMAIL: MSM@MCNICHOLASLAW.COM

I, Breyda Chavez, declare as follows:

1.      I have personal knowledge of the facts I state as follows, and if I were called to testify about them in court, I would competently do so.

2.      Currently, I am an employee of Sunview Vineyards.  I started working at Sunview Vineyards approximately on May 24, 2000.  I worked in crew number 600 during the time I have worked at Sunview.  The crew's forewoman is Forewoman Yolanda Marquez.  I have worked with other forepersons, including Eva Mariscal, Felix Garcia, and Hubaldo Mejia.  During picking season, I have worked as a picker.  During the work seasons previous to the picking, I have performed different tasks, including tipping, de-budding, and de-leafing.

2

DECLARATION OF BREYDA CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

3.      During picking, they would pay me per hour plus a bonus per each box of grapes my group picked and packed.  When minimum salary went up to $6.75 per hour, they would only pay me $6.50 per hour.  That year, the Company did not raise my salary to match the minimum salary that had gone up.

4.      During picking, we had to arrive at work approximately 30 minutes before the official start time.  Until three or four years ago, the foremen would tell us that we had to arrive early in order to prepare the materials, including tables, trays, boxes and the wheelbarrow.  Every morning, during picking, we also had to attend "school" before the official start time.  "School" is the time during which the foreman talks to the entire crew about work and the foreman also reprimands the workers for not doing their job or doing it incorrectly.  We were not paid for the time before the start time that we have spent preparing the work areas for the workday or attending "school" before the official start time during picking.  Three years ago approximately, Forewoman Mariscal began to have "school" at exactly the official start time.

5.      During the picking seasons, I have seen other workers in my crew that have had to continue packing grapes and cleaning the work areas after the foreman has notified us that the official shift had already ended.  I have noticed that the foremen do not stop the workers that continue working after the official shift.  I have personally heard the foremen pressuring people so they go on working to pick and pack more grape boxes.

6.      During previous years, during the work seasons before the picking in my crew, we had to arrive at work 10-20 minutes early.  The foremen would tell us that we had to arrive early so that we would be ready to begin work on time.  During the work seasons before the picking, we had to attend "school" approximately 2-3 times per week before the official start time.  We were not paid for this time that we had to be at work before the official start time during the work

DECLARATION OF BREYDA CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

1   seasons before the picking.  Approximately three years ago, this practiced was changed and we

2   don't have to attend "school" before the official start time anymore.

3       7.      During previous years, we had to take home the trays every day and we had to

4   wash the trays at home.  I also had to take home the scale every day.  The foremen would tell us

5   that we had to wash the trays and they told us that we could not work if we had dirty trays.  Also,

6   the foremen would tell us that we would be responsible for the trays and the scale if they got lost,

7   broken or stolen.  I was assigned approximately 5 trays.  In general, I had to wash my trays at

8   home daily.  I would spend around 30 minutes doing this job.  We were not paid for the time we

9   spent washing trays at our homes and we were not reimbursed either for the cost of the soap or the

10   chlorine we used to do that task.

11       8.      Afterward, a few years ago, the Company began to bring a trailer to the site so that

12   the workers could keep the trays and the scale inside the trailer every day.  Since then, we were

13   not forced to take the trays or the scale home anymore.

14       9.      While I have been working at Sunview, the Company has not provided us with the

15   necessary tools to perform our job.  Every year, the Company gives a pair of picking scissors to

16   each worker.  However, this pair of scissors wears down before the end of the picking season and

17   when I have requested more pairs from my forepersons, they have refused to give me additional

18   pairs.  In general, we have had to purchase approximately 2-3 picking pairs every year, spending

19   approximately around $8-10 per pair.  We have had to bring our own gloves to work too.  I have

20   had to spend around $10-15 in gloves every year that I have worked at Sunview.  The Company

21   does not provide us with lenses or a sheath for the scissors, however, everyone wears lenses and a

22   sheath while they work.  Every year, I have had to spend approximately $20 in lenses.  Every two

23   years, I spent approximately $8 for a sheath for my scissors.

1    I declare and affirm, under penalty of perjury according to the laws of the United States,

2  that the foregoing is true and correct.

