JAMES N. PENROD, State Bar No. 43030
MICHAEL MOLLAND, State Bar No. 111830
ERIC MECKLEY, State Bar No. 168181
SHANNON B. NAKABAYASHI, State Bar No. 215469
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105
Tel:   415.442.1000
Fax:   415.442.1001
jpenrod@morganlewis.com
mmolland@morganlewis.com
emeckley@morganlewis.com
snakabayashi@morganlewis.com

Attorneys for Defendants
MARKO ZANINOVICH, INC. and SUNVIEW
VINEYARDS OF CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SANTIAGO ROJAS, JOSEPHINO RAMIREZ, CATALINA ROBLES; JUAN MONTES; BENITO ESPINO; GUILLERMINA PEREZ; on behalf of themselves and a class of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MARKO ZANINOVICH, INC., SUNVIEW VINEYARDS OF CALIFORNIA, INC., a California corporation; and DOES 1 to 20, inclusive<br><br>Defendants. | Case No. 1:09-CV-00705-AWI-JLT<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF JOSEPHINO RAMIREZ AS CLASS REPRESENTATIVE OR, ALTERNATIVELY, MOTION TO COMPEL ATTENDANCE AT DEPOSITION**<br><br>Judge: Hon. Jennifer L. Thurston<br>Courtroom: 1300 18th Street, Bakersfield<br>Date: July 14, 2011<br>Time: 10:00 a.m. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 1:09-CV-00705-AWI-JLT
DEFENDANT'S MOTION TO STRIKE JOSEPHINO RAMIREZ AS CLASS REPRESENTATIVE OR, ALTERNATIVELY, MOTION TO COMPEL APPEARANCE AT DEPOSITION
DB2/ 22495453.1

## I. **<u>INTRODUCTION</u>**

The gamesmanship in which Plaintiff Josefino Ramirez and his counsel have engaged has effectively deprived Sunview of any meaningful opportunity to depose him and test the veracity of his claims. As one of the class representatives in this action, his deposition is vitally important to the case, particularly as Plaintiffs' Motion for Class Certification is supported by a declaration signed by Mr. Ramirez. Sunview spent nearly six months attempting to schedule Mr. Ramirez's deposition, with Plaintiffs' counsel often cancelling an agreed-upon date or simply ignoring requests for agreeable dates.

Just prior to finally appearing for his deposition on March 30th, Plaintiff's counsel advised that Mr. Ramirez, who speaks Spanish, preferred to testify in Mixteco.[1] Sunview accommodated this request and arranged for the appearance of the only court-registered Mixteco interpreter in California. Despite this accommodation, more than two hours into his deposition—during which Mr. Ramirez largely disregarded the Mixteco interpreter and testified through the Spanish interpreter—Mr. Ramirez's attorney, Jessica Juarez, summarily terminated the proceedings, claiming that Mr. Ramirez felt most comfortable testifying in Mixteco that the registered Mixteco interpreter in attendance was somehow inadequate.

Ms. Juarez's pronouncements are belied by the fact that Mr. Ramirez had spent the morning (1) testifying in Spanish through the Spanish translator, (2) communicating in Spanish with Mr. Juarez, and (3) testifying that he speaks Spanish both at home and at work. Incredibly—and despite the Mixteco translator's affirmation that she could communicate adequately with Mr. Ramirez—Ms. Juarez maintained that Mr. Ramirez could only testify in a particular dialect of Mixteco and that, despite the fact that the interpreter is registered with the court to translate in that very dialect, that the certified Mixteco interpreter was insufficient.

Nevertheless, at the deposition, Sunview indicated that it was willing to accommodate Mr. Ramirez and asked Ms. Juarez whether any interpreters she deemed to be suitable were available. Ms. Juarez's response revealed the true motivation behind the claimed linguistic barrier. The

---

[1] Mixteco is spoken by approximately 500,000 people in the states of Oaxaca, Guerrero, and Puebla. http://en.wikipedia.org/wiki/Mixtecan_languages.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

only suitable translators that she offered were an employee of her law firm and three individuals who work for various organizations that are devoted to providing legal aid to agricultural workers. None of these individuals is a court-certified translator nor can any of them reasonably be considered impartial interpreters.

The deposition was terminated by Mr. Ramirez's counsel over Sunview's objections. As part of this termination, Mr. Ramirez's counsel agreed to that they would locate a court-certified Mixteco translator. Despite requests, they have not done so. Sunview has offered to reschedule the deposition using the certified, unbiased Mixteco interpreter or a certified Spanish interpreter, or, in the alternative, have asked Plaintiffs' to withdraw Mr. Ramirez as a class representative. Sunview's offers have been ignored by Plaintiffs' counsel.

Accordingly, Sunview respectfully requests an order dismissing Mr. Ramirez as a class representative, striking the declaration filed on his behalf, and dismissing any causes of action for which he is the sole claimant. Alternatively, Sunview seeks an order compelling Mr. Ramirez to appear to complete his deposition before either a court-certified/registered Mixteco translator or certified Spanish translator.

## II.   PROCEDURAL HISTORY WITH RESPECT TO MR. RAMIREZ

### A.   Mr. Ramirez Evades Sitting for His Deposition for Six Months.

The process for scheduling Mr. Ramirez's deposition was arduous, to say the least. Sunview provides a complete history to provide the Court with a complete understanding of the depth of the misconduct that Mr. Ramirez and his counsel have undertaken.

Sunview originally noticed Mr. Ramirez's deposition for October 27, 2010. Declaration of Michael Molland in Support of Defendant's Motion to Strike Josephino Ramirez as Class Representative or, Alternatively, Motion to Compel His Appearance at Deposition ("Molland Decl."), ¶ 2, Exh. A. Just two days before the deposition, it was cancelled by his attorneys. *Id.* at ¶ 2. Sunview then served an amended notice, setting the deposition for November 12th. *Id.* at ¶ 3, Exh. B. Mr. Ramirez's counsel again refused to produce him on that date. *Id.* at ¶ 3. Thereafter, Sunview requested new dates for the deposition but was told that Mr. Ramirez was no longer in California, that he would be unavailable for the entire month of November, and that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S MOTION TO STRIKE JOSEPHINO RAMIREZ AS CLASS REPRESENTATIVE OR, ALTERNATIVELY, MOTION TO COMPEL APPEARANCE AT DEPOSITION

DB2/ 22495453.1

counsel was "not sure whether [Mr. Ramirez]'ll be available in December." Molland Decl., ¶ 4, Exh. C.  Thereafter, after conferring with counsel, Sunview served a third deposition notice, scheduling the deposition for February 3, 2011. *Id.* at ¶ 5, Exh. D.  Counsel waited until 8:17 p.m. on February 1st to apprise Sunview of the fact that Mr. Ramirez would not be made available on the third noticed date. *Id.* at ¶ 5, Exh. E.

Sunview continued to engage with Plaintiff's counsel to set a mutually convenient deposition date. *Id.* at ¶ 6.  In many instances, these efforts were ignored for days. *Id.* at ¶ 6. Plaintiff's counsel finally agreed to produce Mr. Ramirez on March 30th, subject to the service of a fourth deposition notice. *Id.* at ¶ 6, Exh. F.  Plaintiff's counsel had indicated that Mr. Ramirez would need an interpreter to translate in Mixteco alto.[2] *Id.* at ¶ 7.  In order to avoid any issues with the interpreter, Sunview specifically solicited from Mr. Ramirez's attorneys suggestions for a suitable Mixteco interpreter. *Id.* at ¶ 7, Exh. G.  Mr. Ramirez's attorneys did not identify any potential interpreters prior to the deposition. *Id.* at ¶ 7

### B. Mr. Ramirez's Attorney Terminates The Deposition.

On March 30, 2011, Mr. Ramirez finally appeared for his deposition.  Given all that had transpired to this point, in an abundance of caution, Sunview arranged for two court-certified interpreters to appear at the deposition, one court-certified in Mixteco[3] and another court-certified to interpret in Spanish. Molland Decl. ¶ 9.  The Mixteco interpreter, Teresa Ramos, is the only court-registered Mixteco translator in California. *Id.* at ¶ 8, Exh. H.  She is registered in Spanish, as well as both Mixteco alto and bajo. *Id.* at ¶ 8, Exh. H.  At the deposition, Ms. Juarez stated that Mr. Ramirez "feels more comfortable" in Mixteco alto but acknowledged that he understands Spanish. *Id.* at ¶ 10, Exh. I, p.12:19-22.  At the outset of the deposition, Mr. Ramirez, responded **<u>in Spanish</u>** to the questions relayed by the Mixteco interpreter and testified that he speaks and

---

[2] There are two primary dialects of Mixteco, alto ("high") and bajo ("low").

[3] The Federal Court system only "certifies" interpreters for a limited number of languages.  Mixteco is not one of them.  The California Judicial Council, however, provides "registration" for interpreters of non-designated languages (such as Mixteco).  In order to be a Registered Interpreter for a non-designated language, an individual must, among other things, pass an English Fluency Examination, attend a Code of Ethics workshop, and meet "meet the requirements developed for court interpreters regarding continuing education and professional experience. http://www.courts.ca.gov/2683.htm .  The terms "certified" and "registered" are used interchangeably for purposes of this brief.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3               Case No. 1:09-CV-00705-AWI-JLT
DEFENDANT'S MOTION TO STRIKE JOSEPHINO RAMIREZ AS CLASS REPRESENTATIVE OR, ALTERNATIVELY, MOTION TO COMPEL APPEARANCE AT DEPOSITION
DB2/ 22495453.1

understands Spanish. Molland Decl., ¶ 10, Exh. I, pp. 10:5-11, 12:12-19. Mr. Ramirez also communicated in Spanish with Ms. Juarez. *Id*, ¶ 10, Exh. I, p.14:1-2. Thereafter, the Spanish interpreter was sworn in and the deposition commenced in Spanish. *Id*, ¶ 10, Exh. I, p. 14:6-9.

    Mr. Ramirez was initially asked a number of questions to confirm his ability to communicate in Spanish. He testified that he spoke Spanish over his twenty years of employment in California. *Id*, ¶ 10, Exh. I, p. 26:5-14. He testified that he speaks Spanish at home with his children. *Id*, ¶ 10, Exh. I, p. 28:8-21. Having established that he speaks and understands Spanish, the deposition proceeded through the Spanish interpreter and Mr. Ramirez testified as to matters pertaining to his knowledge about the lawsuit and his employment with Sunview. Finally, after testifying for two hours and immediately after a break, Mr. Ramirez testified that he was not prepared to testify further because he claimed he was unable to understand the questions from Sunview's counsel as relayed by the Spanish interpreter. *Id.* at ¶ 10, Exh. I, p. 63:21-64:4. Ms. Juarez instructed him not to answer any further questions as translated by either of the registered interpreters that were present. *Id.* at ¶ 10, Exh. I, p. 64:7-65:24; 67:4-11.

    Thereafter, Ms. Juarez suggested that her office would assist in locating an interpreter who could communicate satisfactorily with Mr. Ramirez in Mixteco alto. *Id.* at ¶ 10, Exh. I, p. 71:6-14; 73:1-5; 93: 13-18. Initially, Ms. Juarez offered to use a "Fausto" and an employee of her own firm. *Id.* at ¶ 10, Exh. I, p.70:22-71:14. Incredibly, Mr. Ramirez had testified that Fausto was the individual who recruited him to serve as a class representative in this action. *Id.* at ¶ 10, Exh. I, p. 74:4-11. Furthermore, the employee of Ms. Juarez's firm admitted that he does not have any certifications and is not a registered Mixteco interpreter. *Id.* at ¶ 10, Exh. I, p. 85:9-24. Thereafter, Ms. Juarez provided the names and phone numbers of two other individuals. *Id.* at ¶ 10, Exh. I, p. 90:13-21. One of these individuals works for the same legal assistance organization as "Fausto." *Id.* at ¶ 11. The other appears to work for a Oaxacan community service organization that lists as part of its mission statement: "To protect and defend the…labor…rights of the migrant Oaxacan indigenous." *Id.* at ¶ 12. None of these individuals appears on the list of certified Mixteco interpreters. *Id.* at ¶ 11,12.

    The testimony provided by the Mixteco interpreter, Ms. Ramos, makes clear that Mr.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

4    Case No. 1:09-CV-00705-AWI-JLT

DEFENDANT'S MOTION TO STRIKE JOSEPHINO RAMIREZ AS CLASS REPRESENTATIVE OR, ALTERNATIVELY, MOTION TO COMPEL APPEARANCE AT DEPOSITION

DB2/ 22495453.1

Ramirez's supposed inability to communicate with her is a sham, designed only to deprive Sunview of their rightful opportunity to depose him.  Indeed, Ms. Ramos testified that she has nearly twenty years of experience in translating depositions in Mixteco, that she has a substantial training in interpreting, that she is registered with the Judicial Council of California, and that she has interpreted for individuals from the very same village that Mr. Ramirez is from in Mexico. Molland Decl., at ¶ 10, Exh. I, p. 75:23-76:20; 77:8-18; 79:3-19.  Ms. Ramos also testified that she regularly interprets in both Mixteco dialects without any difficulty.  *Id.* at ¶ 10, Exh. I, p. 77:13-15.  Finally, Ms. Ramos testified that, prior to the deposition, she spoke with Mr. Ramirez and that she was able to understand him and believed the he understood her.  *Id.* at ¶ 10, Exh. I, p. 80:6-17.

The deposition concluded at the instruction of Mr. Ramirez's counsel, despite the fact that a certified Mixteco alto translator was present and Mr. Ramirez had responded to dozens of questions in Spanish and testified that he speaks Spanish at home and at work.  Mr. Ramirez's counsel represented that she would look for any court certified Mixteco translators and notify Sunview if any were located.  *Id.* at ¶ 10, Exh. I, p. 71:6-9; 93:13-18.

### C. After the Deposition, Counsel Refuses to Produce Mr. Ramirez for Deposition and Ignores Sunview's Requests to Discuss His Availability.

After the deposition, it came to light that none of the individuals Ms. Juarez mentioned are, in fact, court certified interpreters.  In fact, Teresa Ramos, the interpreter Sunview paid to appear and translate at Mr. Ramirez's March 30th deposition is the only registered Mixteco interpreter listed on the California court website.  *Id.* at. ¶ 8, 11, 12, Exh. H.  At another deposition held on May 3rd, 2011, Sunview's counsel inquired as to whether Plaintiffs' counsel had been successful in identifying an impartial, court-certified interpreters with whom they would be satisfied.  *Id.* at ¶ 13.  In support of their Motion for Class Certification, Plaintiffs submitted a declaration purportedly signed by Mr. Ramirez on May 15th while he was in Cardenas, Mexico. Docket No. 54-1, p. 14.

Thereafter, on May 19th, Sunview inquired as to whether and when counsel would produce Mr. Ramirez to complete his deposition or, alternatively, whether they would agree to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5   Case No. 1:09-CV-00705-AWI-JLT
DEFENDANT'S MOTION TO STRIKE JOSEPHINO RAMIREZ AS CLASS REPRESENTATIVE OR, ALTERNATIVELY, MOTION TO COMPEL APPEARANCE AT DEPOSITION
DB2/ 22495453.1

1   withdraw his declaration and dismiss him as a class representative.  Molland Decl., at ¶ 14, Exh.

2   J.  On June 15th, Sunview again inquired as to whether counsel had identified any certified

3   Mixteco interpreters.  *Id.* at ¶ 15, Exh. K.  Sunview advised that unless counsel agreed to make

4   Mr. Ramirez available for deposition before a court-certified interpreter, Sunview would have no

5   choice but to seek an order either striking Mr. Ramirez as a class representative and declarant or

6   compelling his appearance at deposition.  *Id.* at ¶ 15, Exh. K.  As of this writing, Plaintiffs'

7   counsel has not responded to these meet and confer efforts and it is believed that they have no

8   intention of making him available to complete his deposition.  *Id.* at ¶ 14,15.

9   **III.    LEGAL STANDARD**

10          **A.    Legal Standard Applicable to Motion to Strike Class Representative**

11          In order to satisfy the requirements of Rule 23, Plaintiffs bear the burden of demonstrating

12  that the named representatives will "fairly and adequately protect the interests of the class."  Fed.

13  R. Civil Proc. 23(a)(4).  Whether the class representative will adequately represent the class

14  focuses on two questions: 1) whether the class representative and its counsel have any conflicts of

15  interest with the class members, and 2) whether the class representative and its counsel will

16  **vigorously prosecute** the action on behalf of the class.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

17  1020 (9th Cir. 1998).   Courts may consider a number of factors in determining whether a

18  representative satisfies the adequacy requirement.  One factor courts look to in considering

19  whether the representative will vigorously prosecute the action is the plaintiff's involvement in

20  discovery and depositions.  *See Westways World Travel, Inc. v. AMR Corp.*, 2003 U.S. Dist.

21  LEXIS 21535 at \*\*25 (C.D. Cal. 2003) (citing *Sandwich Chef of Tex., Inc. v. Reliance Nat'l

22  Indem. Ins. Co.*, 202 F.R.D. 484, 493-94 (S.D. Tex. 2001).

23          **B.    Legal Standard Applicable to Motion to Compel Deposition.**

24          The court is empowered to issue an order compelling discovery.  Fed. R. Civil Proc.

25  37(a)(1).  If a deponent refuses to answer questions, the deposing party may bring a motion to

26  compel responses.  Fed. R. Civil Proc. 37(a)(3) & (4).  Prior to making the motion, the party

27  moving for an order compelling appearance at deposition must attempt to meet and confer with

28  the party that is refusing to allow discovery.  Fed. R. Civil Proc. 37(a)(1).

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

6                           Case No. 1:09-CV-00705-AWI-JLT
DEFENDANT'S MOTION TO STRIKE JOSEPHINO RAMIREZ AS CLASS REPRESENTATIVE OR, ALTERNATIVELY, MOTION TO COMPEL APPEARANCE AT DEPOSITION
DB2/ 22495453.1

## IV. ANALYSIS

### A. Mr. Ramirez Has Demonstrated That He Will Not "Vigorously Prosecute" This Case.

The facts described above leave no doubt that Mr. Ramirez is either unwilling or unable to vigorously prosecute the claims of the class members he purports to represent here. It took nearly **six months** and **four notices** to schedule his deposition. In advance of the deposition, his attorneys advised that he would require a Mixteco alto interpreter and Sunview went through the time and expense of securing the only known Mixteco alto interpreter in the state. Molland Decl., at ¶ 8, Exh. H. Sunview also supplied a Spanish interpreter. *Id.* at ¶ 9. At his deposition, Mr. Ramirez testified about his substantial background in communicating in Spanish both at home and at work. *Id.* at ¶ 10, Exh. I p. 26:5-14; 28:8-21. For two hours, he responded to questions through the Spanish interpreter and he communicated in Spanish with his attorney. *Id.* at ¶ 14:1-2. Yet, after a break in the deposition, Mr. Ramirez's attorney instructed him not to answer further questions and terminated the deposition. *Id.* at ¶ 10, Exh. I p. 64:7-65:24; 67:4-11.

Incredibly, Mr. Ramirez's counsel also refused to allow the deposition to proceed with the assistance of the Mixteco interpreter who testified that she:

- o Is a registered interpreter in Mixteco alto—the dialect Mr. Ramirez claims he speaks;
- o Has translated for a number of people from the same village from which Mr. Ramirez is from;
- o Understood what he was saying to her; and
- o Believed that Mr. Ramirez understood her.

*Id.* at ¶ 10, Exh. I p. 75:23-:76:20, 77:8-18; 79:3-19. 80:6-17. Mr. Ramirez's counsel has subsequently ignored Sunview's requests to reconvene the deposition. *Id.* at ¶ 14-15.

The only logical conclusion that can be drawn from these months of bad faith conduct is that this manufactured communication issue is merely a strategic ploy to deprive Sunview of the opportunity to test Mr. Ramirez's claims. His unwillingness to submit to a deposition makes clear that Mr. Ramirez will not vigorously prosecute this action on behalf of the class and renders him inadequate to serve as a class representative.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7   Case No. 1:09-CV-00705-AWI-JLT

DEFENDANT'S MOTION TO STRIKE JOSEPHINO RAMIREZ AS CLASS REPRESENTATIVE OR, ALTERNATIVELY, MOTION TO COMPEL APPEARANCE AT DEPOSITION

DB2/ 22495453.1

In the event that the Court is not inclined to strike Mr. Ramirez and his declaration, Sunview respectfully requests an order compelling his immediate appearance at a deposition. Given his apparent objection to the registered Mixteco alto translator, Sunview further submits that Mr. Ramirez should be required to locate and retain an impartial, court-certified Mixteco interpreter if he still finds Ms. Ramos objectionable. In the event he violates any part of this order, Sunview reserves the right to seek any and all sanctions, including terminating sanctions against Mr. Ramirez.

## V. CONCLUSION

For the foregoing reasons, Sunview respectfully requests an order striking Plaintiff Josephino Ramirez as a class representative and striking his declaration from Plaintiffs' Motion for Class Certification. Alternatively, Sunview seeks an order compelling Mr. Ramirez to appear at a further session of his deposition within 10 days of ruling on this motion.

Dated: June 16, 2011                           MORGAN, LEWIS & BOCKIUS LLP

By _____/s/_____
   Michael Molland
   Eric Meckley
   Shannon Nakabayashi
   Attorney for Defendants
   MARKO ZANINOVICH, INC. and
   SUNVIEW VINEYARDS OF
   CALIFORNIA, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8    Case No. 1:09-CV-00705-AWI-JLT
DEFENDANT'S MOTION TO STRIKE JOSEPHINO RAMIREZ AS CLASS REPRESENTATIVE OR, ALTERNATIVELY, MOTION TO COMPEL APPEARANCE AT DEPOSITION
DB2/ 22495453.1