


# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO ROJAS, JOSEPHINO RAMIREZ, CATALINA ROBLES, JUAN MONTES, BENITO ESPINO, and GUILLERMINA PEREZ, on behalf of themselves and a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKO ZANINOVICH, INC, and SUNVIEW VINEYARDS OF CALIFORNIA, et al.,<br><br>Defendants. | Case No.: 1:09-cv-00705 AWI JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL DEPOSITIONS OF DECLARATION GATHERER(S) AND ADDITIONAL PUTATIVE CLASS MEMBER DECLARANTS<br><br>(Doc. 82) |

Defendant Sunview Vineyards of California, Inc. ("Sunview" or "Defendant") seeks to compel the deposition of the person(s) responsible for interviewing punitive class members and drafting their declarations. (Doc. 82). In addition, Defendant requests that the Court order the depositions of four additional putative class members who have offered declarations.

For the following reasons, Defendant's motion to compel is **GRANTED IN PART AND DENIED IN PART**.

I.  **Factual and Procedural History**

On November 9, 2005, Plaintiffs' counsel initiated an action against table grape growers based in Kern County, including Sunview Vineyards of California. *See Doe v. D.M. Camp & Sons*, 624 F.Supp.2d 1153 (E.D. Cal. 2008). At the time the action was brought, the plaintiffs were

unnamed former and current employees of the defendants. *Id.* at 1156. Defendants to the *Doe* action, including Sunview, filed motions to dismiss the operative complaint, which were granted by the Court on March 31, 2008. Likewise, motions to sever the action were granted, and the Court required the plaintiffs to file amended pleadings against each defendant to effectuate the severance. On May 29, 2008, Santiago Rojas and Josefino Ramirez were named as plaintiffs in the Third Amended Complaint against Sunview. (*Doe*, Doc. 171)[1]. On March 31, 2009, the Court ordered Plaintiffs to re-file their suit in a new case number within twenty days to finalize the severance. (*Doe*, Doc. 238).

On April 20, 2009, Plaintiffs filed their complaint against Defendant Sunview for the following: violation of the Agricultural Workers Protection Act, 29 U.S.C. § 1801, *et seq*; failure to pay wages; failure to pay reporting time wages; failure to provide rest and meal periods; failure to pay wages of terminated or resigned employees; knowing and intentional failure to comply with itemized employee wage statement provisions; penalties under Labor Code § 2699, *et seq*; breach of contract; and violation of unfair competition law. (Doc. 1). Plaintiffs brought the action "on behalf of Plaintiffs and members of the Plaintiff Class comprising all non-exempt agricultural, packing shed, and storage cooler employees employed, or formerly employed, by each of the Defendants within the State of California." *Id.* at 6. On September 22, 2009, an amended complaint added the following named plaintiffs: Catalina Robles, Juan Montes, Benito Espino, and Guillermina Perez. (Doc. 18).

Plaintiffs filed a motion for class certification on May 17, 2011. (Docs. 36-37). In support of the motion, Plaintiffs submitted fifty-five declarations, including six from the named plaintiffs, with the remaining forty-nine from putative class members. (Docs. 54-56). Following a telephonic conference with the parties, the Court granted the defendants' request to depose five of the absent class members who submitted declarations filed in support of the motion for class certification. (Doc. 60). Defendants subpoenaed declarants Meliton Martinez, Martina Ceballos, Victor Martinez,

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Therefore, the Court may take judicial notice of the docket in *Doe v. D.M. Camp & Sons*, case number 1:05-cv-01417-AWI-SMS.

Jose Rivera, and Cecilia Mojarro. (Doc. 83 at 2). Plaintiffs withdrew the declaration of Ms. Ceballos because she was unwilling to be deposed. (Docs. 64, 82 at 2-3). Plaintiffs withdrew the declarations of Victor Martinez because he was unavailable for a deposition (Doc. 65) and those of Sara Gonzalez and Jaime Gonzalez, because Plaintiffs were unable to confirm they worked for Defendant (Doc. 80). Therefore, Defendants chose to depose Hector Reynaga and Ramon Ruiz in place of Martina Ceballos and Victor Martinez. (Doc.64; Doc. 82 at 4).

The Court ordered Plaintiffs to "compare the declarations of absent class members with the database provided by Defendants and notify Defendants' counsel of . . . any disparities between the declarations and the database," (Doc. 65), which was to be completed by June 20, 2011. (Doc. 80). On June 21, Defendants filed a motion to compel the deposition of the declaration gatherer(s) and additional putative class members. (Doc. 21).

## II. Scope of Discovery

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure. In relevant part, Rule 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "This broad right of discovery is based on the general principal that litigants have a right to 'every man's evidence' . . . and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993), quoting *United States v. Bryan*, 339 U.S. 323, 331 (1950) (internal citation omitted).

## III.   Discussion and Analysis

Plaintiffs notified Defendant that the dates of employment were incorrect in forty-three of the declarations filed in support of their motion for class certification. (Meckley Decl., Exh. 5); (Juarez Decl., Exh. 3).  Because of the differences, Defendant seeks to depose the person(s) responsible for drafting the depositions, as well as additional declarants.

### A.   Limited Deposition of the Person Responsible for Gathering Declarations

Defendant argues Sunview should be permitted to take a limited deposition of the person responsible for gathering the declarations of Meliton Martinez, Ramon Ruiz, Jose Rivera, and Hector Reynaga. (Doc. 82 at 6, 8) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 8th Cir. 1986) ("An attorney, legal assistant, or paralegal may be deposed if (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.").  Defendant is willing to limit the deposition to nonprivileged topics, such as who prepared the documents and where, how long the preparer met with declarants, and whether any fact-checking was done in preparation of the declarations. *Id.* at 8.  Defendant contends the evidence of discrepancies "demonstrates the information sought is both relevant and crucial." *Id.* at 6.  Further, Defendant asserts that "[t]here is no less intrusive means to obtain this information" because attempts to discuss the issue "have been consistently blocked by Plaintiffs' counsel assertion of the attorney-client privilege and attorney work doctrine." *Id.* at 7-8.

Plaintiffs assert that even if the Court were to apply the *Shelton* standards, Defendant does not satisfy the requirements, because "the information is privileged and protected by the work-product doctrine—the deposition(s) of declaration gatherers sought by Defendants goes to the very heart of the attorney work-product doctrine. . ." (Doc. 85 at 11).  In addition, Plaintiffs argue Defendant failed to show that the information is crucial to the preparation of the case. *Id.*

This Court has applied the *Shelton* standards to situations where a party seeks to depose counsel. *See Johnson v. Couturier*, 262 F.R.D. 188, 193 (E.D. Cal. 2009); *Mori v. Baroni*, 2008 U.S. Dist. LEXIS 120320, at *13 (E.D. Cal. June 23, 2008); *Wall v. Leavitt*, 2007 U.S. Dist. LEXIS 89953, at *5 (E.D. Cal. Nov. 29, 2007). *Shelton* instructs that to depose the declaration gatherer(s),

1  Defendant must show no other means exists to gather the relevant, nonprivileged information, and
2  that the information is crucial to Defendant's preparation of the case. *See Shelton*, 805 F.2d at 1327.
3         In this case, Defendant does not show that the information is relevant to the preparation of its
4  case, let alone crucial to it. At the hearing, Defendants clarified that the deposition of the declaration
5  gatherer would be only for the purpose of demonstrating to the Court that the process for obtaining
6  the declarations was so flawed as to undermine completely the confidence in the declarations. The
7  Court is not convinced.
8         For example, Defendant has not shown that knowing, for example, where the declarations
9  were gathered or how long the preparer spent with each declarant or in preparing declarations, is
10 relevant to the case at hand and would not have "any tendency to make the existence of any fact that
11 is of consequence to the determination of the action more probable or less probable than it would be
12 without the [information]." *See* Fed. R. Civ. P. 26. Similarly, Defendant has not established that it
13 is relevant to its case to have sworn testimony from the lawyer regarding whether he/she requested
14 and examined the work records maintained by declarants to compare them to the statements in the
15 declaration. Notably, Defendant has its own records against which it can compare the declarations.
16        Defendant has already received information from the absent declarants deposed thus far,
17 which details how they came to be involved in this case, how they met with the attorney, how long
18 they met with the attorney and what occurred contemporaneous to the signing of the declarations.
19 (Doc. 83, Ex 6 at 6-24, 29-33; Doc. 83, Ex 7 at 8-11; Doc. 83, Ex 8 at 6-21, Doc. 83, Ex 9 at 34-47;
20 Doc. 83, Ex 10 at 14-30) These depositions reveal to some degree, that there was a failure on the
21 declaration-preparer's part, in that there appears to have been a failure to compare the information
22 provided by the declarant against the information contained in Defendant's database, i.e., the dates
23 the employee worked for Defendant and the name used at the time. However, though there are errors
24 in the declarations, many were explained by the declarants as a failure of memory. As to those errors
25 that were not ascribed to faulty memory, there is no evidence that the attorney pressured the
26
27
28

declarants to ascribe to any particular set of facts, though it is very clear that the attorney was seeking information on limited, uniform issues.[2]

In the face of this already gathered information, Defendant fails to demonstrate that the non-privileged information that could be gained from deposing the lawyer would add to, rather than duplicate–the quantum of information already known on this topic. And, more importantly, in light of the fact that it already has this sworn testimony, Defendant has not shown that deposing the lawyer is crucial to its case.[3] Consequently, Defendant's request to depose the deposition preparer(s) is **DENIED**.

B.  Additional Depositions of Declarants

Generally, courts do not permit discovery from absent class members. *McPhail v. First Command Fin. Planning*, 251 F.R.D. 514, 517 (S.D. Cal. 2008); *see also Fischer v. Wolfinbarger*, 55 F.R.D. 129, 132 (W.D. Ky. 1971) ("It is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason for [Rule 23] would fail."). On the other hand, discovery from absent class members is "neither prohibited nor sanctioned explicitly" by the Federal Rules. *Kruger v. New York Telephone Co.*, 163 F.R.D. 446, 450 (S.D.N.Y. 1995). Consequently, the policies related to absent class members is flexible, particularly where proposed deponents have been identified as potential witnesses or have "injected" themselves into the litigation. *See, e.g., Antoninetti v. Chipotle, Inc.*, 2011 U.S. Dist. LEXIS 54854, at* 4 (S.D. Cal. May 23, 2011); *Mas v. Cumulus Media Inc.*, 2010 U.S. Dist. LEXIS 130269, at *8 (N.D. Cal. Nov. 22, 2010).

Defendant argues the company should be permitted to take an additional four depositions because the declarants have made themselves part of the litigation: "The Court has ruled that Defendants have a right to cross examine declarants who have injected themselves into this litigation by submitting evidence in the form of declarations." (Doc. 82 at 8-9) (citing *Disability Rights*

---

[2] In so describing, the Court does not find that there was no impropriety–or that there was impropriety--in gathering the declarations.

[3] The Court agrees that Defendant takes its comments, related to hearing from the lawyer who prepared the declarations, out of context. (Doc. 82 at 3-4) Plaintiffs properly describes the context of the Court's comments that they related to wanting to hear from the lawyers *on the telephone conference call.* (Doc. 85 at 9-10)

6

*Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 2006 U.S. Dist. LEXIS 63424 (D.D.C. Sept. 7, 2006)). Defendant asserts that the five depositions that were permitted disclosed inaccuracies in at least seven declarations, which were "discovered to be materially untrue or misleading in whole or in part." *Id.* at 9. Further, Defendant notes, "At least six of the seven declarants Sunview has either questioned or asked to question thus far have either withdrawn their declaration, refuse to testify or testified in a way that materially contradicts, at least in part, their declaration." *Id.* at 10. Therefore, Defendant asserts the declarations provided by Plaintiffs are questionable, and seeks to depose an additional four class members of its choosing. On the other hand, although Plaintiffs argued in their papers that no additional depositions of declarants should be permitted, at the hearing they offered no objection to this request.

The Court has found already that depositions of a sampling of the absent class members who have "injected" themselves into the action would be taken. The proposed additional discovery is relevant to the claims and defenses in the instant case, and is calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Further, it does not appear that Defendant seeks additional depositions "to take undue advantage of class members or to harass class members." *See Antoninetti*, 2011 LEXIS 54854, at *5.

On the other hand, the Court takes seriously the claim that Defendants hand-picked the previous deponents for the purpose of making it appear that the prospective class has been falsified. As a result, at the hearing, the Court picked four absent class members at random to alleviate any concerns in this regard. Accordingly, Defendant's request to take four additional depositions of declarants is **GRANTED**.

**IV.  Conclusion and Order**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's motion to compel the deposition of declaration gatherer(s) is **DENIED**;
2. Defendants' motion to take four additional depositions of declarants is **GRANTED**. Plaintiffs' counsel **SHALL** produce Anajulia Sarabie, Angelica Esparza, Justina Bautista and Maria Nunez for deposition **to be completed no later than July 15, 2011.** In the event that Plaintiffs cannot produce one of these deponents, a

7

replacement deponent is permitted **to be completed by July 15, 2011**.  Replacement deponents SHALL are (listed in the order in which they shall be deposed): Martha Bautista, Margarita Gonzalez, Patricia Fernandez, Rebecca Montalvo, Ramona Macias Garcia and Rosa Lazos;

3  The Court **ORDERS** Plaintiffs to use **all good faith efforts** to produce the four additional deponents.  The Court expects that Plaintiff will withdraw the declaration of any declarant who willfully refuses to appear for deposition. As to those not withdrawn, the Court will consider striking these declarations unless good cause not to strike them is shown.

IT IS SO ORDERED.

Dated:   **July 5, 2011**                                        /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE