MALLISON & MARTINEZ
Stan S. Mallison (State Bar No. 184191)
Email: stanm@mallisonlaw.com
Marco A. Palau (State Bar No. 242340)
Email: mpalau@mallisonlaw.com
1939 Harrison Street, Suite 730
Oakland, California 94612
Telephone: (510) 832-9999
Facsimile:  (510) 832-1101

KINGSLEY & KINGSLEY, APC
Eric B. Kingsley (State Bar No. 185123)
E-mail: eric@kingsleykingsley.com
Steve L. Hernández (State Bar No. 229065)
E-mail: shernandez@kingsleykingsley.com
16133 Ventura Blvd., Suite1200
Encino, CA 91436
Telephone: (818) 990-8300
Facsimile:  (818) 990-2903

Attorneys for Plaintiffs

MORGAN, LEWIS & BOCKIUS LLP
JAMES N. PENROD, State Bar No. 43030
MICHAEL MOLLAND, State Bar No. 111830
ERIC MECKLEY, State Bar No. 168181
SHANNON B. NAKABAYASHI, State Bar No. 215469
One Market, Spear Street Tower
San Francisco, California  94105
Telephone:   415.442.1000
Facsimile:    415.442.1001
jpenrod@morganlewis.com
mmolland@morganlewis.com
emeckley@morganlewis.com
snakabayashi@morganlewis.com

Attorneys for Defendant
SUNVIEW VINEYARDS OF CALIFORNIA, INC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SANTIAGO ROJAS, JOSEFINO RAMIREZ, CATALINA ROBLES, JUAN MONTES, BENITO ESPINO, GUILLERMINA PEREZ, on behalf of themselves, and all current and former employees, and on behalf of a class of similarly situated employees,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARKO ZANINOVICH, INC., SUNVIEW VINEYARDS OF CALIFORNIA, INC., and DOES 1-20, ,<br><br>    Defendants. | Case No. 1:09-CV-00705-AWI-JLT<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING CONTINUATION OF PRETRIAL AND TRIAL DEADLINES** |

      Pursuant to the Court's April 6, 2011 Order granting the parties' Request to Amend the Scheduling Order (Docket No. 33), Plaintiffs and Defendant (hereinafter together as the "Parties") submit this Stipulation to Continue Pre-Trial and Trial and set forth the specific facts demonstrating "exceptional good cause" for their requested continuance.

1. Pursuant to the Court's prior scheduling orders (Docket Nos. 27, 33 and 35), the Court has set the following pre-trial and trial deadlines:

    a. Disclosure of merits-related experts (including expert report): 9/2/2011
    b. Disclosure of rebuttal merits experts (including expert report): 10/3/2011
    c. Dispositive Motions filing deadline: 9/23/2011
    d. Dispositive Motions hearing deadline: 11/7/2011
    e. Pretrial conference: 1/4/2012
    f. Jury Trial: 3/6/2012

2. The Court had originally set the deadline to file Motions for Class Certification for April 15, 2011. Docket No. 27. This deadline was continued to May 16, 2011 pursuant to a stipulation and request by the Parties. Docket No. 33. Plaintiffs filed their Motion for Class Certification on May 16, 2011 and set the hearing for July 11, 2011. Docket No. 36. *et seq.* The hearing on Plaintiff's Motion for Class Certification was continued several times.

3. On June 29, 2011, the Court continued the hearing on Plaintiffs' Motion for Class Certification until August 31, 2011. Docket No. 87. This continuance resulted from the fact that there were numerous law and motion hearings before the Court relating to the depositions of the putative class member declarants identified in Plaintiffs' Motion, all of which eventually resulted in the Court allowing Defendant to depose nine (9) putative class members during the months of June and July 2011. The Court thereafter on its own motion continued the hearing on the class certification Motion until September 1, 2011. Docket No. 99.

4. On August 18, 2011, Defendant Sunview filed its Opposition to Plaintiffs' Motion for Class Certification. Docket Nos. 101, *et seq.*

5. On August 23, 2011, the Parties attended a telephonic hearing with the Court during which Plaintiffs requested leave to depose several declarants identified in Defendant's

1. Opposition and also requested additional time to prepare their Reply brief. During this hearing the Court allowed Plaintiffs to depose nine (9) of Defendant's declarants and extended the deadline for Plaintiffs to submit Reply papers to October 7, 2011. The Court also continued the hearing on Plaintiffs' Motion for Class Certification until **October 25, 2011** at 9 a.m. Docket No. 147.

6. The Court's original scheduling order contemplated that class certification motion(s) would be heard *prior to* dispositive motions and merits-related expert discovery. In light of the multiple, reasonable and necessary continuances of the hearing date on the class certification motion, however, the current schedule now requires dispositive motions and other merits-related issues (including disclosure and discovery related to merits experts) to be determined *prior to* the resolution of the motion for class certification. At the time the original scheduling order(s) were issued it was not anticipated that the hearing on Plaintiffs' Motion would be continued to the end of October 2011.

8. It is not in the interests of the judicial economy for dispositive motions to be heard and merits-related expert issues to be determined prior to the resolution of Plaintiffs' motion for class certification. The grant or denial of certification will dramatically change the nature of the case going forward, as well as the issues before the Court. It would be a waste of the Parties' and the Court's time and resources to engage in merits-related expert discovery when it is currently unknown whether damages will be sought on behalf of only the six named Plaintiffs or on behalf of a class of potentially more than 8,000 current and former employees of Sunview. Similarly, unless and until the Court resolves the question of class certification, it would be not be appropriate for the Court to require the Parties to file any dispositive motions.

BASED UPON THE ABOVE, AND FOR GOOD CAUSE APPEARING, THE PARTIES HEREBY STIPULATE AND REQUEST AS FOLLOWS:

 a. Disclosure of merits-related experts (including expert reports compliant with Rule 26) shall be completed no later than December 23, 2011;

 b. Disclosure of rebuttal merits experts (including expert reports compliant with Rule 26)) shall be completed by January 13, 2012;

     c.     The last day on which to file any dispositive motions shall be January 27, 2012;

     d.     Dispositive Motions shall be heard on March 2, 2012;

     e.     The pretrial conference shall be held on April 11, 2012 or another date convenient for the Court;

     f.     Jury Trial shall begin on May 14, 2012 or another date convenient for the Court; and

     g.     All of the deadlines established in the Court's prior orders regarding the class certification briefing schedule shall remain in effect.

DATED:   August 31, 2011          MALLISON & MARTINEZ

                                         */S/ Marco A. Palau*
                                            Stan S. Mallison
                                            Hector R. Martinez
                                            Marco A. Palau
                                            Jessica Juarez
                                            Joseph D. Sutton
                                            Attorneys for Plaintiffs
                                            SANTIAGO ROJAS, et al.

DATED:   August 31, 2011          MORGAN, LEWIS & BOCKIUS LLP


                                         By:  * /S/ Shannon Nakabayashi*
                                            James N. Penrod
                                            Michael Molland
                                            Eric Meckley
                                            Shannon Nakabayashi
                                            Attorneys for Defendants
                                            MARKO ZANINOVICH, INC., and
                                            SUNVIEW VINEYARDS OF
                                            CALIFORNIA, INC.

**ORDER**

Good cause appearing, the scheduling order is ORDERED amended as follows:

1. The parties SHALL jointly disclose merits-related experts, in compliance with the requirements of the scheduling order, no later than **December 2, 2011**;

2. The parties SHALL jointly disclose rebuttal, merits-related experts, in compliance with the requirements of the scheduling order, no later than **December 23, 2011**;

3. All merits-related expert discovery SHALL be completed by **February 10, 2012**;

4. Non-dispositive motions SHALL be filed no later than **February 24, 2012** and heard no later than **March 26, 2012**;

5. Dispositive motions SHALL be filed no later than **January 27, 2012**[1] and heard no later than **March 12, 2012**;

6. The pretrial conference SHALL be held on **May 2, 2012**;

7. Trial SHALL be held on **July 10, 2012;**

8. No other dates are modified;

9. **No other amendments to the case schedule will be permitted except upon a showing of exceptional good cause.**

IT IS SO ORDERED.

Dated:   **September 1, 2011**                    **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] In accepting the parties' proposed date for filing dispositive motions, the Court recognizes that non-dispositive motions may not be completed by this time and presumes the parties recognized this also.