JAMES N. PENROD, State Bar No. 43030
MICHAEL MOLLAND, State Bar No. 111830
ERIC MECKLEY, State Bar No. 168181
SHANNON B. NAKABAYASHI, State Bar No. 215469
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California  94105
Telephone:    415.442.1000
Facsimile:     415.442.1001
jpenrod@morganlewis.com
mmolland@morganlewis.com
emeckley@morganlewis.com
snakabayashi@morganlewis.com

Attorneys for Defendant
SUNVIEW VINEYARDS OF CALIFORNIA, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| SANTIAGO ROJAS, JOSEPHINO RAMIREZ, CATALINA ROBLES, JUAN MONTES, BENITO ESPINO, and GUILLERMINA PEREZ, on behalf of themselves and a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKO ZANINOVICH, INC., SUNVIEW VINEYARDS OF CALIFORNIA, INC., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 1:09-CV-00705-AWI-JLT<br><br>**NOTICE OF SUPPLEMENTAL CASE AUTHORITY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge:          Hon. Jennifer L. Thurston<br>Courtroom: 1300 18th Street, Bakersfield<br>Date:            October 25, 2011<br>Time:           9:30 a.m. |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22695593.1

NOTICE OF SUPPLEMENTAL AUTHORITY
Case No. 1:09-CV-00705

1

Defendant Sunview Vineyards of California, Inc. ("Sunview" or "Defendant") submits the following supplemental case authority that was published after August 17, 2011, the date on which Sunview filed its Opposition to Plaintiff's Motion for Class Certification. *See* Docket No. 101.

(1)  On September 16, 2011, the Ninth Circuit issued its opinion in *Ellis v. Costco Wholesale Corp.,* _____F. 3d._____, 2011 WL 4336668 (9th Cir. Sept. 16, 2011), reversing a trial court decision to grant class certification and remanding the case with orders for the trial court to reevaluate its decision in light of *Wal-Mart Store, Inc. v. Dukes,* ____ U.S. ____, 131 S. Ct. 2541 (2011). The Ninth Circuit ruled that the trial court had abused its discretion by granting class certification because the trial court failed to engage in the "rigorous analysis" of each of the Rule 23(a) factors as required by *Dukes*. *Ellis,* 2011 WL 4336668 *7. The Ninth Circuit also noted that in accordance with to *Dukes*, a Rule 23(b)(2) injunctive relief class would be largely foreclosed whenever plaintiffs sought monetary relief. *Id.* at *13. A true and correct copy of the *Ellis* opinion is attached as **Exhibit A**.

(2)  On September 26, 2011, the Eastern District of California, Hon. Judge Oliver Wanger, issued an Order Denying Class Certification in *In re Taco Bell Wage and Hour Actions*, Case No. 1: 07-cv-001314-OWW-DLB. In *Taco Bell,* the Court relied on *Dukes* and cited to *Ellis* in reaching its conclusion that individual issues predominated as to plaintiffs' claims for failure to pay wages. Order pp. 15-17. The Court held that as to the proposed classes at issue in plaintiffs' motion for class certification the plaintiffs had failed to satisfy the Rule 23(a) requirement of "commonality", failed to provide a "typical" or "adequate" class representative, and failed to "provide evidence that a class action was manageable." Order, p. 24. A true and correct copy of the *Taco Bell* Order is attached as **Exhibit B**.

Dated:  October 3, 2011             MORGAN, LEWIS & BOCKIUS LLP

By:  /s/ *Shannon B. Nakabayashi*
Shannon B. Nakabayashi
Attorneys for Defendant
SUNVIEW VINEYARDS OF
CALIFORNIA, INC.