MALLISON & MARTINEZ
Stan S. Mallison (State Bar No. 184191)
Email: stanm@mallisonlaw.com
Marco A. Palau (State Bar No. 242340)
Email: mpalau@mallisonlaw.com
1939 Harrison Street, Suite 730
Oakland, California 94612
Telephone: (510) 832-9999
Facsimile:  (510) 832-1101

LAW OFFICES OF MARCOS CAMACHO
Marcos Camacho (State Bar No. 123501)
Thomas P. Lynch (State Bar No.  159277)
Mario Martinez  (State Bar No.  200721)
1227 California Avenue
Bakersfield, CA 93304
Telephone (661) 324-8100
Facsimile (661) 324-8103
Email: mcamacho@mclawmail.com

Attorneys for Plaintiffs

MORGAN, LEWIS & BOCKIUS LLP
JAMES N. PENROD, State Bar No. 43030
MICHAEL MOLLAND, State Bar No. 111830
ERIC MECKLEY, State Bar No. 168181
SHANNON B. NAKABAYASHI, State Bar No. 215469
One Market, Spear Street Tower
San Francisco, California  94105
Telephone:   415.442.1000
Facsimile:    415.442.1001
jpenrod@morganlewis.com
mmolland@morganlewis.com
emeckley@morganlewis.com
snakabayashi@morganlewis.com

Attorneys for Defendant
SUNVIEW VINEYARDS OF CALIFORNIA, INC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SANTIAGO ROJAS, JOSEFINO RAMIREZ, CATALINA ROBLES, JUAN MONTES, BENITO ESPINO, GUILLERMINA PEREZ, on behalf of themselves, and all current and former employees, and on behalf of a class of similarly situated employees,<br><br>Plaintiffs,<br><br>vs.<br><br>MARKO ZANINOVICH, INC., SUNVIEW VINEYARDS OF CALIFORNIA, INC., and DOES 1-20,<br><br>Defendants. | Case No. 1:09-CV-00705-AWI-JLT<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY CASE DEADLINES** |

Pursuant to the Court's September 1, 2011 Order granting the parties' Stipulation to Continue Pre-Trial and Trial (Docket No. 149), Plaintiffs and Defendant (hereinafter together as the "Parties") submit this Stipulation to Stay Case Deadlines pending the Court's ruling on Plaintiffs' motion for reconsideration (Docket No. 161) and set forth the specific facts demonstrating "exceptional good cause" for their request.

1. Pursuant to previous orders of the Court (Docket No. 149), the Court has set the following pre-trial and trial deadlines:

   a. Disclosure of merits-related experts:         12/2/2011
   b. Disclosure of rebuttal merits experts:        12/23/2011
   c. Merits-related discovery:                     2/10/2012
   d. Non-dispositive motions filing deadline:      2/24/2012
   e. Non-dispositive motion hearing deadline:      3/26/2012
   f. Dispositive motion filing deadline:           1/27/2012
   g. Dispositive motion hearing deadline:          3/12/2012
   h. Pretrial conference:                          5/2/2012
   i. Jury Trial:                                   7/10/2012

2. The Court's September 1, 2011 order continuing pre-trial and trial deadlines was premised on the intent of the Parties and the Court that dispositive and merits-related expert discovery take place *after* resolution of class certification. *See* Docket No. 149 at 3, ¶6. As the Parties explained, "in light of the multiple, reasonable and necessary continuances of the hearing date on the class certification motion, however, the current schedule now requires dispositive motions and other merits-related issues (including disclosure and discovery related to merits experts) to be determined *prior to* the resolution of the motion for class certification. At the time the original scheduling order(s) were issued it was not anticipated that the hearing on Plaintiffs' Motion would be continued to the end of October 2011." *Id.*

3. Plaintiffs filed their Motion for Class Certification on May 16, 2011 (Docket No. 36 *et seq.*). Defendant filed its Opposition to Plaintiffs' Motion on August 18, 2011. Docket No. 107 *et seq*. Plaintiffs filed their Reply papers on October 7, 2011. Docket No. 165 *et seq.* The

1 hearing on Plaintiffs' Motion for Class Certification was continued several times and then set for
2 October 25, 2012. Docket No. 147.

3     4.    On October 4, 2011, the Court vacated the hearing on Plaintiffs' Motion for Class
4 Certification. Docket No. 163. This resulted from Plaintiffs' motion to reconsider the September
5 19, 2011 Order of the Court (Docket No. 158) striking the opinions of their class certification
6 expert, Aaron Woolfson. *Id.*

7     5.    In light of the pending motion for reconsideration and the Court's order vacating
8 the hearing on class certification, the case is in a similar procedural posture as it was when the
9 parties sought a continuance of pre-trial and trial dates. Under the current schedule, it is likely
10 that at least some of the presently set pre-trial deadlines will pass before the issue of class
11 certification is resolved, beginning with the deadlines to disclose merits-related experts on
12 December 2, 2011 and rebuttal experts on December 23, 2011. It is possible that other pre-trial
13 deadlines may pass by prior to the Court issuing a ruling on Plaintiffs' motion for class
14 certification.

15     6.    As the Parties indicated in their previous stipulation (Docket No. 149), it is not in
16 the interests of judicial economy for dispositive motions to be heard and merits-related expert
17 issues to be determined prior to the resolution of class certification. The grant or denial of
18 certification will dramatically change the nature of the case going forward, as well as the issues
19 before the Court. It would be a waste of the Parties' and the Court's time and resources to engage
20 in merits-related expert discovery when it is currently unknown whether damages will be sought
21 on behalf of only the six named Plaintiffs or on behalf of a class of potentially more than 8,000
22 current and former employees of Sunview. Furthermore, Plaintiffs contend that the outcome of
23 their motion for reconsideration will bear substantially on whether Plaintiffs will keep their class
24 certification database expert or whether they will attempt to retain a new one. Similarly, unless
25 and until the Court resolves the question of class certification, it would be not be appropriate for
26 the Court to require the Parties to file any dispositive motions.

27
28

7. In light of the above, the Parties believe that the reasonable and appropriate approach is to stay all pending pre-trial deadlines until Plaintiffs' motion for reconsideration is resolved.

BASED UPON THE ABOVE, AND FOR GOOD CAUSE APPEARING, THE PARTIES HEREBY STIPULATE AND REQUEST AS FOLLOWS:

a. All pre-trial deadlines are stayed until the District Court Judge issues a ruling on Plaintiffs' motion for reconsideration of the September 19, 2011 Order striking their class certification expert's opinions; and

b. Within ten (10) days of the District Court Judge's ruling on Plaintiffs' motion for reconsideration, the Parties shall submit a status report and proposed hearing date for the class certification motion, along with new pre-trial and trial deadlines.

DATED:   November 28, 2011          MALLISON & MARTINEZ

                                     */s/ Marco A. Palau*
                                         Stan S. Mallison
                                         Hector R. Martinez
                                         Marco A. Palau
                                         Joseph D. Sutton
                                         Attorneys for Plaintiffs
                                         SANTIAGO ROJAS, et al.

DATED:   November 28, 2011          MORGAN, LEWIS & BOCKIUS LLP


                                     By:  */s/ Eric Meckley*
                                         James N. Penrod
                                         Michael Molland
                                         Eric Meckley
                                         Shannon Nakabayashi
                                         Attorneys for Defendant
                                         SUNVIEW VINEYARDS OF
                                         CALIFORNIA, INC.

**ORDER**

Based upon the stipulation of the parties and good cause appearing, the Court **ORDERS**:

1. All pre-trial deadlines are stayed until the Court issues a ruling on Plaintiffs' motion for reconsideration of the September 19, 2011 order striking the opinion of Aaron Woolfson;

2. Within 10 days of the ruling on Plaintiffs' motion for reconsideration, the Parties shall submit a status report and proposed hearing date for the class certification motion, along with new pre-trial and trial deadlines.

IT IS SO ORDERED.

Dated:   **November 29, 2011**              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE