JAMES N. PENROD, State Bar No. 43030
MICHAEL MOLLAND, State Bar No. 111830
ERIC MECKLEY, State Bar No. 168181
SHANNON B. NAKABAYASHI, State Bar No. 215469
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105
Telephone:   415.442.1000
Facsimile:    415.442.1001
jpenrod@morganlewis.com
mmolland@morganlewis.com
emeckley@morganlewis.com
snakabayashi@morganlewis.com

Attorneys for Defendant
SUNVIEW VINEYARDS OF CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| SANTIAGO ROJAS, JOSEPHINO RAMIREZ, CATALINA ROBLES, JUAN MONTES, BENITO ESPINO, and GUILLERMINA PEREZ, on behalf of themselves and a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARKO ZANINOVICH, INC., SUNVIEW VINEYARDS OF CALIFORNIA, INC., a California corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 1:09-CV-00705-AWI-JLT<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Civ. L.R. 230(j)]<br><br>Date:    1:30 p.m.<br>Time:   June 4, 2012<br>Judge:  Hon. Anthony W. Ishii<br>Place:   Courtroom #2, 8th Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION FOR RECONSIDERATION
Case No. 1:09-CV-00705

## NOTICE OF MOTION AND MOTION

Pursuant to Eastern District Local Rule 230(j), Defendant Sunview Vineyards of California, Inc. ("Sunview" or "Defendant") hereby timely moves for reconsideration of the Court's April 12, 2012 Order Adopting In Part the Findings and Recommendations Granting In Part and Denying In Part Plaintiffs' Motion for Class Certification (the "Order"). Said Motion will be heard on Monday, June 4, 2012, at 1:30 p.m. before the Honorable Anthony W. Ishii, Chief United States District Judge, in Courtroom number 2, located at 2500 Tulare Street, 8th Floor, Fresno, CA 93721. Defendant's Motion is based upon the decision by the California Supreme Court in *Brinker Restaurant Corporation v. Superior Court*, ___ Cal. 4th ___, 2012 WL 1216356 (2012). The Supreme Court's decision in *Brinker* has direct bearing on the Court's class certification order, and provides important guidance regarding California and class action law that is critical to the Court's decision this case. This legal precedent did not exist at the time of the Parties' briefing or the Court's ruling on the Motion for Class Certification. Reconsideration is therefore warranted.

To the extent the Court does not grant reconsideration based upon *Brinker*, Defendant alternatively requests that the Court reconsider and amend its Order to comply with FRCP 23(c)(1)(B), which states that any order which certifies a class "must define … the class claims … certified." The Court's Order provides class definitions that describe categories of employees but fails to define or articulate the specific class claims (i.e., the statutory causes of action) that are certified and will be litigated with respect to each class certified.

Defendant's motion is based upon the accompanying memorandum of points and authorities (i.e., the "brief" required under rule 230(j)); and all argument that may be presented by Defendant at the hearing on such motion.

Dated: April 26, 2012                    MORGAN, LEWIS & BOCKIUS LLP

                                         By:  ___/S/ Eric Meckley_____
                                              Eric Meckley
                                              Attorneys for Defendant
                                              SUNVIEW VINEYARDS OF
                                              CALIFORNIA, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 22460546.3

1                                        MOTION FOR RECONSIDERATION
                                         Case No. 1:09-CV-00705

## I. INTRODUCTION

Pursuant to Eastern District Local Rule 230(j), Defendant Sunview Vineyards of California, Inc. ("Sunview" or "Defendant") respectfully requests that the Court reconsider its April 12, 2012, Order Adopting in Part the Findings and Recommendations Granting in Part and Denying in Part Plaintiffs' Motion for Class Certification ("Order").  Court Dkt. # 201.  On April 12, 2012 – the same day as the Court issued its Order -- the California Supreme Court issued its opinion *Brinker Restaurant Corporation v. Superior Court*, ___ Cal. 4th ___, 2012 WL 1216356 (2012).  The Supreme Court's decision in *Brinker* has direct bearing on the Court's class certification order, and provides important guidance and instruction on several critical issues to the Court's decision this case.  This legal precedent did not exist at the time of the Parties' briefing or the Court's ruling on the Motion for Class Certification.  Reconsideration is therefore warranted.

To the extent the Court does not grant reconsideration based upon *Brinker*, Defendant alternatively requests that the Court reconsider and amend its Order to comply with FRCP 23(c)(1)(B), which states that any order which certifies a class "must define … the class claims … certified."  Here, the Court's Order provides class definitions that describe categories of employees but fails to define or articulate the specific class claims (i.e., the statutory causes of action) that are certified and will be litigated with respect to each class certified.  As a result, the Court Order's does not provide the Parties with any guidance as to which of Plaintiffs' eleven various causes of action have been certified as to each class.

## II. PROCEDURAL HISTORY

### A. The Prior Motion

On May 16, 2011, Plaintiffs filed a motion for class certification.

### B. The Magistrate's Findings and Recommendations

On February 12, 2012, Magistrate Jennifer Thurston entered her Findings and Recommendations granting in part and denying in part Plaintiffs' Motion for Class Certification.  Court Dkt. #192.  The Parties filed timely objections to the Magistrate's Findings and

MOTION FOR RECONSIDERATION
Case No. 1:09-CV-00705

DB2/ 22460546.3

Recommendations. Court Dkt. #194, 196.

### C. The District Court's Order

On April 12, 2012, the Court entered its Order Adopting in Part the Findings and Recommendations of the Magistrate Judge. Court Dkt. #201. The Court granted certification of a Subminimum Hourly Wage Plus Piece Rate class defined as all workers who were paid an hourly wage less than minimum wage (but greater than $0/hour) plus piece rate from 11/9/2001 to the present. The Court granted certification of a Tray Washing class defined as all non-supervisory harvest fieldworkers employed by Sunview during the 2001 and 2002 harvests who took trays home overnight and washed those trays without compensation.

## III. ARGUMENT

### A. Reconsideration is Appropriate Under Local Rule 230(j)

Eastern District Local Rule 230(j) states:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including: (1) when and to what Judge or Magistrate Judge the prior motion was made; (2) what ruling, decision, or order was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion.

Reconsideration of this Court's Order is appropriate because the California Supreme Court's decision in *Brinker,* published *after* the Parties briefed the motion for class certification and after the Court issued its Order, has direct bearing on this case. *Brinker's* importance was acknowledged by both the Magistrate and this Court. *See* Court Dkt. #192 at fn. 10 ("[i]mportantly, rest break requirements of Wage Order 14 are under review by the California Supreme Court in case entitled *Brinker Restaurant Corp. v. Superior Court*, 165 Cal.App. 4th 25 (2008). … As a result, the standards of law regarding rest breaks are uncertain at this time"); and Court Dkt. # 201 at 19-20 ("[m]oreover, as observed by the Magistrate Judge, "the standards of law regarding rest breaks are uncertain at this time"). Obviously, neither the Court nor the Parties

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/ 22460546.3

3

MOTION FOR RECONSIDERATION
Case No. 1:09-CV-00705

could consider *Brinker* previously, because the case was not published until after the District Court's Order.

Alternatively, reconsideration of the Court's Order in light of Rule 23(c) is appropriate because the parties did not have an opportunity to review the Court's class definitions until after the Court's Order was issued. Prior to that date, Defendant argued that no classes should be certified at all. Defendant has now had an opportunity to review the Court's Order in light of the federal rules. As the Order does not define which of Plaintiffs' legal claims *(i.e,. the specific statutory causes of action)* that have been certified as class claims with respect to each class, reconsideration is proper.

### B.   The California Supreme Court's Holding in *Brinker*

In *Brinker v. Superior Court*, a group of employees filed a putative class action against their employer alleging various violations of the California Labor Code and Industrial Welfare Commission ("IWC") Wage Order 5-2001, including failure to provide meal and rest breaks, and related off-the-clock claims. The trial court granted the employees' motion for class certification as to their meal and rest period and off-the-clock subclasses. The Court of Appeal reversed. The California Supreme Court granted review "to resolve uncertainties in the handling of wage and hour class certification motions." 2012 WL 1216356 at * 4.

#### 1.   It is Proper for a Trial Court to Review the Merits of a Claim

Prior to addressing the parties' substantive claims, the Court in *Brinker* first addressed general class action principles. The Court held that a while a trial court is not "always … required to determine the elements of plaintiffs' claims," such inquiry was often proper where there were legal and factual issues that are necessary to a determination of class certification. *Id.* at *5. "When evidence or legal issues germane to the certification question bear as well on aspects of the merits, a court may properly evaluate them." *Id.* at *6 (citing *Walmart v. Dukes,* 131 S. Ct. 2541, 2551-52). *"In particular, whether common or individual questions predominate will often depend upon resolution of issues closely tied to the merits." Brinker,* 2012 WL 1216356 at * 6 (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469, fn. 12, 98 S.Ct. 2454) (emphasis added). "We summarize the governing principles. Presented with a class certification

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/ 22460546.3

4

MOTION FOR RECONSIDERATION
Case No. 1:09-CV-00705

motion, a trial court must examine the plaintiff's theory of recovery, assess the nature of the legal and factual disputes likely to be presented, and decide whether individual issues predominate. To the extent the propriety of certification depends upon disputed threshold legal or factual questions, a court may, and *indeed must,* resolve them." *Id.* at *7 (emphasis added).

### 2. The *Brinker* Court Remanded the Meal Period Issues Because Certification Was Based on an Incorrect and Improper Legal Theory[1]

The plaintiff in *Brinker* argued that the Wage Orders imposed specific timing requirements including that a second meal period be given "no later than five hours after the end of a first meal period if a shift is to continue." *Id.* at *20. The Court disagreed, finding that the Labor Code and applicable Wage Order imposed no such timing requirement. As to the trial court's certification order, the Court held:

> Because we have concluded neither Wage Order No. 5 nor section 512 imposes such a timing requirement, the class definition as presently drawn includes individuals with no possible claim….thus rais[ing] the specter that the certification may have been influenced, in part, by the trial court's legal assumption about the theory's merits. Any such assumption would have been incorrect….

*Id.* at *25.

The Court held that because plaintiff had presented an improper legal theory, class certification was not proper. "A grant of denial of class certification that rests in part on an erroneous legal assumption is error; without regard to whether such a certification might, on other grounds, be proper, it cannot stand." *Id.* (citations omitted).

### 3. Lack of a Common Policy Precluded Certification of an Off-the-Clock Claims

The *Brinker* Court reversed the trial court's decision certifying an "off-the-clock" class. The Court distinguished the plaintiff's off-the-clock theory from his rest break theory based on the existence of a common policy:

> The rest period claim *involved a uniform Brinker policy allegedly in conflict with the legal requirements of the Labor Code* and governing wage order. The only formal Brinker off-the-clock policy submitted disavows such work,

---

[1] The *Brinker* court upheld certification of the rest break class because the plaintiff had shown, and Brinker admitted, that its common, uniform official rest break policy allowed rest breaks for every 3.5 hours worked. As this violated the pertinent Wage Order, the Court found plaintiff had presented a legal issue suitable for class treatment. 2012 WL 1216356 at *13.

consistent with state law. Nor has Hohnbaum presented substantial evidence of a systemic company policy to pressure or require employees to work off the clock, a distinction that differentiates this case from those he relies upon in which off-the-clock classes have been certified. (citations omitted).[2]

Moreover, that employees are clocked out created a *presumption that they are doing no work,* a presumption that Hohnbaum and the putative class members have *the burden to rebut*. As all parties agree, liability is contingent on proof Brinker knew of should have known off-the-clock work was occurring. (citations omitted). Nothing before the trial court demonstrated how this could be shown through common proof, in the absence of a uniform policy or practice. Instead, the trial court was presented with anecdotal evidence of a handful of individual instances in which employees worked off the clock, with or without the knowledge of Brinker. *On a record such as this, where no substantial evidence points to a uniform companywide policy, proof of off-the-clock liability would have to had to continue in an employee-by-employee fashion, demonstrating who worked off-the-clock, how long they worked, and whether Brinker knew of should have known of their work.*

2012 WL 1216356 at * 26 (emphasis added).

### C. Application of *Brinker* to Plaintiffs' Motion for Class Certification

#### 1. The "Sub-Minimum Hourly Plus Piece Rate" Subclass Should Not Have Been Certified Under *Brinker*

Similar to the employer in *Brinker*, here Sunview has demonstrated that Plaintiffs failed to present a valid, legally cognizable theory of liability. This Court, however, held that it could not examine the merits of Plaintiffs' claims – or whether Plaintiffs had even articulated a valid legal theory – because such inquiries were not allowed under *Eisen v. Carlisle & Jacquelyn*, 417 U.S. 156 177-78 (1974). Court Dkt #201 at 19:13-18. *Brinker,* however, makes clear that this is not the case. Citing to *Dukes* and other cases, the court in *Brinker* held that it is proper to review the merits of case when such issues are germane to class certification and, in particular, whether

---

[2] In *Walmart v. Dukes,* 131 S. Ct. 2541, 2553 (2011) the Court noted that there is a "conceptually … wide gap" between an individual's claim that he or she was treated unfairly and "the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact and that the individual's claim will be typical of the class." (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364 (1982)). In order to "bridge this gap" the Court held that the employee in Dukes had to show "significant proof that an employer operated under a general policy" of discrimination or illegal conduct. *Id*. The Court found that plaintiffs failed to establish Rule 23(a)'s commonality requirement because the plaintiffs "provide no convincing proof of a companywide discriminatory pay and promotion policy."

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/ 22460546.3

6

MOTION FOR RECONSIDERATION
Case No. 1:09-CV-00705

common questions predominate.[3]

Like the plaintiff in *Brinker,* the Plaintiffs here have presented the Court with a invalid legal theory that has no basis in the Labor Code or Wage Order 14 – namely that an employer is required to pay piece rate workers a separate and additional payment for their rest periods. The Court was required under *Brinker, Dukes* and other cases, to determine if such a class theory was viable. Defendant set out at length in its Opposition to Class Certification, as well as its Objections to the Magistrate's Findings and Recommendations, the statutory and legislative history of Wage Order 14-2001 and California's rest break requirements, all of which demonstrated that Plaintiffs' theory is not valid or cognizable. These authorities, had they been considered by the Court, would have shown that Plaintiffs are attempting to proceed under an "erroneous" legal theory, which undermines any finding of commonality or predominance. As *Brinker* held, such a class cannot be certified.

### 2. Plaintiffs' "Tray Washing" Subclass Was Not Certifiable In the *Absence of a Common Policy*

The off-the-clock claims at issue here are essentially no different than those that the court in *Brinker* found were not suitable for class certification. Sunview's only policy was to *prohibit* off-the-clock work, in full compliance with the Labor Code and Wage Orders. The Magistrate

---

[3] The U.S. Supreme Court unequivocally held in *Dukes* that *Eisen* does not stand for the proposition that a court shouldn't look at the underlying merits of a claim:

> Frequently, the rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action. (citations omitted). Nor is there anything unusual about the consequence: The necessity of touching aspects of the merits in order to resolve preliminary matters. … is a familiar feature of litigation."
>
> ***
>
> "A statement in one of our prior cases, *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156 177-78 (1974), is sometimes mistakenly cited to the contrary…. [I]n that case, the judge had conducted a preliminary inquiry into the merits of the suit, *not* in order to determine the propriety of certification under Rules 23(a) and (b) … but in order to shift the cost of notice ….To the extent the quoted statement goes beyond the permissibility of a merits inquiry for any other pretrial purpose, it is the purest dictum and is contradicted by our other cases."

*Dukes,* 131 S. Ct. at 2552, n. 6.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/ 22460546.3

7                MOTION FOR RECONSIDERATION
Case No. 1:09-CV-00705

conceded that Plaintiffs had presented no evidence that "Sunview permitted workers to wash trays without compensation and did not prohibit them from doing so." Doc. 192 at 30:2-19. In fact, the Court found that the evidence suggested no common policy requiring off-the-clock work. Court Dkt # 201 at 24.

Considering the issue of alleged "off the clock" claims under California law, the Supreme Court in *Brinker* stated very clearly: "**where no substantial evidence points to a uniform companywide policy, proof of off-the-clock liability would have to had to continue in an employee-by-employee fashion, demonstrating who worked off-the-clock, how long they worked, and whether Brinker knew of should have known of their work**." 2012 WL 1216356 at * 26.(emphasis added). As both the Magistrate and the Court acknowledged that Plaintiffs' failed to present "substantial evidence" of a Company-wide policy (and, in fact, have shown just the opposite), Plaintiffs' off-the-clock "Tray Washing" claims should not have been certified.

### D. In the Alternative, Reconsideration Should Be Granted Because Rule 23 Requires That Class Claims Be Specifically Indentified

Rule 23(c)(1)(B) states that the trial court order "must define" not only the class, but also the "class claims [or] issues." In an action in which a plaintiff requests certification of more than one claim, a court must certify each class on "a claim-by-claim basis, treating each claim individually and certifying the class with respect to only those claims for which certification is appropriate." *Bolin v. Sears Roebuck & Co.*, 231 F.3d 970, 976 (5th Cir. 2000). "A class certification order must include (1) a readily discernible, clear, and precise statement of the parameters defining the class to be certified, and (2) a readily discernible, clear and complete list of the claims, issues or defenses to be treated on a class basis." *Wachtel ex. rel. Jesse v. Guardian Life Ins. co. of America*, 453 F.3d 179, 187-88 (3d Cir. 2006).

Plaintiffs presented the Court with class definitions based only on class membership, with no reference to the supposed corresponding legal claims. Plaintiffs' Consolidated Complaint, however, contains *eleven* causes of action: (1) violation of the Agricultural Workers Protection Act, 29 U.S.C. § 1801 *et seq.*; (2) failure to pay wages; (3) failure to pay reporting time wages;

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/ 22460546.3

8

MOTION FOR RECONSIDERATION
Case No. 1:09-CV-00705

(4) failure to reimburse required expenses; (5) failure to provide meal periods; (6) failure to provide rest periods; (7) failure to pay wages of terminated or resigned employees; (8) knowing and intentional failure to comply with itemized employee wage statement provisions and record keeping requirements; (9) remedies pursuant to the California Labor Code Private Attorney General Act Labor Code § 2699 *et seq.*; (10) breach of contract and (11) violation of unfair competition law.  Court Dkt. # 18.

To the extent that the Court does not grant reconsideration of its decision to certify the above-described classes in light of *Brinker*, Defendant respectfully requests in the alternative that the Court reconsider its Order given the failure to comply with Rule 23(c)(1)(B).

Dated: April 26, 2012						MORGAN, LEWIS & BOCKIUS LLP

							By:	  */S/ Eric Meckley*
								Eric Meckley
								Attorneys for Defendant
								SUNVIEW VINEYARDS OF
								CALIFORNIA, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9	MOTION FOR RECONSIDERATION
	Case No. 1:09-CV-00705

DB2/ 22460546.3