MALLISON & MARTINEZ
Stan S. Mallison (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
Joseph D. Sutton (SBN 269951)
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101
stanm@themmlawfirm.com
hectorm@ themmlawfirm.com
mpalau@ themmlawfirm.com
jsutton@ themmlawfirm.com

KINGSLEY & KINGSLEY, APC
Eric B. Kingsley (SBN 185123)
Kelsey Peterson-More (SBN 260264)
16133 Ventura Bl., Suite 1200
Encino, CA 91436
Telephone: (818)990-8300
Facsimile:  (818) 990-2903
eric@kingsleykingsley.com
kelsey@kingsleykingsley.com

Attorneys for plaintiffs
[Additional plaintiffs counsel on next page]

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO ROJAS, JOSEPHINO RAMIREZ, CATALINA ROBLES, JUAN MONTES; BENITO ESPINO, GUILLERMINA PEREZ; on behalf of themselves and a class of others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>MARKO ZANINOVICH, INC. AND SUNVIEW VINEYARDS OF CALIFORNIA, INC.; ET AL.,<br><br>        Defendants. | CASE NO. 1:09-cv-00705<br><br>**[PROPOSED] ORDER FOR APPROVAL OF CLASS NOTICE & NOTICE PLAN** |

Additional Counsel:
BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
IRA L. GOTTLIEB (STATE BAR NO. 103236)
E-MAIL: GOTTLIEB@BUSHGOTTLIEB.COM
DAVID S. ADELSTEIN (STATE BAR NO. 105250)
500 NORTH CENTRAL AVENUE, SUITE 800
GLENDALE, CA 91203
(818) 973-3200; FAX (818)973-3201

LAW OFFICES OF MARCOS CAMACHO
MARCOS CAMACHO (SBN 123501)
THOMAS PATRICK LYNCH (SBN 159277)
MARIO G. MARTINEZ (SBN 200721)
1227 California Avenue
Bakersfield, CA 93304
Telephone (661) 324-8100
Facsimile (661) 324-8103
Email: mcamacho@mclawmail.com

MCNICHOLAS & MCNICHOLAS, LLP
PATRICK MCNICHOLAS SBN-125868
MATTHEW S. MCNICHOLAS SBN-190249
10866 WILSHIRE BL., SUITE 1400
LOS ANGELES, CA 90024-4338
(310) 474-1582; FAX (310)475-7871
EMAIL: MSM@MCNICHOLASLAW.COM

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
David A. Rosenfeld (State Bar No. 058163)
E-mail: drosenfeld@unioncounsel.net
Christian L. Raisner (133839)
E-mail: craisner@unioncounsel.net
William A. Sokol (State Bar No. 072740)
E-mail: bsokol@unioncounsel.net
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Telephone: (510) 337-1001; Facsimile: (510) 337-1023

MILBERG LLP
Jeff S. Westerman (State Bar No. 94559)
E-mail: jwesterman@milberg.com
Sabrina Kim (State Bar No. 186242)
E-mail: skim@milberg.com
Nicole Duckett (State Bar No. 198168)
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200; Facsimile: (213) 617-1975

Pursuant to the court's class certification order (Doc. 201), plaintiffs hereby submit a proposed class notice for approval. Plaintiffs also request that the court approve the notice plan set forth below.

### A.     Proposed Notice

On April 12, 2012 the court certified two classes of Sunview workers pursuant to Federal Rule of Civil Procedure (FRCP) 23(b)(3). Under the federal rules of civil procedure, the notice to a 23(b)(3) class must satisfy the following requirements:

> …The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

FRCP 23(c)(2)(B).

The proposed class notice attached hereto as Exhibit 1 satisfies these requirements. The class notice is written in clear and concise language that adequately explains in easily understood terms each element of FRCP 23(c)(B)(2). The proposed notice also sets forth verbatim the definitions of the classes certified by the court.

Plaintiffs intend that notice be given to class members in both English and Spanish. Upon the court's approval of the English version of the class notice, plaintiffs will cause the approved notice to be translated and included in the notice packet that will be directed to class members.

It is believed that the great majority of class members are more comfortable with Spanish than English. For this reason, lawyers and other representatives from the offices of class counsel who speak Spanish will be available to respond to inquiries regarding the class notice, and the

notice will make it clear that class members may contact class counsel's offices. Plaintiffs believe this is particularly important in this case because the class members are farmworkers who may not be well versed in the legal system of this country and may have difficulty understanding the notice and their legal rights, despite plaintiffs' efforts to make the notice concise and easily understood.

Under the proposed notice, class members will be given 45 days to exercise their right to be excluded. The 45-day period will be triggered by the mailing of the notice, which will occur no later than 15 days after defendant produces updated contact and identity information of class members to plaintiffs' counsel and the administrator approved by the court to send the class notices and collect exclusion letters.

According to the class notice, class members may exclude themselves by timely sending a letter to the court-appointed administrator stating:

> "I do not want to be part of the lawsuit against Sunview Vineyards of California, Inc., Case No. 1:09-cv-705. I understand that by excluding myself from the class I will not be entitled to any money won by the Plaintiffs in this case."

In order for the exclusion to be valid, the envelope must be postmarked no later than the due date and must contain the above language or language substantially similar that makes it unambiguously clear that the class member's intention is to exclude him or herself from the lawsuit. The letter must be mailed to the court-appointed administrator who will collect exclusion letters and report to plaintiffs counsel.

Because the proposed notice meets the requirements of FRCP 23(c)(2)(B), plaintiffs request that the court approve the notice as well as the notice procedure set forth below.

B. **Proposed Notice Plan**

Pursuant to FRCP 23(c)(2)(B), "…the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

Plaintiffs propose two methods of directing notice to class members: (1) mailing to the class members' last known address, and (2) posting at Sunview's California facilities.

### 1. Mailing

Plaintiffs believe that the court should approve of the mailing method for directing notice to all class members individually. Notice of class action sent by first-class mail ordinarily satisfies requirement that class members receive best notice practicable under the circumstances. *Peters v. National R.R. Passenger Corp.*, 966 F.2d 1483 (D.C. Cir. 1992). Plaintiffs have obtained a quote for mailing that includes standard mail and first class postage, a National Change of Address Search (NCOA) to locate class members' most current addresses, tracking of returned mail and collection exclusion letters. Within 15 days of the conclusion of the exclusion period, the court-appointed administrator responsible for mailing notices and collecting exclusions shall report on its mailing efforts and number exclusion letters received. The report will be under penalty of perjury and plaintiffs will file it with the court along with counsel's report on the notice procedure (discussed below). The vendor quote for these services is from V3 Corporation and is attached hereto as Exhibit 2. Plaintiffs request that the court appoint V3 as the Class Notice Administrator.

Plaintiffs believe that the most current contact and identity information (including name, address, phone number, email address) of class members is within defendant's possession or control. Defendant is required under the Labor Code and Wage Order 14 to maintain records of its employees and, as a matter of course, make them available to governmental agencies and employees upon request. *See*, *e.g.*, Labor Code §226, 8 Cal. Code Regs. §11140. In an effort to provide the best practicable individual notice to class members, plaintiffs request that the court order defendant to produce, within 10 days of the signing of this order, the most recent class member contact and identity information in electronic format (e.g., excel spreadsheet) to minimize costs and facilitate the administrator's task of giving notice to class members.

### 2. Posting

Plaintiffs believe that supplementing the mailing method of notice with a posting is appropriate in this case. Although plaintiffs intend to make reasonable efforts to locate individual class members for purposes of mailing individual notices, plaintiffs believe that notice to class

members may be enhanced with minimal cost and effort by posting the class notice at Sunview's facilities. Posting alone has been found to provide adequate notice to the class under certain circumstances. *See Fowler v. Birmingham News Co.*, 608 F.2d 1055 (5th Cir. 1979) (posting of notice on bulletin board in pressroom where members of the class, which was less than 100 people, worked was reasonable notice). Plaintiffs therefore propose that the class notice be posted at workplace locations that are used to post work-related and other information communicated to workers.

### 3. Proposed Schedule

Plaintiffs request that the court approve the following schedule:

| Event | Timing |
|---|---|
| Production of updated contact and identity information of class members | No later than 10 days from the date of this order. |
| Mailing of Class Notice | No later than 15 days after deadline for defendant to produce updated contact information. |
| Posting of Class Notice | On the date of mailing of class notice. |
| Deadline for class members to mail letter of exclusion (closing of exclusion period) | No later than 45 days from the date of mailing/posting of class notice. |
| Report by vendor on mailing and exclusions | No later than 15 days after closing of exclusion period. |
| Report to court | No later than 30 days after closing of exclusion period. |

Respectfully submitted,

DATED: April 26, 2012         **MALLISON & MARTINEZ**

                              By:  /s/ Marco A. Palau
                                   Attorneys for Plaintiffs

DATED: April 26, 2012         **KINGSLEY & KINGSLEY, APC**

                              By:  /s/ Eric Kingsley
                                   Attorneys for Plaintiffs

Having considered the application of plaintiffs and good cause appearing, the court Orders the following:

1. The court finds that the Class Notice submitted by plaintiffs and attached to this order meets the requirements of FRCP 23(c)(2)(B) and is approved for dissemination to class members in the manner and timing set forth in this order.

2. The court finds that the mailing and posting methods proposed by plaintiffs for directing notice to class members meets the requirements of FRCP 23(c)(2)(B), and the court therefore approves of the mailing and posting methods set forth in this order.

3. V3 Corporation is appointed Class Notice Administrator.

4. Sunview shall produce to plaintiffs and V3 Corporation updated contact information of class members in electronic format no later than _____ [10 days from this order].

5. V3 Corporation shall conduct a National Change of Address Search (NCOA) and send the approved Class Notice by mail to class members no later than _____ [15 days from deadline to produce contact information]. V3 Corporation shall and track returned/undeliverable mail and collect exclusion letters.

6. The Class Notice shall be posted at Sunview's facilities in locations used by Sunview for posting information directed to workers. The Class Notice shall be posted at Sunview's facilities no later than _____ [15 days from deadline to produce contact information].

7. Class members will have 45 days to request to be excluded. The 45-day period shall commence on _____ [the date for mailing and posting of the Class Notice].

8. To be valid, exclusions must contain the exact or substantially similar language set forth in the Class Notice, and must be postmarked no later than _____ [45 days after mailing and posting of the Class Notice].

9. No later than _____ [15 days after closing of exclusion period], V3 Corporation shall provide a report under penalty of perjury to plaintiffs' counsel detailing the mailing processes and identifying all exclusion requests received. V3

1  Corporation shall also provide copies of the exclusion requests to plaintiffs' counsel.

2  10. Plaintiffs shall submit a report to the court detailing the results of the exclusion process

3  no later than _____ [30 days after closing of exclusion period].

4  IT IS SO ORDERED.

6  Dated: _____       _____

7                                                              U.S. District Court Judge