**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANTIAGO ROJAS, et al., | Case No.: 1:09-cv-00705 - AWI - JLT |
| Plaintiffs, | ORDER REGARDING THE PROPOSED CLASS NOTICE |
| v. | |
| MARKO ZANINOVICH, INC. and SUNVIEW VINEYARDS OF CALIFORNIA, INC. et al., | (Doc. 218) |
| Defendants. | |

On March 29, 2013, the Court ordered Plaintiffs to file a proposed notice for approval by the Court. (Doc. 213 at 10). Plaintiffs filed this proposed notice on April 18, 2013. (Doc. 214). Defendant Sunview Vineyards of California ("Defendant" or "Sunview") filed several objections to the notice on April 26, 2013. (Doc. 216). Because the parties had not met and conferred regarding Defendant's concerns over the contents of the proposed notice, the Court ordered the parties to do so on April 30, 2013. (Doc. 217). In accordance with the Court's order to meet and confer, Plaintiff filed an amended proposed notice on May 17, 2013. (Doc. 218). Defendant filed objections to the proposed notice on May 24, 2013. (Doc. 219).

**I.    Legal Standard**

The class notice must satisfy the requirements of the Federal Rules of Civil Procedure, which provides the notice "must clearly and concisely state in plain, easily understood language" the following information:

(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). A class notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

## II.     Contents of the Notice

Plaintiffs have submitted the proposed Class Notice and Opt-Out Form (collectively, "Notice Packet"). (Doc. 218). The Class Notice provides information regarding the background of the action and the claims asserted. In addition, the Class Notice explains the options available to those receiving notice, including to choose to stay in the lawsuit and giving up certain rights, or to opt-out of the lawsuit and not be a part of the class. Plaintiffs propose that the Class Notice be mailed and posted at Sunview's facilities. (Doc. 204 at 5-6).

## III.    Defendant's Objections to the Amended Notice

Defendants object on the following grounds:

(1) Given the definition of the Tray Washing Class as "All nonsupervisory harvest fieldworkers employed by Sunview during the 2001 and 2002 harvests who took trays home overnight and washed those trays without compensation", there is simply no way to determine who should be sent class notice, because Defendant does not know and has no way of determining who took trays home overnight and actually washed those trays. If notice is sent to fieldworkers who did not actually wash trays, then Defendant would be denied its due process rights as it would be prevented from communicating with those persons and obtaining evidence to support its defenses as to class certification and as to the substantive merits of this claim;

(2) The information in the proposed Notice is misleading, irrelevant and/or inconsistent with the Court's class certification order;

(3) The Notice Plan does not provide Defendant sufficient time to identify and provide to the claims administrator the contact information for those workers who were paid an hourly wage less than minimum (but greater than $0/hour) plus piece rate from 11/9/2001 to the present (i.e., the members of the Sub-Minimum Hourly Wage Plus Piece Rate Class). As described above, Defendant has no records or other method by which to identify members of the supposed Tray Washing Class;

(4) Plaintiffs have presented no evidence that V3 Corporation is a credible and legitimate class action claims administrator, and other well-respected alternatives exist;

(5) The Notice should not be posted at Sunview; first-class mailing would be sufficient; and

(6) Any Spanish language version of the Notice should be prepared only by a court-certified interpreter mutually agreed upon by the Parties.

(Doc. 219 at 2).

### A. Class Definition

Sunview objects that it "does not know what persons are included within the tray washing class and has no way of determining membership in the tray washing class." (Doc. 219 at 3) (emphasis omitted). Defendant contends, "Sunview has no reasonable and practical method to identify who took trays home and actually washed them." *Id.* Accordingly, Defendant seeks to re-assert its argument that the class is not ascertainable, which has been rejected previously by the Court. (*See* Doc. 194 at 24, 37; Doc. 201 at 24). Therefore, Defendant's objections related to the class definition are **OVERRULED**.

### B. Statute of Limitations

Defendant asserts the proposal to send notice to all field workers who worked during the 2001 harvest is "inappropriate, unjustified and overbroad" because the longest statute of limitations for any of the legal claims that the Court certified with respect to this class extends back to only November 9, 2001." (Doc. 219 at 4) (emphasis omitted). Defendant argues "it would be inappropriate and unjustified to send Notice to all fieldworkers who were employed at any point in time during the 2001 harvest." *Id.* According to Defendant, "[t]he proposed Notice period must be limited, consistent with the applicable statute of limitations, and may not include any fieldworkers who were employed prior to November 9, 2001." *Id.* Notably, however, fieldworkers who were employed prior to November 9, 2001 may have continued their employment through the end of the harvest season, and would be included in the class. If Defendant seeks to challenge the validity of the claims on the grounds that they are precluded by a statute of limitations, the proper method to do so is by filing a dispositive motion before the Court, rather than raise it as an objection to the notice to be provided. Accordingly, Defendant's objections related to who should receive the class notice are **OVERRULED**.

### C. Definitions and Terms in the Proposed Notice

Defendant asserts the proposed notice "contains several unnecessary, misleading and/or confusing statements that misrepresent or mischaracterize the Court's ruling and the scope of the

3

class." (Doc. 219 at 5). Accordingly, Defendant argues the following sections should be modified or removed prior to any distribution to the class." *Id.*

### 1. First Page, Bullet Points

The proposed notice provides: "Several workers have sued Sunview alleging failure to pay wages and failure to provide properrest (sic) breaks." (Doc. 218 at 2). Defendant contends this statement "is superfluous and confusing." (Doc. 219 at 6). According to Defendant, "'Failure to pay wages' has multiple meanings under the Labor Code and Wage Orders, none of which have any relation to the Tray Washing claim certified by the Court." *Id.* Further, Defendant contends the statement does not "accurately characterize their theory regarding the off-the-clock 'Tray Washing Class'" or "accurately describe Plaintiffs' narrow theory of recovery regarding those workers who were paid an hourly wage less than minimum (but greater than $0/hour) plus piece rate, as that theory applies only to rest breaks under Wage Order 14." *Id.* at 5-6.

Notably, the claim that Defendant failed to pay wages by requiring fieldworkers to work off-the-clock is encompassed within the statement. That the statement does not specify the failure relates to off-the-clock work does not render it "superfluous and confusing" as Defendant argues. Further, Plaintiffs allege in the Amended Complaint that Defendant failed to provide proper rest breaks or compensation for the missed breaks. (*See* Doc. 18 at 9, ¶ 27 (alleging Defendant required non-exempt employees to "work through . . . rest periods without paying legal compensation for failure to provide rest . . . periods); Doc. 18 at 14, ¶ 41(c) (alleging Defendant was liable for "failing to pay wages when due for unpaid off-the-clock time [and] for missed rest periods)). Thus, the statement in the proposed notice is not misleading or untrue, and Defendant's objection to the bullet point statement in the proposed notice is **OVERRULED**.

### 2. Section 2, "What is This Class Action Lawsuit About?"

The proposed notice provides: "For Workers who took trays home overnight and washed those trays without compensation during a certain period of time, the lawsuit will determine whether Sunview should havepaid (sic) workers for washing trays at home, travel time, or reporting time associated with this work. Plaintiffs allege that workers are entitled to wages, interest and penalties as

4

1  a result of these rest-break and tray-washing violations, and will seek to recover these monies for all
2  Class Members." (Doc. 218 at 4).
3        Defendant asserts this statement is improper because the Court's order on class certification
4  "permitted Plaintiffs to proceed with the Tray Washing Class only with respect to minimum wage
5  violations, violations of AWPA, waiting time penalties, wage statement penalties, and violations of the
6  UCL." (Doc. 219 at 6). According to Defendant, the Court "did not certify a Tray Washing Class to
7  proceed with travel or reporting time violations." *Id.* However, whether the time traveling to wash the
8  trays is compensable off-the-clock work is a question of law, and this is not the proper manner to raise
9  the argument. Accordingly, this objection is **OVERRULED**.

10        3.   Section 7, "Am I a Class Member?"

11        Again, Defendant objects to the definition of the Tray Class provided in the proposed notice,
12  which states that the Tray Washing Class includes "[a]ll non-supervisory harvest fieldworkers
13  employed by Sunview during the 2001 and 2002 harvests who took trays home overnight and washed
14  those trays without compensation." (Doc. 218 at 5). Significantly, however, the proposed notice
15  contains the precise definition ordered by the Court. (*See* Doc. 201 at 26; Doc. 213 at 9). Therefore,
16  Defendant's objection that Plaintiffs' description of the class is inaccurate is **OVERRULED**.

17        4.   Section 8, "Do I Have to Be Employed Currently by Sunview …"?

18        Defendant contends the entire class definition must be provided in Section 8, which explains
19  that the classes include current and former employees of Sunview. (Doc. 219 at 6). Because the class
20  definitions approved by the Court are clearly set forth in Section 7, Defendant's objection to the
21  information provided in Section 8 is **OVERRULED**.

22     D.   Counsel's Phone Number

23        Defendant objects to counsel's use of the telephone number 1-888-La Luncha. (Doc. 219 at 7).
24  According to Defendant, "La Lucha" translates to "the Fight" in English, which "constitutes improper
25  advocacy and is not a suitable method of contact to appear in a court-ordered communication." *Id.*
26  Defendant contends use of the telephone number "implies that the Court has sanctioned this emotional
27  phrase." Defendant asserts that "counsel's contact information should be listed simply as a telephone
28  number." *Id.*

Identifying the phone number for counsel as "1-888-La Lucha" is unnecessary and needlessly argumentative. Defendant's objection to the telephone number is **SUSTAINED**, and the telephone number shall only be presented in its numerical form of 1-888-252-8242.

### E. Use of V3 Corporation to Mail Class Notice

Defendant contends "Plaintiffs fail to present any evidence that V3 Corporation is a credible and appropriate Claims Administrator." (Doc. 219 at 7). According to Defendant, "[a] review of V3 Corporation's website reveals no evidence that the company has any experience administering claims or is insured in the event that some error occurs, and the website fails even to list claims administration on its list of service provided." *Id.* (citing http://www.v3corporation.com/products-services/list-of-services/). Notably, however, Plaintiffs do not seek to have V3 Corporation appointed as the Claims Administrator, but rather the *Class Notice* Administrator. (Doc. 204 at 5, 8).

Plaintiffs have provided an explanation of services that V3 Corporation anticipates providing, including printing the class notice, receiving the list of recipients, and sending the notices via the United States Postal Service ("USPS"). (Doc. 204-2 at 2). In addition, V3 Corporation intends to track the mail via the USPS, and account for any undeliverable mail. *Id.* Further, V3 Corporation would "supply a summary report showing delivery statistics for the mailing." *Id.* Plaintiffs assert V3 Corporation "shall report on its mailing efforts and number [of] exclusion letters received . . . under penalty of perjury. (Doc. 204 at 5). This information is sufficient for the Court to determine V3 Corporation is adequately prepared to serve the Class Notice to the addresses provided. Accordingly, Defendant's objection is **OVERRRULED**.

### F. Posting of the Class Notice at Sunview

Plaintiffs assert that supplementing the mailing by posting the Class Notice at Sunview is appropriate in this case. (Doc. 204 at 5-6). Plaintiffs observe that although they "intend to make reasonable efforts to locate individual class members for purposes of mailing individual notices, . . . notice to class members may be enhanced with minimal cost and effort by posting the class notice at Sunview's facilities." *Id.* at 6. Further, Plaintiff notes the Fifth Circuit has determined posting alone "provide[s] adequate notice to the class under certain circumstances." *Id.* (citing *Fowler v. Birmingham News Co.*, 608 F.2d 1055 (5th Cir. 1979)).

Defendant contends a posting at Sunview "is unnecessary and overly intrusive absent some evidence that first-class mail will be insufficient." (Doc. 219 at 8) (citing *Barnett v. Countrywide Credit Indus.*, 2002 WL 1023161, at *2 (N.D. Tex. May 21, 2002); *Reab v. Electronic Arts*, Inc., 214 F.R.D. 623 (D. Colo. 2002); *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 2008 U.S. Dist. LEXIS 102318 *18 (E.D. Wis. 2008). Defendant asserts, "There is no reason for Plaintiff[s] to request posting other than to disseminate the Notice to persons not in the subclasses certified by the Court." *Id.*

Significantly, however, a majority of the putative class members are migrant farmworkers. Though Defendant reports that the last known address for the farmworkers will be provided to the Class Notice Administrator, this information may be inaccurate given the migratory lifestyle of employees. Further, the Piece-Rate Class includes *present* employees if they are paid hourly wages less than a minimum wage plus piece rate. Posting the Class Notice at Sunview will increase the likelihood that current employees who are members of the class receive notice.

Pursuant to Rule 23, the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Here, both posting and mailing the notice would provide the best notice. *See, e.g., Romero v. Producers Dairy Foods, Inc.*, 235 F.RD. 474, 493 (E.D. Cal. 2006) (finding "first class mail, combined with posting . . . provides the 'best notice practicable' to the potential class"); *Rameriz v. Ghilotti Bros.*, 2013 U.S. Dist. LEXIS 59497, at *34 (N.D. Cal. Apr. 25, 2013) (although the notice was to be mailed to potential class members, the court also ordered the defendant to post the class notice in English and Spanish "to ensure that all potential class members are aware of their rights to join the collective action"). Defendant's objection to posting is **OVERRULED**.

G. <u>Spanish Language Version of the Notice</u>

Defendants assert that the Spanish language version of the Class Notice should be approved by a "neutral court-certified translator mutually agreed upon by the Parties." (Doc. 319 at 9). This Court requires a declaration that the Class Notice was translated by a certified court interpreter and attesting that the translation was an accurate translation of the Court-approved English version of the Notice. Accordingly, Defendant's request is **GRANTED IN PART**. Plaintiff **SHALL** submit the required declaration no later than five days after final approval of the Class Notice.

H.  Payment of the Claims Administrator

Defendant notes the Class Notice and Plaintiffs' proposed order do not contain information specifying "how the proposed claims administrator will be paid." (Doc. 219 at 9).  Defendants report: "During the parties meet and confer sessions, Plaintiffs' counsel did not challenge Defendant's counsel's proposal that Plaintiffs pay the cost of the claims administrator."  *Id.*  Defendants assert "Plaintiffs should . . . revise their Notice Plan to indicate explicitly that Plaintiffs and class counsel will be solely responsible for all claims administration costs and fees."  *Id.*  However, information regarding the payment of the Claims Administrator is not required to be in the Class Notice.  *See* Fed. R. Civ. P. 23(c)(2)(B).  Defendant's objection to Plaintiffs' failure to provide this information in the Class Notice is **OVERRULED**.

**IV.   Conclusion and Order**

Plaintiff's proposed Class Notice contains the information required by Rule 23(c) of the Federal Rules of Civil Procedure, including the nature of the action, the class definitions approve by the Court, the claims and issues to be resolved, how a class member may enter appear through an attorney or chose to be excluded from the class, the time and method to opt-out of the class, and the binding effect of a class judgment.  However, the Class Notice must be revised to include information in this Order.  Accordingly, **IT IS HEREBY ORDERED**:

1. The proposed Class Notice (Doc. 218) is preliminarily **APPROVED**, and Plaintiffs **SHALL** file a finalized Class Notice with revisions in accordance with this Order for the Court's approval no later than **June 21, 2013**;
2. Within five days of the Court's approval of the finalized Notice, Plaintiffs **SHALL** file a declaration by the certified court interpreter who translated the Notice into Spanish, attesting that the translation is accurate;
3. V3 Corporation is **APPOINTED** administrator of the Class Notice;
4. Defendant **SHALL** provide updated contact information of potential class members in electronic format to Plaintiffs and V3 Corporation no later than **July 25, 2013**;
5. V3 Corporation **SHALL** mail the approved Class Notice no later than **August 9, 2013,** track returned or undeliverable mail, and collect exclusion letters;

6. The Class Notice **SHALL** be posted in English and Spanish by Defendant in locations used by Sunview to post information directed to workers no later than **August 9, 2013**;

7. Class members have forty-five days to request exclusion, commencing **August 9, 2013**;

8. To be valid, exclusions must contain the exact or substantially similar language set forth in the "Election to be Excluded" form provided in the Class Notice and **SHALL** be postmarked no later than **September 23, 2013**;

9. V3 Corporation **SHALL** provide a report under penalty of perjury to Plaintiffs' counsel detailing the mailing processes and identifying all exclusion requests received, as well as copies of any exclusion requests, no later than **October 8, 2013**; and

10. Plaintiffs **SHALL** submit a report detailing the results of the exclusion process to the Court no later than **November 7, 2013**.

IT IS SO ORDERED.

Dated:  **June 17, 2013**                              **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE