UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO ROJAS, et al.,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>MARKO ZANINOVICH, INC. and SUNVIEW VINEYARDS OF CALIFORNIA, INC.,<br><br>　　　　　Defendants | CASE NO. 1:09-CV-0705 AWI JLT<br><br>ORDER RE: RECONSIDERATION OF CLASS NOTICE APPROVAL |

**I. History**

　　Defendants Marko Zaninovich, Inc. and Sunview Vineyards of California Inc. are commercial table grape growers based in Kern County. Plaintiffs are former employees of Defendants. The case has a complex procedural history. The operative complaint alleges Defendants violated various employment laws by, among other things, failing to properly pay wages by forcing employees to work off the clock, forcing employees to purchase tools out of pocket, failing to pay minimum required wages, failing to provide meal and rest periods, failing to provide accurate itemized wage statements, and failing to maintain time records. Defendant Marko Zaninovich was dismissed by stipulation of the parties. Plaintiffs moved for class certification against the remaining Defendant, Sunview. Doc. 37.

　　Plaintiffs originally sought certification of three classes covering workers employed by Sunview anytime between November 9, 2001 to the present: 1) workers paid a piece rate; 2) workers during the harvest season; and 3) workers during the off-season. Through briefing,

motions, and hearings before Magistrate Judge Thurston, the bounds of the proposed classes shifted dramatically. By the time the motion reached Judge Thurston for the purposes of issuing a Findings and Recommendation ("F&R"), there were five classes/subclasses: 1) workers paid a piece rate; 2) workers who purchased their own equipment for work; 3) workers who took trays home to wash in 2001-2002; 4) workers who took trays home to wash in 2003-2005; and 5) workers who did some tasks before their shift began. Judge Thurston further refined the classes, spliting the workers paid a piece rate into those who were paid a piece rate and those who were paid a sub-minimum wage plus a piece rate. She issued an F&R that two classes be certified and all the rest be denied. Doc. 192. Both Plaintiffs and Sunview objected to Judge Thurston's findings. Docs. 194 and 196. This court adopted Judge Thurston's F&R in part, modifying the time frame for one class. Doc. 201. The certified classes are 1) the sub-minimum wage plus piece rate class defined as "All workers who were paid an hourly wage less than minimum wage (but greater than $0/hour) plus piece rate from 11/9/2001 to present" based on the legal theory that this "method[] of pay violated California law because employees were not compensated at a regular rate of pay for the rest breaks" and 2) the tray washing class defined as "All non-supervisory harvest fieldworkers employed by Sunview during the 2001 and 2002 harvests who took trays home overnight and washed those trays without compensation" based on the legal theory that Sunview "suffered or permitted off-the-clock work after the official end time." Doc. 201, 20:18-19, 22:7-8, and 26:6-15. Plaintiffs sought review of the court's refusal to certify the additional classes. Doc. 203. The Ninth Circuit declined to entertain the appeal. Doc 210. Sunview made a motion for reconsideration before this court, seeking to reverse the certification of the sub-minimum wage plus piece rate class and tray washing classes. Doc. 202. Reconsideration was denied. Doc. 213.

    Plaintiffs filed a proposed class notice. Doc. 214. Sunview made objections. Docs. 216 and 219. Plaintiffs submitted amended proposed class notices. Docs. 218, 221, and 223. Judge Thurston gave final approval to Plaintiffs' amended notice after ordering that minor changes be made. Doc. 224. Sunview sought reconsideration of this final approval, arguing that the notice is to be mailed to potential class members whose claims are barred by the statute of limitations. Doc.

226. Plaintiffs oppose the motion. Doc. 229.

## II. Legal Standards

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), citations omitted.

Fed. Rule Civ. Proc. 72(a) allows a party to serve and file objections to a Magistrate Judge's nondispositive order, to be decided by the District Judge.  In the Eastern District of California, this type of objection is treated as a motion for reconsideration by the assigned District Court Judge. See Local Rule 303.  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). See also Fed. Rule Civ. Proc. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, *1 (D. Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion").  Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983).

## III. Discussion

One of the classes certified in this case is comprised of "All non-supervisory harvest

fieldworkers employed by Sunview during the 2001 and 2002 harvests who took trays home overnight and washed those trays without compensation." Doc. 213, March 29, 2013 Order, 9:22-24.  Sunview objects that, "Based on the filing of the original complaint on November 9, 2005, the earliest statutory period for the claims this court ruled Plaintiffs may represent begins on November 9, 2001.....Based on the above applicable statute of limitations periods, the Magistrate Judge's order to send notice to former Sunview Employees who worked at any point during the 2001 harvest, regardless of whether they actually performed any work after November 9, 2001, is clearly erroneous and contrary to law." Doc. 226, Sunview Reconsideration, 4:8-10 and 5:3-6. Sunview wishes to limit the mailing of notice to workers from November 9, 2001 to exclude those that only worked earlier during the 2001 season.  In effect, Sunview seeks to redefine the class.

      The legal issue of statute of limitations with respect to the tray washing class has not been formally ruled upon by the court.  Plaintiffs initially made a motion for class certification that used different, overbroad language to define the proposed class; notably the original proposed classes were limited to those who worked from November 9, 2001 on. See Doc. 37.  Sunview opposed the motion. See Doc. 101.  The language ultimately adopted, which blurred the line regarding employees who worked earlier in 2001, was first propounded in Plaintiffs' reply as a different specification of their original proposed class. Doc. 165, 25:4-6.  Judge Thurston adopted used Plaintiffs' language. Doc. 192, F&R, 46:14-16.  In objecting to the F&R, Sunview did not raise any statute of limitation argument. See Doc. 194.  This court adopted the F&R and used the same language in defining the tray washing class. Doc. 201, April 12, 2012 Order, 26:13-15.  Sunview sought reconsideration, but again failed to raise any issue of statute of limitations. See Doc. 202. Reconsideration was granted in part, but the language in question remained unchanged: "All non-supervisory harvest fieldworkers employed by Sunview during the 2001 and 2002 harvests who took trays home overnight and washed those trays without compensation." Doc. 213, March 29, 2013 Order, 9:22-24.

      Sunview first raised the argument[1] regarding statute of limitations in their objection to the

---

[1] Of note, there was a brief mention of statute of limitations in Sunview's motion for summary judgment, but no argument as to its application. Doc. 46, 13:12-14. Regardless, the motion was withdrawn and never ruled on by the court. Doc. 81.

4

proposed class notice. Doc. 216, 3:8-19. Judge Thurston approved the class notice, stating that "If Defendant seeks to challenge the validity of the claims on the grounds that they are precluded by a statute of limitations, the proper method to do so is by filing a dispositive motion before the Court, rather than raise it as an objection to the notice to be provided." Doc. 220, June 17, 2013 Order, 3:22-24. Seeking reconsideration, Sunview simply reiterates the statute of limitations argument, asserting clear error of law.  In opposition, Plaintiffs assert that "there are a number of tolling devices that could make claims during the entirety of 2001 timely including the 2004 filing of a related Cal. Business & Prof. Code § 17200, Private Attorney General Action (PAGA), equitable tolling, administrative tolling and others - all of which have been, or could have been litigated by Defendant prior to this Court's March 29, 2013 order." Doc. 229, Plaintiffs Opposition, 2:24-28. Plaintiff should be given an opportunity to fully present defenses against a statute of limitations argument.  Objecting to the form of class notice is not the proper venue for resolving the issue.  At base, this is a dispute over the definition of the class.  As Judge Thurston advised, given that the class has already been certified, Sunview's argument is more properly raised in a dispositive motion.

### IV. Order

Sunview's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   August 5, 2013                               _____
                                                      SENIOR  DISTRICT  JUDGE