**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SANTIAGO ROJAS, et al.,<br>Plaintiffs,<br>v.<br>SUNVIEW VINEYARDS OF CALIFORNIA, INC.,<br>Defendant. | ) | Case No.: 1:09-cv-00705 - AWI - JLT<br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND THE ANSWER<br>(Doc. 239) |

Defendant Sunview Vineyards of California, Inc. seeks leave to file an amended answer pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. (Doc. 239.) Plaintiffs Santiago Rojas, Benito Espino, Juan Montes, Guillermina Perez, Josefino Ramirez, and Catalina Robles (collectively, "Plaintiffs") oppose the motion to amend. The Court found the matter suitable for decision without oral argument, and the motion was taken under submission pursuant to Local Rule 230(g) on August 28, 2014. (Doc. 245.) For the reasons set forth below, Sunview's motion for leave to amend is **GRANTED**.

## I. Relevant Procedural History

On November 9, 2005, Plaintiffs' counsel initiated an action against table grape growers based in Kern County, including Giumarra Vineyards Corporation; Marko Zaninovich, Inc.; Sunview Vineyards of California, Inc.; Castlerock; D.M. Camp & Sons; El Rancho Farms; Stevco, Inc; and FAL, Inc. *See Doe v. D.M. Camp & Sons*, 624 F.Supp.2d 1153 (E.D. Cal. 2008). When the action

was initiated, the plaintiffs were unnamed former and current employees of the defendants. *Id.* at 1156. The Court acknowledged the *Doe* matter was related to several other cases initiated against grape growers. *Id.*

Defendants in *Doe* action, including Sunview, filed motions to dismiss the operative complaint, which were granted by the Court on March 31, 2008.[1] The defendants' motions to dismiss the operative complain and to severe the action were granted, and the Court ordered the plaintiffs to file amended pleadings against each defendant. (*Doe*, Doc. 168.) The Third Amended Complaint against Marko Zaninovich, Inc. and Sunview identified Santiago Rojas and Josefino Ramirez as plaintiffs on May 29, 2008. (*Doe*, Doc. 171.) On March 31, 2009, the Court ordered Plaintiffs to re-file their suit in a new action within twenty days to finalize the severance. (*Doe*, Doc. 238.)

On April 20, 2009, Plaintiffs filed their complaint against Marko Zaninovich, Inc. and Sunview, alleging the following: violation of the Agricultural Workers Protection Act, 29 U.S.C. § 1801; failure to pay wages; failure to pay reporting time wages; failure to provide meal and rest periods; failure to pay wages of terminated or resigned employees; knowing and intentional failure to comply with itemized employee wage statement provisions; penalties under Labor Code § 2699, *et seq.*; breach of contract; and violation of unfair competition law. (Doc. 1.) Plaintiffs brought the action "on behalf of Plaintiffs and members of the Plaintiff Class comprising all non-exempt agricultural, packing shed, and storage cooler employees employed, or formerly employed, by each of the Defendants within the State of California." (*Id.* at 4.) On September 22, 2009, an amended complaint identified the following additional plaintiffs: Catalina Robles, Juan Montes, Benito Espino, and Guillermina Perez. (Doc. 18.) Plaintiffs dismissed the matter against Marko Zaninovich, Inc., on June 15, 2011. (Doc. 74.)

Plaintiffs filed a motion for class certification on May 17, 2011. (Docs. 36-44.) The Court granted Plaintiffs' motion for class certification in part, certifying the following classes: (1) the Sub-Minimum Hourly Wage Plus Piece Rate Class defined as "All workers who were paid an hourly wage

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). As a result, the Court may take judicial notice of its own records. Therefore, judicial notice is taken of the Court's docket in *Doe v. D.M. Camp & Sons*, Case No. 1:05-cv-01417-AWI-SMS, and *Valenzuela v. Giumarra Vineyards Corp.*, Case No. 1:05-cv-01600-AWI-SMS.

less than minimum wage (but greater than $0/hour) plus piece rate from 11/9/2001 to present;" and (2) the Tray-Washing Class defined as "All non-supervisory harvest fieldworkers employed by Sunview during the 2001 and 2002 harvests who took trays home overnight and washed those trays without compensation." (Doc. 201 at 26; Doc. 213 at 9.) Class members received notice of this lawsuit via notices mailed on August 9, 2013. (Doc. 232 at 2.)

Sunview filed the motion to amend now pending before the Court on August 4, 2014. (Docs. 239-40.) Plaintiffs filed their opposition to the motion on August 19, 2014 (Doc. 243), to which Sunview filed a reply on August 26, 2014 (Doc. 244).

## **II. Legal Standards for Leave to Amend**

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Plaintiffs did not consent to the filing an amended answer, Sunview seeks the leave of the Court.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

///

**III. Discussion and Analysis**

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

**A. Prior amendments**

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen*, 911 F.2d at 373. Here, the amendment sought is the first requested by Sunview. Therefore, this factor does not weigh against amendment.

**B. Undue delay**

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Also, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Here, Sunview filed its Answer to Plaintiffs' Amended Complaint on September 22, 2009. (Doc. 23.) In opposing the motion for class certification, Sunview argued that the time spent washing trays was *de minimis* and precluded certification of a class that would be entitled to damages. (*See* Doc. 101 at 34.) According to Sunview, its counsel discovered in May 2014, "case from the Southern District of California which raised the question of whether the *de minimis* doctrine should be plead as an affirmative defense and noted that 'the Ninth Circuit has not asserted whether *de minimis* is an affirmative defense … .'" (Doc. 239 at 10, quoting *Waine-Golston v. Time Warner Entm't-*

*Advance/New House P'ship*, 2013 WL 1285535 at *5 (S.D. Cal. Mar. 27, 2013). Sunview notes that in *Waine-Golston*, the court did in fact grant summary judgment based upon the *de minimis* damages doctrine despite that this defense was not alleged as affirmative defense in the answer. *Id.* However, apparently, Sunview's concern is the unpredictability as to whether the Ninth Circuit would hold similarly. In any event, because Sunview only recently learned of issue raised in *Waine-Golston* and took contemporaneous action to seek agreement to the amendment, they have not exhibited undue delay in seeking amendment. Moreover, the amendment would not cause any delay in the litigation. Consequently, this factor does not weigh against amendment.

**C. Bad faith**

Sunview reports that it requested Plaintiffs stipulate to the filing of an amended answer on June 9, 2014. (Doc. 239 at 10.) Plaintiffs argue that Sunview has acted with bad faith because it mentions additional affirmative defenses in addition to the *de minimis* damages defense in the motion to amend "but failed to argue for their inclusion." (Doc. 243 at 6.) However, Plaintiffs do not dispute the fact that Sunview provided drafts of the proposed amendments, and gave Plaintiffs notice of the amendments that would be sought prior to filing the motion.[2] Accordingly, the Court does not find that Sunview acted with bad faith, and this factor does not weigh against amendment.

**D. Futility of Amendment**

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). Futility may be found where added claims are duplicative of existing claims or patently frivolous, or both. *See Bonin*, 59 F.3d at 846.

Plaintiffs argue the affirmative defenses that the damages are *de minimis* and that there is no ascertainable class are futile. (Doc. 243 at 6.) Plaintiffs note that the Court certified two classes, and

---

[2] Moreover, Plaintiffs have failed to address the propriety of two of the four proposed additional defenses. Thus, the Court concludes that Plaintiffs have no substantive objection to these amendments.

On the other hand, the Court absolutely does not condone this type of conduct. If, after sharing the proposed amendment to Plaintiffs' counsel Sunview discovered additional needed amendments, Sunview should have provided to counsel the additional proposed amendments.

contend "[t]he question of whether a class is ascertainable is definitively answered when a Court certifies a class." (*Id.* at 7, citing *Lamumba Corp. v. City of Oakland*, 2007 WL 3245282, *3 (N.D. Cal. Nov. 2, 2007); *Whiteway v. FedEx Kinko's Office & Print Servs., Inc.*, 2006 WL 2642528, *3 (N.D. Cal. Sept.14, 2006)). Notably, in the cases cited by Plaintiffs, the court was evaluating the merits of motions for class certification—not whether the affirmative defenses identified are proper. Moreover, Sunview has not made any secret of the fact that it intends to file a motion to decertify the class which, presumably, would involve different evidence than that presented previously and, on their faces, the new affirmative defenses identified by Sunview are neither patently frivolous nor duplicative. Thus, it does not appear that amendment would be futile, and this factor does not weigh against granting leave to file an amended answer.

**E. Prejudice to the opposing party**

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187. There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052. Significantly, Plaintiffs do not argue that they would suffer any prejudice.[3] (*See* Doc. 243 at 3-8.) Therefore, this factor does not weigh against amendment.

**<u>IV. Conclusion and Order</u>**

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Sunview to file an amended answer. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motion to amend. *See Swanson*, 87 F.3d at 343.

According, **IT IS HEREBY ORDERED**:

1. Sunview's motion to amend (Doc. 239) is **GRANTED**; and

///

///

///

[3] Indeed, given Sunview has previously argued Plaintiffs have shown, at most, *de minimis* damages, there can be no argument Plaintiffs would be unfairly surprised by this defense.

2. Sunview **SHALL** file its Amended Answer within two court days of the date of service of this Order.

IT IS SO ORDERED.

Dated: **August 28, 2014**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE