# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO ROJAS, et al., | Case No.: 1:09-cv-00705-AWI-JLT |
| Plaintiffs, | ORDER GRANTING STIPULATION, AS AMENDED ORALLY, TO PROVIDE AMENDED BENEFIT FORMS TO CERTAIN CLASS MEMBERS |
| v. | |
| MARKO ZANINOVICH, INC. and SUNVIEW VINEYARDS OF CALIFORNIA, INC., | (Doc. 275) |
| Defendants. | |

Due errors made in assumptions related to the calculation of estimated benefits, the Claims Administrator provided Benefit Forms to 137 prospective class members that overstated—sometimes significantly—the benefits these prospective class members will likely receive if the settlement is approved. (Doc. 275 at 3-4) To address this error, the parties have stipulated to provide amended Benefit Forms to these 137 class members and to adjust their "Response Deadline," as that term is defined in their settlement agreement. Id. at 4.

However, because the proposed amended Response Deadline would leave insufficient time for the Court and counsel to review and address any objections lodged to the settlement before the Final Approval and Fairness Hearing, the Court held a telephonic hearing on May 8, 2015. During this

conference, counsel agreed the amended Response Deadline would be reduced from the proposed 30-day deadline to 24 days from the date the amended Benefit Forms are mailed.[2]

Notably, the parties set forth in their settlement agreement that they retained the authority to amend the "Response Deadline." (Doc. 256-4 at 8)  The Court finds that exercise of that retained authority in this instance serves the class members' best interests because it provides the class members full and fair information to allow them to decide whether they should participate in the class and whether they will object to the settlement.

In addition, though the settlement agreement anticipates that prospective class members would have 30 days to provide corrections to the Benefit Forms (Doc. 256-4 at 17), there was no agreement set forth related to a correction period as to amended Benefit Forms; this eventuality was not anticipated.  Even if the agreement is read to require a 30-day correction period for amended Benefit Forms, the Court finds good cause exists and the interests of the class are furthered by reducing this correction period to 24 days for the reasons set forth above.  The Court finds also that the interests of the class would be promoted by maintaining the current Final Approval and Fairness Hearing in light of comments already filed objecting to certain aspects of the proposed settlement.  (Docs. 273, 278)  Indeed, maintaining the current hearing date will allow these class members to appear at the hearing and make oral comment, if they choose.[3]  Therefore, for the reasons stated, the Court **ORDERS**:

1. The stipulation of counsel (Doc. 268) as amended orally in the telephonic conference on May 8, 2015—as set forth above—is **GRANTED**;

2. The Claims Administrator **SHALL** mail the amended Benefit Forms to the 137 impacted class members **no later than May 8, 2015**;

///

///

///

---

[2] The Court was assured that the Claims Administrator will mail the amended Benefit Forms on May 8, 2015, which would mean that any objections to the settlement would be due to be filed **no later than June 4, 2015**.

[3] The Court is aware that the class members are seasonal farm workers and that requiring them to appear at the courthouse to obtain notice of the new hearing date would impose a financial hardship on them.  Moreover, providing notice of a new hearing date—if this was required—would be unwieldy, cost inefficient to the class as a whole, and is unlikely to result in actual notice of a changed hearing date.

3. The Response Deadline for these class members is 24 days or no later than June 4, 2015, whichever is later.

IT IS SO ORDERED.

Dated: __**May 8, 2015**__                    __**/s/ Jennifer L. Thurston**__
                                              UNITED STATES MAGISTRATE JUDGE