3    Signed this May 9, 2011, in California.

4

5

6

7    By:

8    _____
     BREYDA CHAVEZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

DECLARATION OF BREYDA CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

# CERTIFICATION

I, HEREBY CERTIFY THAT I AM FLUENT IN BOTH THE ENGLISH AND THE SPANISH LANGUAGES AND THAT I HAVE TRANSLATED FROM SPANISH INTO ENGLISH TO THE BEST OF MY ABILITY THE FOLLOWING DOCUMENT:

- Declaration of Breyda Chavez, a Declaration in Support of Plaintiffs' Motion for Class Certification, Case No. 1:09-cv-00705.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this May 16, 2011 in the City of San Rafael, County of Marin, California.

CONCHITA B. LOZANO
May 16, 2011
CERTIFIED COURT INTERPRETER TRANSLATOR
FOR THE STATE OF CALIFORNIA (#300552) AND THE
U.S. DISTRICT COURTS (#98-066)

1 | KINGSLEY & KINGSLEY, APC
GEORGE R. KINGSLEY SBN – 38022
2 | ERIC B. KINGSLEY SBN – 185123
eric@kingsleykingsley.com
3 | STEVE L. HERNANDEZ SBN-229065
shernandez@kingsleykingsley.com
4 | 16133 VENTURA BL., SUITE 1200
ENCINO, CA 91436
5 | (818)990-8300; FAX (818) 990-2903

6 | STAN S. MALLISON (Bar No. 184191)
StanM@TheMMLawFirm.com
7 | HECTOR R. MARTINEZ (Bar No. 206336)
HectorM@TheMMLawFirm.com
8 | MARCO A. PALAU (Bar. No. 242340)
MPalau@TheMMLawFirm.com
9 | JESSICA JUAREZ (Bar No. 269600)
JJuarez@TheMMLawFirm.com
10 | MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
11 | Oakland, California 94612-3547
Telephone: (510) 832-9999
12 | Facsimile: (510) 832-1101

13

ATTORNEYS FOR PLAINTIFFS
14 | [ADDITIONAL PLAINTIFF COUNSEL, NEXT PAGE]

15 | UNITED STATES DISTRICT COURT

16 | EASTERN DISTRICT OF CALIFORNIA

17

18
SANTIAGO ROJAS, JOSEPHINO                | 1:09-CV-00705-AWI-SMS
19 | RAMIREZ, CATALINA ROBLES, JUAN
MONTES; BENITO ESPINO,
20 | GUILLERMINA PEREZ; ON BEHALF OF
THEMSELVES AND A CLASS OF
21 | OTHERS SIMILARLY SITUATED,          | DECLARATION OF BREYDA CHAVEZ IN
                                        | SUPPORT OF PLAINTIFFS' MOTION FOR
22 |            Plaintiffs,             | CLASS CERTIFICATION

23 |        v.

24 | MARKO ZANINOVICH, INC. AND
SUNVIEW VINEYARDS OF CALIFORNIA,
25 | INC.; ET AL.,

26 |            Defendants.

27

28

1
DECLARATION OF BREYDA CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

1 | Abogados Adicionales:
  | BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
2 | ADELSTEIN & DICKINSON
  | IRA L. GOTTLIEB (STATE BAR NO. 103236)
3 | E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
  | DAVID S. ADELSTEIN (STATE BAR NO. 105250)
4 | 500 NORTH CENTRAL AVENUE, SUITE 800
  | GLENDALE, CA 91203
5 | (818) 973-3200; FAX (818)973-3201

6 | LAW OFFICES OF MARCOS CAMACHO
  | MARCOS CAMACHO (SBN  123501)
7 | THOMAS PATRICK LYNCH (SBN 159277)
  | MARIO G. MARTINEZ (SBN 200721)
8 | 1227 California Avenue
  | Bakersfield, CA 93304
9 | Telephone (661) 324-8100
  | Facsimile (661) 324-8103
10 | Email: mcamacho@mclawmail.com

11 | MCNICHOLAS & MCNICHOLAS, LLP
   | PATRICK MCNICHOLAS SBN-125868
12 | MATTHEW S. MCNICHOLAS SBN-190249
   | 10866 WILSHIRE BL., SUITE 1400
13 | LOS ANGELES, CA 90024-4338
   | (310) 474-1582; FAX (310)475-7871
14 | EMAIL: MSM@MCNICHOLASLAW.COM

15

16

Yo, Breyda Chavez, declaro lo siguiente:

1.	Tengo conocimiento personal de los hechos que relato a continuación, y si fuera llamado a dar testimonio sobre ellos en corte, lo haría competentemente.

2.	Actualmente soy empleado de Sunview Vineyards.  Empecé a trabajar en Sunview Vineyards aproximadamente en el 24. de mayo de 2000.  Trabajé en la cuadrilla número 600 durante el tiempo que he trabajado en Sunview.  La mayordoma de la cuadrilla es Mayordoma Yolanda Marquez.  He trabajado con otros mayordomos, incluyendo a Eva Mariscal, Felix Garcia y Hubaldo Mejia.  En la temporada de la pizca, he trabajado como pizcadora.  Durante las temporadas de trabajo antes de la pizca, he realizado labores distintos incluyendo  el tipeo, el desbrote, y el deshoje.

3.      Durante la pizca, me pagaban por hora más un bono por caja de uvas que mi grupo pizcó y empacó   Cuando el sueldo mínimo aumentó hasta $6.75 por hora, sólo me pagaban $6.50 por hora.  Ese año, la Compañía no aumentó mi sueldo para coincidir con el sueldo mínimo que había aumentado.

4.      Durante la pizca, teníamos que llegar al trabajo aproximadamente 30 minutos antes de la hora de entrada oficial.  Hasta hace tres o cuatro años atrás, los mayordomos nos decían que teníamos que llegar temprano para preparar las materiales incluyendo las mesas, bandejas, cajas y la caretilla.  Cada mañana durante la pizca, también teníamos que asistir a la "escuelita" antes de la hora de entrada oficial.  "Escuelita" es el tiempo durante lo cual el mayordomo nos habla a toda la cuadrilla acerca del trabajo y también el mayordomo regaña a los trabajadores por no haciendo su tarea o haciéndolo mal.   No se nos pagaba para este tiempo antes de la hora de entrada que hemos pasado preparando las áreas de trabajo para el día de trabajo o asistiendo a la "escuelita" antes de la hora de entrada oficial durante la pizca.   Aproximadamente tres años atrás, la Mayordoma Mariscal empezó a dar la "escuelita" justo a la hora de entrada oficial.

5.      Durante las temporadas de la pizca, he visto que otros trabajadores en mi cuadrilla han tenido que seguir empacando uvas y limpiando las áreas del trabajo después del mayordomo nos avisó que ya se había terminado el turno oficial.  He notado que los mayordomos no paran a los trabajadores que siguen trabajando después del turno oficial.   Yo personalmente he escuchado los mayordomos poniendo la presión a la gente para que sigan trabajando para pizcar y empacar más cajas de uvas. ·

6.      Durante años previos, durante las temporadas de trabajo antes de la pizca en mi cuadrilla, teníamos que llegar al trabajo unos 10-20 minutos temprano.  Los mayordomos nos decían que teníamos que llegamos temprano para que estuviéramos listos para comenzar trabajando a tiempo.  Durante las temporadas de trabajo antes de la pizca, aproximadamente 2-3

---

3

DECLARATION OF BREYDA CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

1   veces cada semana teníamos que asistir a la "escuelita" antes de la hora de la entrada oficial.   No

2   se nos pagaba para este tiempo que teníamos que estar al trabajo antes de la hora de entrada oficial

3   durante las temporadas de trabajo antes de la pizca.   Aproximadamente tres años atrás, se cambió

4   esta práctica y ya no tenemos que asistir a la "escuelita" antes de la hora de entrada oficial.

5

6        7.      Durante años previos, teníamos que llevar las bandejas a la casa cada día y

7   teníamos que lavar las bandejas en la casa.   También yo tenía que llevar la pesa a la casa cada día.

8   Los mayordomos nos decían que teníamos que lavar las bandejas y nos dijeron que no podíamos

9   trabajar si teníamos bandejas sucias.   También, los mayordomos nos decían que seríamos

10  responsables por las bandejas y la pesa si fueran perdidos, quebrados o robados.      Me asignaron

11  aproximadamente 5 bandejas.  Por lo general, tenía que lavar mis bandejas diariamente en la casa.

12  Duraba unos 30 minutos cada vez haciendo este trabajo.   No se nos pagaba para el tiempo que

13  pasábamos lavando las bandejas en nuestras casas y tampoco se nos reembolsaban el costo del

14  jabón ni el cloro que usábamos para hacer esa labor.

15

16       8.      Después, unos años atrás, la Compañía empezó traer una tráiler al sitio para que los

17  trabajadores pudieran guardar las bandejas y la pesa dentro del tráiler cada día.   Desde entonces,

18  ya no estábamos obligados a llevar ni las bandejas ni la pesa a la casa.

19

20       9.      Mientras que he trabajado en Sunview, la Compañía no nos ha proporcionado todas

21  las herramientas necesarias para realizar nuestro trabajo.  En cada año, la Compañía da una par de

22  tijeras para pizcar a cada trabajadora.  Sin embargo, estas tijeras normalmente se desgastan antes

23  del fin de la temporada de la pizca y cuando he pedido más pares de mis mayordomos, ellos se han

24  negado darme pares adicionales.  Por lo general, hemos tenido que comprar aproximadamente 2-3

25  pares de tijeras para pizcar cada año, gastando aproximadamente $8-10 por cada par.  También

26  hemos tenido que traer nuestros propios guantes al trabajo.  He tenido que gastar unos $10-15 en

27  guantes en cada ano que he trabajado en Sunview.  La Compañía no se nos provee los lentes ni la

28

4

DECLARATION OF BREYDA CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

1   funda para las tijeras, sin embargo todos usan los lentes y una funda mientras que hacen el trabajo.

2   Cada año, he tenido que gastar aproximadamente $20 en lentes.  Cada dos años, gasté

3   aproximadamente $8 en una funda para mis tijeras.

4
5       Declaro y afirmo, bajo pena de perjurio bajo las leyes de los Estados Unidos, que lo

  anterior es correcto y verdadero.

6
7       Firmada este ___ 9 de mayo del 2011 en Delano, California.

8
9
10
11                  Por: *Breyda Chavez*

12                   BREYDA CHAVEZ

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5

DECLARATION OF BREYDA CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

1  KINGSLEY & KINGSLEY, APC
   GEORGE R. KINGSLEY SBN – 38022
2  ERIC B. KINGSLEY SBN – 185123
   eric@kingsleykingsley.com
3  STEVE L. HERNANDEZ SBN-229065
   shernandez@kingsleykingsley.com
4  16133 VENTURA BL., SUITE 1200
   ENCINO, CA 91436
5  (818)990-8300; FAX (818) 990-2903

6  STAN S. MALLISON (Bar No. 184191)
       StanM@TheMMLawFirm.com
7  HECTOR R. MARTINEZ (Bar No. 206336)
       HectorM@TheMMLawFirm.com
8  MARCO A. PALAU (Bar. No. 242340)
       MPalau@TheMMLawFirm.com
9  JESSICA JUAREZ (Bar No. 269600)
       JJuarez@TheMMLawFirm.com
10 MALLISON & MARTINEZ
   1939 Harrison Street, Suite 730
11 Oakland, California 94612-3547
   Telephone: (510) 832-9999
12 Facsimile: (510) 832-1101

13
   ATTORNEYS FOR PLAINTIFFS
14 [ADDITIONAL PLAINTIFF COUNSEL, NEXT PAGE]

15
                  **UNITED STATES DISTRICT COURT**
16
                  **EASTERN DISTRICT OF CALIFORNIA**
17

18
   SANTIAGO ROJAS, JOSEPHINO          1:09-CV-00705-AWI-SMS
19 RAMIREZ, CATALINA ROBLES, JUAN
   MONTES; BENITO ESPINO,
20 GUILLERMINA PEREZ; ON BEHALF OF    DECLARATION OF MIGUEL CHAVEZ IN
   THEMSELVES AND A CLASS OF          SUPPORT OF PLAINTIFFS' MOTION FOR
21 OTHERS SIMILARLY SITUATED,         CLASS CERTIFICATION

22              Plaintiffs,

23         v.

24 MARKO ZANINOVICH, INC. AND
   SUNVIEW VINEYARDS OF CALIFORNIA,
25 INC.; ET AL.,

26             Defendants.

27

28
                                    1
   ────────────────────────────────────────────────────────────────
       DECLARATION OF MIGUEL CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
                               CERTIFICATION

1   Additional Counsel:
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
2   ADELSTEIN & DICKINSON
IRA L. GOTTLIEB (STATE BAR NO. 103236)
3   E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
DAVID S. ADELSTEIN (STATE BAR NO. 105250)
4   500 NORTH CENTRAL AVENUE, SUITE 800
GLENDALE, CA 91203
5   (818) 973-3200; FAX (818)973-3201

6   LAW OFFICES OF MARCOS CAMACHO
MARCOS CAMACHO (SBN 123501)
7   THOMAS PATRICK LYNCH (SBN 159277)
MARIO G. MARTINEZ (SBN 200721)
8   1227 California Avenue
Bakersfield, CA 93304
9   Telephone (661) 324-8100
Facsimile (661) 324-8103
10  Email: mcamacho@mclawmail.com

11  MCNICHOLAS & MCNICHOLAS, LLP
PATRICK MCNICHOLAS SBN-125868
12  MATTHEW S. MCNICHOLAS SBN-190249
10866 WILSHIRE BL., SUITE 1400
13  LOS ANGELES, CA 90024-4338
(310) 474-1582; FAX (310)475-7871
14  EMAIL: MSM@MCNICHOLASLAW.COM

15

16

I, Miguel Chavez, declare as follows:

17

18      1.      I have personal knowledge of the facts that I state as follows, and if I were called to

19  testify in court about them, I would competently do so.

20      2.      I am currently an employee of Sunview Vineyards. I started working at Sunview

21  Vineyards on May 24, 2000 approximately. I worked in crew number 600 during the time I have

22  worked at Sunview. The crew's forewoman was Forewoman Yolanda Marquez. I have worked

23  with other forepersons, including Eva Mariscal, Felix Garcia y Hubaldo Mejia. During the

24  picking season, I have worked as a packer. During the work seasons before the picking, I have

25

26  performed different tasks, including tipping, de-budding and de-leafing.

27

28

2

DECLARATION OF MIGUEL CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

3. During picking, they would pay me by the hour plus a bonus per box of grapes that were picked and packed by my group. When minimum wage went up to $6.75 per hour, they would only pay me $6.50 per hour. That year, the company did not raise my salary to match the minimum salary that had gone up.

4. During picking, we had to arrive at work approximately 30 minutes before the official start time. Until three or four years ago, the foremen would tell us that we had to arrive early in order to prepare the materials, including tables, trays, boxes and the wheelbarrow. Each morning we also had to attend "school" before the official start time. "School" is the time during which the foreman talks to the entire crew regarding work and the foreman also reprimands workers for not doing their jobs or doing it wrong. We were not paid for this time before the start time that we have spent preparing the work areas for the workday or attending "school" before the official start time during picking. Approximately three years ago, Forewoman Mariscal began to have "school" exactly at the official start time.

5. During the picking seasons, I have seen that other workers in my crew have had to continue packing grapes and cleaning the work areas after the foreman notified us that the official shift was already over. I have noticed that foremen don't stop the workers that go on working after the official shift. I have personally heard the foremen pressuring people to go on working by picking and packing more grape boxes.

6. During previous years, during the work seasons before the picking in my crew, we had to arrive at work like 10-20 minutes early. The foremen would tell us that we had to arrive early so that we would be ready to start working on time. During the work seasons before the picking, approximately 2-3 times each week, we had to attend "school" before the official start time. We were not paid for this time that we had to be at work before the picking. Approximately

DECLARATION OF MIGUEL CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1   three years ago, this practice was changed and we no longer have to attend "school" before the

2   official start time.

3        7.     During previous years, we would have to take home the trays every day and we had

4   to wash the trays at home. I also had to take home the scale every day. The foremen would tell us

5

6   that we had to wash the trays and they told us that we could not work if we had dirty trays. The

7   foremen would also tell us that we would be financially responsible for the trays and the scale if

8   they got lost, broken or stolen. I was assigned approximately 5 trays. In general, I had to wash

9   my trays daily at home. I would spend about 30 minutes each time doing this job. We were not

10  paid for the time we spent washing the trays at home and we were not reimbursed either for the

11  soap and the chlorine we used to perform this task.

12       8.     Afterward, a few years ago, the Company began bringing a trailer to the site so that

13  the workers could keep the trays and the scale inside the trailer each day. Since then, we are no

14  longer forced to take home the trays nor the scale.

15

16       9.     While I have worked at Sunview, the Company has not provided us with all the

17  necessary tools to perform our work. Each year, the Company gives a pair of scissors to each

18  worker. However, the scissors would normally wear down before the end of the picking season

19  and when I have asked for more pairs from my foremen, they have refused to give me additional

20  pairs. In general we have had to purchase approximately 2-3 pairs of picking scissors each year,

21  spending approximately $8-10 per pair. We have also had to bring our gloves to work. I have had

22  to spend like $10-15 in gloves every year that I have worked at Sunview. The Company does not

23  provide us with lenses nor with the sheath for the scissors, however, they all wear lenses and a

24  sheath while they do their work. Every year, I have had to spend approximately $20 in lenses.

25  Every two years, I spent approximately $8 for a sheath for my scissors.

26

27

28

4

1      I declare and affirm, under penalty of perjury under the laws of the United States, that the

2   foregoing is true and correct.

3      Signed this May 9, 2011 in Delano, California.

4

5

6

7                                 By:

8                                      _____

9                                      MIGUEL CHAVEZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MIGUEL CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

# CERTIFICATION

I, HEREBY CERTIFY THAT I AM FLUENT IN BOTH THE ENGLISH AND THE SPANISH LANGUAGES AND THAT I HAVE TRANSLATED FROM SPANISH INTO ENGLISH TO THE BEST OF MY ABILITY THE FOLLOWING DOCUMENT:

- Declaration of Miguel Chavez, a Declaration in Support of Plaintiffs' Motion for Class Certification, Case No. 1:09-cv-00705.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed on this May 16, 2011 in the City of San Rafael, County of Marin, California.

CONCHITA B. LOZANO
May 16, 2011
CERTIFIED COURT INTERPRETER TRANSLATOR
FOR THE STATE OF CALIFORNIA (#300552) AND THE
U.S. DISTRICT COURTS (#98-066)

1   KINGSLEY & KINGSLEY, APC
    GEORGE R. KINGSLEY SBN – 38022
2   ERIC B. KINGSLEY SBN – 185123
    eric@kingsleykingsley.com
3   STEVE L. HERNANDEZ SBN-229065
    shernandez@kingsleykingsley.com
4   16133 VENTURA BL., SUITE 1200
    ENCINO, CA 91436
5   (818)990-8300; FAX (818) 990-2903

6   STAN S. MALLISON (Bar No. 184191)
        StanM@TheMMLawFirm.com
7   HECTOR R. MARTINEZ (Bar No. 206336)
        HectorM@TheMMLawFirm.com
8   MARCO A. PALAU (Bar. No. 242340)
        MPalau@TheMMLawFirm.com
9   JESSICA JUAREZ (Bar No. 269600)
        JJuarez@TheMMLawFirm.com
10  MALLISON & MARTINEZ
    1939 Harrison Street, Suite 730
11  Oakland, California 94612-3547
    Telephone: (510) 832-9999
12  Facsimile: (510) 832-1101

13
    ATTORNEYS FOR PLAINTIFFS
14  [ADDITIONAL PLAINTIFF COUNSEL, NEXT PAGE]

15              UNITED STATES DISTRICT COURT

16            EASTERN DISTRICT OF CALIFORNIA

17

18  SANTIAGO ROJAS, JOSEPHINO            1:09-CV-00705-AWI-SMS
19  RAMIREZ, CATALINA ROBLES, JUAN
    MONTES; BENITO ESPINO,
20  GUILLERMINA PEREZ; ON BEHALF OF      DECLARATION OF MIGUEL CHAVEZ IN
    THEMSELVES AND A CLASS OF            SUPPORT OF PLAINTIFFS' MOTION FOR
21  OTHERS SIMILARLY SITUATED,           CLASS CERTIFICATION.

22          Plaintiffs,

23      v.

24  MARKO ZANINOVICH, INC. AND
    SUNVIEW VINEYARDS OF CALIFORNIA,
25  INC.; ET AL.,

26          Defendants.

27

28
    ─────────────────────────────────────────────
    DECLARATION OF MIGUEL CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
                        CERTIFICATION

1 | Additional Counsel:
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI
2 | ADELSTEIN & DICKINSON
IRA L. GOTTLIEB (STATE BAR NO. 103236)
3 | E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
DAVID S. ADELSTEIN (STATE BAR NO. 105250)
4 | 500 NORTH CENTRAL AVENUE, SUITE 800
GLENDALE, CA 91203
5 | (818) 973-3200; FAX (818)973-3201

6 | LAW OFFICES OF MARCOS CAMACHO
MARCOS CAMACHO (SBN  123501)
7 | THOMAS PATRICK LYNCH (SBN 159277)
MARIO G. MARTINEZ (SBN 200721)
8 | 1227 California Avenue
Bakersfield, CA 93304
9 | Telephone (661) 324-8100
Facsimile (661) 324-8103
10 | Email: mcamacho@mclawmail.com

11 | MCNICHOLAS & MCNICHOLAS, LLP
PATRICK MCNICHOLAS SBN-125868
12 | MATTHEW S. MCNICHOLAS SBN-190249
10866 WILSHIRE BL., SUITE 1400
13 | LOS ANGELES, CA 90024-4338
(310) 474-1582; FAX (310)475-7871
14 | EMAIL: MSM@MCNICHOLASLAW.COM

15

16

17 Yo, Miguel Chávez, declaro lo siguiente:

18 1.    Tengo conocimiento personal de los hechos que relato a continuación, y si fuera

19 llamado a dar testimonio sobre ellos en corte, lo haría competentemente.

20 2.    Actualmente soy empleado de Sunview Vineyards.  Empecé a trabajar en Sunview

21 Vineyards aproximadamente en el 24 de mayo de 2000.  Trabajé en la cuadrilla número 600

22 durante el tiempo que he trabajado en Sunview.   La mayordoma de la cuadrilla es Mayordoma

23 Yolanda Marquez. He trabajado con otros mayordomos, incluyendo a Eva Mariscal, Felix Garcia

24 y Hubaldo Mejia.   En la temporada de la pizca, he trabajado como empacador.  Durante las

25 temporadas de trabajo antes de la pizca, he realizado labores distintos incluyendo  el tipeo, el

26 desbrote, y el deshoje.

27

28

DECLARATION OF MIGUEL CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

3.      Durante la pizca, me pagaban por hora más un bono por caja de uvas que mi grupo piscó y empacó  Cuando el sueldo mínimo aumentó hasta $6.75 por hora, sólo me pagaban $6.50 por hora. Ese año, la Compañía no aumentó mi sueldo para coincidir con el sueldo mínimo que había aumentado.

4.      Durante la pizca, teníamos que llegar al trabajo aproximadamente 30 minutos antes de la hora de entrada oficial. Hasta hace tres o cuatro años atrás, los mayordomos nos decían que teníamos que llegar temprano para preparar las materiales incluyendo las mesas, bandejas, cajas y la caretilla. Cada mañana durante la pizca, también teníamos que asistir a la "escuelita" antes de la hora de entrada oficial. "Escuelita" es el tiempo durante lo cual el mayordomo nos habla a toda la cuadrilla acerca del trabajo y también el mayordomo regaña a los trabajadores por no haciendo su tarea o haciéndolo mal.  No se nos pagaba para este tiempo antes de la hora de entrada que hemos pasado preparando las áreas de trabajo para el día de trabajo o asistiendo a la "escuelita" antes de la hora de entrada oficial durante la pizca.  Aproximadamente tres años atrás, la Mayordoma Mariscal empezó a dar la "escuelita" justo a la hora de entrada oficial.

5.      Durante las temporadas de la pizca, he visto que otros trabajadores en mi cuadrilla han tenido que seguir empacando uvas y limpiando las áreas del trabajo después del mayordomo nos avisó que ya se había terminado el turno oficial. He notado que los mayordomos no paran a los trabajadores que siguen trabajando después del turno oficial.   Yo personalmente he escuchado los mayordomos poniendo la presión a la gente para que sigan trabajando para pizcar y empacar más cajas de uvas.

6.      Durante años previos, durante las temporadas de trabajo antes de la pizca en mi cuadrilla, teníamos que llegar al trabajo unos 10-20 minutos temprano. Los mayordomos nos decían que teníamos que llegaramos temprano para que estuviéramos listos para comenzar

3

DECLARATION OF MIGUEL CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1 | trabajando a tiempo.  Durante las temporadas de trabajo antes de la pizca, aproximadamente 2-3
2 | veces cada semana teníamos que asistir a la "escuelita" antes de la hora de la entrada oficial.  No
3 | se nos pagaba para este tiempo que teníamos que estar al trabajo antes de la hora de entrada oficial
4 | durante las temporadas de trabajo antes de la pizca.   Aproximadamente tres años atrás, se cambió
5 | esta práctica y ya no tenemos que asistir a la "escuelita" antes de la hora de entrada oficial.
6 |
7 |    7.    Durante años previos, teníamos que llevar las bandejas a la casa cada día y
8 | teníamos que lavar las bandejas en la casa.  También yo tenía que llevar la pesa a la casa cada día.
9 | Los mayordomos nos decían que teníamos que lavar las bandejas y nos dijeron que no podíamos
10 | trabajar si teníamos bandejas sucias.   También, los mayordomos nos decían que seríamos
11 | responsables por las bandejas y la pesa si fueran perdidos, quebrados o robados.  Me asignaron
12 | aproximadamente 5 bandejas.  Por lo general, tenía que lavar mis bandejas diariamente en la casa.
13 | Duraba unos 30 minutos cada vez haciendo este trabajo.  No se nos pagaba para el tiempo que
14 | pasábamos lavando las bandejas en nuestras casas y tampoco se nos reembolsaban el costo del
15 | jabón ni el cloro que usábamos para hacer esa labor.
16 |
17 |    8.    Después, hace unos años atrás, la Compañía empezó traer una tráiler al sitio para
18 | que los trabajadores pudieran guardar las bandejas y la pesa dentro del tráiler cada día.  Desde
19 | entonces, ya no estábamos obligados a llevar ni las bandejas ni la pesa a la casa.
20 |
21 |    9.    Mientras que he trabajado en Sunview, la Compañía no nos ha proporcionado todas
22 | las herramientas necesarias para realizar nuestro trabajo.  En cada año, la Compañía da una par de
23 | tijeras para pizcar a cada trabajadora.  Sin embargo, estas tijeras normalmente se desgastan antes
24 | del fin de la temporada de la pizca y cuando he pedido más pares de mis mayordomos, ellos se han
25 | negado darme pares adicionales.  Por lo general, hemos tenido que comprar aproximadamente 2-3
26 | pares de tijeras para pizcar cada año, gastando aproximadamente $8-10 por cada par.  También
27 | hemos tenido que traer nuestros propios guantes al trabajo.  He tenido que gastar unos $10-15 en
28 |

4

DECLARATION OF MIGUEL CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

guantes en cada ano que he trabajado en Sunview.  La Compañia no se nos provee los lentes ni la funda para las tijeras, sin embargo todos usan los lentes y una funda mientras que hacen el trabajo. Cada año, he tenido que gastar aproximadamente $20 en lentes.   Cada dos años, gasté aproximadamente $8 en una funda para mis tijeras.

Declaro y afirmo, bajo pena de perjurio bajo las leyes de los Estados Unidos, que lo anterior es correcto y verdadero.

Firmada este _9_ de mayo del 2011 en Delano, California.

Por: _Miguel Chavez_

MIGUEL CHAVEZ

DECLARATION OF MIGUEL CHAVEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION